# United States District Court
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ALAN BRAID, Plaintiff<br><br>v<br><br>OSCAR STILLEY, FELIPE GOMEZ, et al.<br>Defendants | Case No: 21 cv 5283<br><br>**FILED CM**<br>10/10/2021<br>THOMAS G. BRUTON<br>CLERK, U.S. DISTRICT COURT |

## GOMEZ MOTION FOR JUDICIAL NOTICE OF CORRECT COMPLAINTS IN GOMEZ V BRAID, 21 CI 19920 (Bexar County District Court, TX)

NOW COMES INTERPLEADER DEFENDANT GOMEZ, and pursuant to 44 USC 1507 and FRE 201, respectfully MOVES this Court to take judicial notice of the attached:

A. *File stamped First Amended Complaint*, which the Complaint [1] in this matter failed to attach, [1-1] not being the file stamped copy and not the actual first amended complaint. *Attachment A - First Amended Texas UDJA Interpleader Complaint in 21 CI 19920.*

B. *Proof of 10.9.21 Submission* and *Third Amended Interpleader Complaint* in 21 CI 19920 (*File Stamping Pending*). *Attachment B - Proof of Submission and Third Amended Texas UDJA Interpleader Complaint in 21 CI 19920.*

Respectfully Requested By: ___***Felipe Gomez, Pro Se***___ Date: 10.10.21
Felipe Gomez, Esq.

### NOTICE OF FILING AND CERTIFICATE OF SERVICE

Undersigned Felipe Gomez, Pro Se, hereby certifies that he personally emailed the foregoing Motion, as well as this Certificate to the Court Pro Se Email, *Temporary_E-Filing@ilnd.uscourts.gov,* for filing by way of the U.S. District Court for the Northen Illinois CM/ECF e-filing system, and that a full e-copy is e-mailed to the other parties of record by way of the CM/ECF system, certifying on this date, 10.10.21, prior to such actual occurrence as it is a weeekend.

CERTIFIED BY: *Felipe Gomez, Pro Se*
Dated: 10.10.21

Felipe Gomez, Pro Se
1922 W Belmont Ave
Chicago IL 60657
312.509.2071
fgomez9592@gmail.com

**ATTACHMENT A**

**File Stamped 21 CI 19920 FAC**

FILED
9/23/2021 10:52 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Shaamid Gaitan
Bexar County - 224th District Court

Case: 1:21-cv-05283 Document #: 14 Filed: 10/10/21 Page 3 of 14 PageID #:78

# IN THE DISTRICT COURT OF TEXAS
# BEXAR COUNTY

| | |
|---|---|
| **Felipe N. Gomez**<br>Taxpayer/Pro Choice Plaintiff<br><br>v.<br><br>**Dr. Alan Braid,**<br>Provider<br>**Planned Parenthood, So. Austin**<br>Provider<br>**United States of America**<br>Interested Party<br>**The State of Texas**<br>Interested Party | **Case No: 21CI 19920**<br><br>Uniform Declaratory Judgment Act, TCPRC Sec. 37<br><br>Texas Heartbeat Act (S.B. 8) Sec. 171.208 |

## FIRST AMENDED COMPLAINT

NOW COMES FELIPE GOMEZ a U.S.A. Citizen, and "person", as defined in Texas Heartbeat Act, Sec. 171.208, and per Tex. Civ. Prac. & Rem. Code Ann Sec 37 (Declaratory Judgement Act) as to interpreting S.B. 8, and Sec.171.208 COMPLAINS and PRAYS as follows:

1. On information and belief Texas resident Defendant Dr. Alan Braid, 4499 Medical Drive, 230, San Antonio, TX 78229, admitted he performed an abortion in Texas on or about 9.6.21 where his patient was more than 6 weeks pregnant, and/or where the fetus had a detectable heartbeat, which Sec. 171.208(a)(1) declares is illegal.

2. On information and belief, Defendant Planned Parenthood, South Austin Abortion Center, Austin TX, also has performed abortions past the 6 week deadline or when there was a detectable heartbeat, after 9.1.21, which S.B. 8

also holds is illegal.

