# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BRAID <br><br> v <br><br> STILLEY <br> GOMEZ <br> DEMINO | Case No.    21cv5283 <br><br> Honorable Judge Jorge Alonso <br><br> 28 USC 1335 "Interpleader" |

### DEFENDANT GOMEZ NOTICE OF FILING
### of File Stamped Exhibit to
### Motion For Judicial Notice [14]
### in Support of
### FRCP 12(b)(1) Motion to Dismiss [15]

Now Comes GOMEZ, and attaches a file stamped copy of the extant Third Amended Complaint in the matter *Gomez v Braid et al., 21 CI 19920 (Bexar Cty, TX),* supplementing the un-stamped copy attached to the Motion for Judicial Notice [14], and of which FRE 201 Judicial Notice was and is requested.

Submitted By: *s/ Felipe Gomez, Esq.*  Dated: **10.15.21**

### CERTIFICATE OF FILING AND SERVICE

I hereby certify that on 10.14.21, an electronic copy of the foregoing Notice of Filing, and Attached Third Amended Complaint in *Gomez v Braid, 21 CI 19920* was filed with the Clerk of Court for the United States District Court N.D. Illinois, by the CM/ECF system, and all appearing parties were served with notice hereof thereby.

Respectfully submitted on 10.15.21

*s/ Felipe Nery Gomez*
Felipe Gomez, Pro Se

FELIPE GOMEZ, PRO SE
1922 W. BELMONT
CHICAGO IL 60657
312.509.2071
T312.509.2071@GMAIL.COM



FILED
10/15/2021
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
SH

1

**ATTACHMENT**

**Current Complaint in 21CI19920**

FILED
10/11/2021 12:00 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Brenda Carrillo
Bexar County - 224th District Court

Case: 1:21-cv-05283 Document #: 18 Filed: 10/15/21 Page 3 of 8 PageID #:145

IN THE DISTRICT COURT OF TEXAS
BEXAR COUNTY

| | |
|---|---|
| **Felipe N. Gomez**<br>Taxpayer/Pro Choice Plaintiff<br><br>v.<br><br>**Dr. Alan Braid,**<br>Provider/Defendant<br><br>**Planned Parenthood, So. Austin**<br>Provider /Defendant<br><br>**United States of America**<br>Interested Party/Interpleader Defendant<br><br>**The State of Texas**<br>Interested Party/Interpleader Defendant<br><br>**Jane Roe II**<br>Patient/Interested Party/Interpleader Defendant<br><br>**Oscar Stilley**<br>SB 8 Plaintiff 2/Interpleader Defendant<br><br>**Wolfgang P. Hirczy De Mino, Ph.d.,**<br>Aka Texas Heartbeat Project<br>SB 8 Plaintiff 2/Interpleader Defendant<br><br>**Whole Women's Health**<br>Provider | **Case No: 21CI 19920**<br><br>Uniform Declaratory Judgment Act, TCPRC Sec. 37<br><br>Texas Heartbeat Act (S.B. 8) Sec. 171.208 |

**THIRD AMENDED COMPLAINT**

NOW COMES FELIPE GOMEZ a U.S.A. Citizen, and "person", as defined in Texas Heartbeat Act, Sec. 171.208, and per Tex. Civ. Prac. & Rem. Code Ann Sec 37

(Declaratory Judgement Act) as to interpreting S.B. 8, and Sec.171.208 COMPLAINS and PRAYS as follows:

1. On information and belief Texas resident **Defendant Dr. Alan Braid M.D.**, 4499 Medical Drive, 230, San Antonio, TX 78229, admitted he performed an abortion in Texas on or about 9.6.21 where his patient, **Interpleader Defendant Jane Roe II**, was more than 6 weeks pregnant, and/or where the fetus had a detectable heartbeat, which Sec. 171.208(a)(1) declares is illegal, as did Defendant Whole Women's Health after Judge Pitman's short-lived TRO..

2. On information and belief, **Defendant Planned Parenthood, South Austin** Abortion Center, Austin TX, also has performed abortions past the 6 week deadline or when there was a detectable heartbeat, after 9.1.21, which S.B. 8 also holds is illegal.

    **Interpleader Defendants Oscar Stilley** and **Wolfgang P. Hirczy De Mino, Ph.d., aka "Texas Heartbeat Project"**, filed lawsuits under SB 8 subsequent to, and competing and/or conflicting with this one, which are sought to be enjoined herein while this Court hears the current UDJA request.

3. Plaintiff, a USA citizen and Ilinois resident, is not coordinating with Right to Life or and Pro or Anti abortion group, is acting independently, and is a "person" as defined in the Texas Hearbeat Act, which provides in relevant part:
    > "Sec. 171.208. (CIVIL LIABILITY FOR VIOLATION OR AIDING OR ABETTING VIOLATION). (a) Any person, other than an officer or employee of a state or local governmental entity in this state, may bring a civil action against any person who: (1) performs or induces an abortion in violation of this subchapter; (b) If a claimant prevails in an action brought under this section, the court shall award: (1) injunctive relief sufficient to prevent the defendant from violating this subchapter or engaging in acts that aid or abet violations of this subchapter;
    > (2) statutory damages in an amount of not less than $10,000 for each abortion that the defendant performed or induced in violation of this

        subchapter, and for each abortion performed or induced in violation of this subchapter that the defendant aided or abetted;

4. Plaintiff asserts that Plaintiff, suing on the admission of defendant, clearly will likely qualify as "prevailing party" (also qualifying for a TRO, which Plaintiff would agree, to in order for Texas Court(s) to have first call on the legality of a state statute), should this matter proceed under S.B. 8.