3. Plaintiff, a USA citizen and llinois resident, is not coordinating with Right to Life or and Pro or Anti abortion group, is acting independently, and is a "person" as defined in the Texas Hearbeat Act, which provides in relevant part:

> "Sec. 171.208. (CIVIL LIABILITY FOR VIOLATION OR AIDING OR ABETTING VIOLATION). (a) Any person, other than an officer or employee of a state or local governmental entity in this state, may bring a civil action against any person who: (1) performs or induces an abortion in violation of this subchapter; (b) If a claimant prevails in an action brought under this section, the court shall award: (1) injunctive relief sufficient to prevent the defendant from violating this subchapter or engaging in acts that aid or abet violations of this subchapter; (2) statutory damages in an amount of not less than $10,000 for each abortion that the defendant performed or induced in violation of this subchapter, and for each abortion performed or induced in violation of this subchapter that the defendant aided or abetted;

4. Plaintiff asserts that Plaintiff, suing on the admission of defendant, clearly will likely qualify as "prevaling party" (also qualifying for a TRO, which Plaintiff would agree, to in order for Texas Court(s) to have first call on the legality of a state statute), should this matter proceed under S.B. 8.

   However, prior to litigating that claim, Plaintiff has a conflict as to what law applies in this matter, *Roe v Wade*, 410 U.S. 113 (1972), or S.B. 8, in regards to inter alia, whether prosecuting this complaint under S.B. 8 would be in violation of Federal Law as espoused in *Roe*, which confirms that the protections against invasion of privacy cannot be infringed by any State.

5. To wit, and underlying Plaintiff's request for a declaratory judgement prior to proceeding under S.B. 8, a Plaintiff intending to pursue an S.B. 8 action must consider that he or she may in fact be infringing an established personal Constitutional Right, with assistance from Texas, which, if S.B. 8 were ruled

Case: 1:21-cv-05283 Document #: 14 Filed: 10/10/21 Page 5 of 14 PageID #:80

illegal, might lead to a 42 USC 1985 lawsuit.

6. Plaintiff asserts one major reason no practicing attorney has filed (in addition to a lack of witness/plaintiffs), is that an attorney has taken an oath to uphold and obey all valid laws, including the Texas and U.S. Constitution, and thus signing an S.B. 8 complaint, where there is already a TRO on Right to Life and any of its operatives (See 9.3.21 Judge Gamble Order in *Planned Parenthood v Right to Life*, D-1-GN-21-004632 (Travis Co, 53rd Dist), is something an attorney may not be willing to risk, until the conflict is resolved.

7. Relatedly, Plaintiff here is respectful of the spirit of Her Honor Gamble's just reviewed order, which by inference might be arguably extended to this complaint, and any complaint under S.B. 8, until the issues of whether S.B. 8 is legal under Federal Law is resolved.

8. Plaintiff alleges that, by the letter of Federal Law, Defendant did not violate *Roe v Wade*, and that by that same letter, S.B. 8 appears to be Unconstitutional as written and as applied here until *Roe v Wade* is reversed or modified, or until a Texas or other Court clarifies and declares the relative import that a filing attorney or person need give to *Roe* when filing under S.B. 8.

9. On information and belief Interpleader Defendants USA, Planned Parenthood and resident Defendant Braid oppose S.B. 8, and proposed additional party defendant Texas supports it, claiming an overriding interest in protecting "life" (despite it being the Law of the Land a fetus is not viable at 6 weeks and is not "alive", albeit autonomous bodily functions have started) creating competing claims and interests, which could need to be determined before any suit can proceed under S.B. 8.

10. USA is hereby joined as it has an interest, as an agent for The People, to speak

to its interests in enforcing the Constitution as expressed in *Roe v Wade,* or against S.B. 8, as well as Texas, in favor thereof, on behalf of (some) of the majority of The People, implicating the UDJA and TRCP 39(2)(i), where issues, objections or supporting evidence not preserved on the trial record, where there was an opportunity to make that record, may be considered waived on appeal.