        However, prior to litigating that claim, Plaintiff has a conflict as to what law applies in this matter, *Roe v Wade*, 410 U.S. 113 (1973), or S.B. 8, in regards to inter alia, whether prosecuting this complaint under S.B. 8 would be in violation of Federal Law as espoused in *Roe*, which confirms that the protections against invasion of privacy cannot be infringed by any State.

5. To wit, and underlying Plaintiff's request for a declaratory judgement prior to proceeding under S.B. 8, a Plaintiff intending to pursue an S.B. 8 action must consider that he or she may in fact be infringing an established personal Constitutional Right, with assistance from Texas, which, if S.B. 8 were ruled illegal, might lead to a 42 USC 1985 lawsuit.

6. Plaintiff asserts one major reason no practicing attorney has filed (in addition to a lack of witness/plaintiffs), is that an attorney has taken an oath to uphold and obey all valid laws, including the Texas and U.S. Constitution, and thus signing an S.B. 8 complaint, where there is already a TRO on Right to Life and any of its operatives (See 9.3.21 Judge Gamble Order in *Planned Parenthood v Right to Life*, D-1-GN-21-004632 (Travis Co. 53rd Dist)), is something an attorney may not be willing to risk, until the conflict is resolved.

7. Relatedly, Plaintiff here is respectful of the spirit of Her Honor Gamble's just reviewed order, which by inference might be arguably extended to this

complaint, and any complaint under S.B. 8, until the issues of whether S.B. 8 is legal under Federal Law is resolved.

8. Plaintiff alleges that, by the letter of Federal Law, Defendant did not violate *Roe v Wade*, and that by that same letter, S.B. 8 appears to be Unconstitutional as written and as applied here until *Roe v Wade* is reversed or modified, or until a Texas or other Court clarifies and declares the relative import that a filing attorney or person need give to *Roe* when filing under S.B. 8.

9. On information and belief Interpleader Defendants USA, Planned Parenthood and resident Defendant Braid oppose S.B. 8, and proposed additional party defendant Texas supports it, claiming an overriding interest in protecting "life" (despite it being the Law of the Land a fetus is not viable at 6 weeks and is not "alive", albeit autonomous bodily functions have started) creating competing claims and interests, which could need to be determined before any suit can proceed under S.B. 8.

10. USA is hereby joined as it has an interest, as an agent for The People, to speak to its interests in enforcing the Constitution as expressed in *Roe v Wade,* or against S.B. 8, as well as Texas, in favor thereof, on behalf of (some) of the majority of The People, implicating the UDJA and TRCP 39(2)(i), where issues, objections or supporting evidence not preserved on the trial record, where there was an opportunity to make that record, may be considered waived on appeal.

11. Defendants Planned Parenthood and Dr. Braid face inconsistent obligations, the latter to his practice and patients and his oath, the former to its patients, and both also are obligated to try to obey conflicting Texas and Federal Law, as to how and when he can perform an abortion, thus implicating TRCP 39(2)(ii).

12. In addition to the competing lawsuits, where this action came first, Plaintiff also faces inconsistent obligations and multiple risks, as *Roe v Wade* would seem to

bar this lawsuit (and potentially lead to sanctions for signing a complaint where the underlying law appears to violate the Constitution and a lawyer is charged with knowing that before trying to use a law to gain legal precedent or monetary gain), given *Roe* positively declares that abortions are legal under these facts, yet S.B. 8 attempts to assert the opposite, in ignorance of the Supremacy and Commerce Clauses, as well as the Right of a person to be inviolate in their bodies for government intrusion.

WHEREFORE, PLAINTIFF seeks the Court Declare whether the TRO in *Planned Parenthood v Texas Right to Life, D-1-GN-21-004632 (Travis Co, 53rd Dist)* should be extended to the SB 8 component of this suit, and all other suits, including *Tilley v Braid*, 2021CI19940 (Bexar Co. Tx) and *De Mino v Braid*, 21-2276-C (Smith Co. Tx) and all suits under S.B. 8 or as to the same relief sought here, here, until the issues here are decided, after briefing by the stakeholders whom this second amendment further includes, and that this Court declare its findings as to whether the S.B. 8 Texas Heartbeat Act is legal, and enforceable, under Federal Law, as written and/or as applied to the instant facts, and whether suing a doctor under SB 8 violates 42 USC 1985 and RICO.

Submitted By: s/ *Felipe Gomez,* Pro Se      Date: **10.06.21**

Felipe Gomez
1922 W. Belmont Ave 1F
Chicago IL 60657
312.509.2071
fgomez9592@gmail.com

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 58041773
Status as of 10/14/2021 3:40 PM CST

Associated Case Party: FelipeNGomez

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Felipe NGomez | | fgomez9592@gmail.com | 10/9/2021 7:16:40 AM | SENT |