11. Defendants Planned Parenthood and Dr. Braid face inconsistent obligations, the latter to his practice and patients and his oath, the former to its patients, and both also are obligated to try to obey conflicting Texas and Federal Law, as to how and when he can perform an abortion, thus implicating TRCP 39(2)(ii).

12. Plaintiff also faces inconsistent obligations and multiple risks, as *Roe v Wade* would seem to bar this lawsuit (and potentially lead to sanctions for signing a complaint where the underlying law appears to violate the Constitution and a lawyer is charged with knowing that before trying to use a law to gain legal precedent or monetary gain), given *Roe* positively declares that abortions are legal under these facts, yet S.B. 8 attempts to assert the opposite, in ignorance of the Supremacy and Commerce Clauses, as well as the Right of a person to be inviolate in their bodies for government intrusion.

WHERFORE, PLAINTIFF seeks the Court Declare whether the TRO in Planned *Parenthood v Texas Right to Life*, D-1-GN-21-004632 (Travis Co, 53rd Dist) should be extended to this, and all other suits under S.B. 8 until the issues there, here, and in *USA v Texas*, 21cv796, and other cases are decided, after briefing by the stakeholders, as to whether the Act is legal, and enforceable, under Federal Law, as written and/or as applied to the instant facts.

Submitted By: s/ *Felipe Gomez,* Pro Se      Date: **09.23.21**

Felipe Gomez
1922 W. Belmont Ave 1F
Chicago IL 60657
312.509.2071
fgomez9592@gmail.com

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 57562783
Status as of 9/27/2021 4:54 PM CST

Associated Case Party: FelipeNGomez

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Felipe NGomez | | fgomez9592@gmail.com | 9/23/2021 10:52:11 PM | SENT |

**ATTACHMENT B**

**Proof of Submission and Unstamped TAC in 21 CI 19920 FAC**

# Proof of Submission

Submission ID: 58041773
Submission Date and Time: 10/09/21 07:16 AM CDST

## Case Information

Case Title: Felipe N Gomez VS Alan Braid
Jurisdiction: Bexar County - 224th District Court
Case Category: Civil - Other Civil
Case Type: Other Civil

Client ID: FG
Cause No: 2021CI19920
Attorney:
Filer: Felipe N Gomez
Payment Account: FG

## Case Parties

| Party Type | Name | Our Client |
|---|---|---|
| Plaintiff | Felipe Gomez | Yes |
| Defendant | Alan Braid | No |
| Defendant | The State of Texas | No |
| Defendant | United States of America | No |
| Defendant | Planned Parenthood | No |
| Defendant | Oscar Stilley | No |
| Defendant | Wolfgang De Mino | No |
| Defendant | Jane Roe II | No |
| Defendant | Whole Women's Heatlh | No |

## Filings

Filing Type: eFile & eServe

| Filing | Documents | | |
|---|---|---|---|
| | Document | Type | Security |
| No Fee Documents | TACTitle.Corrected.pdf | Lead Document | Does not contain sensitive data |

Filing Comments:

## Service Recipients

| Name | Firm Name | Case Party | Email |
|---|---|---|---|
| Felipe Gomez | n/a | Felipe Gomez | fgomez9592@gmail.com |

## Fees Breakdown

**Court Fees**
**No Fee Documents**
Filing Fee $0.00
Total Fee For This Filing $0.00
**Submission Fees**
FileTime Service Fee $0.00
Sales Tax on FileTime Fee $0.00
Total Submission Fees $0.00
Total Fees for this Submission $0.00

## Credit Card Information Breakdown

Your credit card statement will show:
**Pleading**
Jurisdiction (**TXEFILE**) $0.00
eFiling Manager (**Tyler (TX)file Conv Fee**) $0.00
There are no fees to be paid for this submission.

## Notes

The above fees are **estimates only** and are subject to change after clerk review. You **should not use this page for billing purposes.** Your firm eFiling Administrator should run a billing report under **Admin > Reports**.

© 2021 FileTime. All rights reserved.

# IN THE DISTRICT COURT OF TEXAS
# BEXAR COUNTY

| | |
|---|---|
| **Felipe N. Gomez**<br>**Taxpayer/Pro Choice Plaintiff**<br><br>**v.**<br><br>**Dr. Alan Braid,**<br>**Provider/Defendant**<br><br>**Planned Parenthood, So. Austin**<br>**Provider /Defendant**<br><br>**United States of America**<br>**Interested Party/Interpleader Defendant**<br><br>**The State of Texas**<br>**Interested Party/Interpleader Defendant**<br><br>**Jane Roe II**<br>**Patient/Interested Party/Interpleader Defendant**<br><br>**Oscar Stilley**<br>**SB 8 Plaintiff 2/Interpleader Defendant**<br><br>**Wolfgang P. Hirczy De Mino, Ph.d.,**<br>**Aka Texas Heartbeat Project**<br>**SB 8 Plaintiff 2/Interpleader Defendant**<br><br>**Whole Women's Health**<br>**Provider** | **Case No: 21CI 19920**<br><br>Uniform Declaratory Judgment Act, TCPRC Sec. 37<br><br>Texas Heartbeat Act (S.B. 8) Sec. 171.208 |

**THIRD AMENDED COMPLAINT**

NOW COMES FELIPE GOMEZ a U.S.A. Citizen, and "person", as defined in Texas Heartbeat Act, Sec. 171.208, and per Tex. Civ. Prac. & Rem. Code Ann Sec 37

(Declaratory Judgement Act) as to interpreting S.B. 8, and Sec.171.208 COMPLAINS and PRAYS as follows:

1. On information and belief Texas resident **Defendant Dr. Alan Braid M.D.** , 4499 Medical Drive, 230, San Antonio, TX 78229, admitted he performed an abortion in Texas on or about 9.6.21 where his patient, **Interpleader Defendant Jane Roe II**, was more than 6 weeks pregnant, and/or where the fetus had a detectable heartbeat, which Sec. 171.208(a)(1) declares is illegal, as did Defendant Whole Women's Health after Judge Pitman's short-lived TRO..

2. On information and belief, **Defendant Planned Parenthood, South Austin** Abortion Center, Austin TX, also has performed abortions past the 6 week deadline or when there was a detectable heartbeat, after 9.1.21, which S.B. 8 also holds is illegal.

    **Interpleader Defendants Oscar Stilley** and **Wolfgang P. Hirczy De Mino, Ph.d., aka "Texas Heartbeat Project"**, filed lawsuits under SB 8 subsequent to, and competing and/or conflicting with this one, which are sought to be enjoined herein while this Court hears the current UDJA request.

3. Plaintiff, a USA citizen and llinois resident, is not coordinating with Right to Life or and Pro or Anti abortion group, is acting independently, and is a "person" as defined in the Texas Hearbeat Act, which provides in relevant part:

    > "Sec. 171.208. (CIVIL LIABILITY FOR VIOLATION OR AIDING OR ABETTING VIOLATION). (a) Any person, other than an officer or employee of a state or local governmental entity in this state, may bring a civil action against any person who: (1) performs or induces an abortion in violation of this subchapter; (b) If a claimant prevails in an action brought under this section, the court shall award: (1) injunctive relief sufficient to prevent the defendant from violating this subchapter or engaging in acts that aid or abet violations of this subchapter;
    > (2) statutory damages in an amount of not less than $10,000 for each abortion that the defendant performed or induced in violation of this

>   subchapter, and for each abortion performed or induced in violation of this subchapter that the defendant aided or abetted;

4. Plaintiff asserts that Plaintiff, suing on the admission of defendant, clearly will likely qualify as "prevailing party" (also qualifying for a TRO, which Plaintiff would agree, to in order for Texas Court(s) to have first call on the legality of a state statute), should this matter proceed under S.B. 8.

   However, prior to litigating that claim, Plaintiff has a conflict as to what law applies in this matter, *Roe v Wade*, 410 U.S. 113 (1973), or S.B. 8, in regards to inter alia, whether prosecuting this complaint under S.B. 8 would be in violation of Federal Law as espoused in *Roe*, which confirms that the protections against invasion of privacy cannot be infringed by any State.

5. To wit, and underlying Plaintiff's request for a declaratory judgement prior to proceeding under S.B. 8, a Plaintiff intending to pursue an S.B. 8 action must consider that he or she may in fact be infringing an established personal Constitutional Right, with assistance from Texas, which, if S.B. 8 were ruled illegal, might lead to a 42 USC 1985 lawsuit.

6. Plaintiff asserts one major reason no practicing attorney has filed (in addition to a lack of witness/plaintiffs), is that an attorney has taken an oath to uphold and obey all valid laws, including the Texas and U.S. Constitution, and thus signing an S.B. 8 complaint, where there is already a TRO on Right to Life and any of its operatives (See 9.3.21 Judge Gamble Order in *Planned Parenthood v Right to Life*, D-1-GN-21-004632 (Travis Co. 53rd Dist)), is something an attorney may not be willing to risk, until the conflict is resolved.

7. Relatedly, Plaintiff here is respectful of the spirit of Her Honor Gamble's just reviewed order, which by inference might be arguably extended to this

complaint, and any complaint under S.B. 8, until the issues of whether S.B. 8 is legal under Federal Law is resolved.

8. Plaintiff alleges that, by the letter of Federal Law, Defendant did not violate *Roe v Wade*, and that by that same letter, S.B. 8 appears to be Unconstitutional as written and as applied here until *Roe v Wade* is reversed or modified, or until a Texas or other Court clarifies and declares the relative import that a filing attorney or person need give to *Roe* when filing under S.B. 8.

9. On information and belief Interpleader Defendants USA, Planned Parenthood and resident Defendant Braid oppose S.B. 8, and proposed additional party defendant Texas supports it, claiming an overriding interest in protecting "life" (despite it being the Law of the Land a fetus is not viable at 6 weeks and is not "alive", albeit autonomous bodily functions have started) creating competing claims and interests, which could need to be determined before any suit can proceed under S.B. 8.

10. USA is hereby joined as it has an interest, as an agent for The People, to speak to its interests in enforcing the Constitution as expressed in *Roe v Wade,* or against S.B. 8, as well as Texas, in favor thereof, on behalf of (some) of the majority of The People, implicating the UDJA and TRCP 39(2)(i), where issues, objections or supporting evidence not preserved on the trial record, where there was an opportunity to make that record, may be considered waived on appeal.

11. Defendants Planned Parenthood and Dr. Braid face inconsistent obligations, the latter to his practice and patients and his oath, the former to its patients, and both also are obligated to try to obey conflicting Texas and Federal Law, as to how and when he can perform an abortion, thus implicating TRCP 39(2)(ii).

12. In addition to the competing lawsuits, where this action came first, Plaintiff also faces inconsistent obligations and multiple risks, as *Roe v Wade* would seem to

bar this lawsuit (and potentially lead to sanctions for signing a complaint where the underlying law appears to violate the Constitution and a lawyer is charged with knowing that before trying to use a law to gain legal precedent or monetary gain), given *Roe* positively declares that abortions are legal under these facts, yet S.B. 8 attempts to assert the opposite, in ignorance of the Supremacy and Commerce Clauses, as well as the Right of a person to be inviolate in their bodies for government intrusion.

WHEREFORE, PLAINTIFF seeks the Court Declare whether the TRO in *Planned Parenthood v Texas Right to Life*, D-1-GN-21-004632 (Travis Co, 53rd Dist) should be extended to the SB 8 component of this suit, and all other suits, including *Tilley v Braid*, 2021CI19940 (Bexar Co. Tx) and *De Mino v Braid*, 21-2276-C (Smith Co. Tx) and all suits under S.B. 8 or as to the same relief sought here, here, until the issues here are decided, after briefing by the stakeholders whom this second amendment further includes, and that this Court declare its findings as to whether the S.B. 8 Texas Heartbeat Act is legal, and enforceable, under Federal Law, as written and/or as applied to the instant facts, and whether suing a doctor under SB 8 violates 42 USC 1985 and RICO.

Submitted By: s/ *Felipe Gomez,* Pro Se     Date: **10.06.21**

Felipe Gomez
1922 W. Belmont Ave 1F
Chicago IL 60657
312.509.2071
fgomez9592@gmail.com