IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALAN BRAID, MD | PLAINTIFF/ COUNTERCLAIM DEFENDANT |
| v. | Case No. 1:21-cv-05283 |
| OSCAR STILLEY; | INTERPLEADER DEFENDANT COUNTERCLAIM PLAINTIFF |
| FELIPE N. GOMEZ;<br>WOLFGANG P. HIRCZY DE MINO, PH.D.,<br>AKA "TEXAS HEARTBEAT PROJECT | INTERPLEADER DEFENDANTS |

**INTERPLEADER DEFENDANT OSCAR STILLEY'S ANSWER TO COMPLAINT WITH COUNTERCLAIM COMPLAINT**

Comes now Interpleader Defendant and **Counterclaim Plaintiff** Oscar Stilley, (Stilley) and for his answer to complaint, and **counterclaim complaint**, to which the Plaintiff must timely answer, and states:

**I.  PRELIMINARY STATEMENT**

1. With respect to paragraph 1, much of Plaintiff's stinging denunciation of SB8 is opinion, to which he is entitled. Stilley denies that persons helping others exercise their constitutional rights are *invariably* denied proceedings with a fair prospect of defending themselves. Legal determinations are the province of the Court. Therefore Stilley neither admits nor denies conclusions of law. The remainder of the paragraph is denied.

2. With respect to paragraph 2, Stilley admits that Texas legislators bypassed official government enforcement in favor of nice people like Stilley. Stilley functions in the role of a "private attorney general," presumably expected to use good judgment and discretion in his role as "enforcer."

3. With respect to paragraph 3, Stilley admits that the goal of SB8 was to inject uncertainty and risk into providing assistance to any woman seeking an abortion, and that it has been effective. Stilley denies that leaving the state of Texas in pursuit of reproductive medical care immunizes a woman's supporters from potential liability.

4. With respect to paragraph 4, Stilley admits Dr. Braid's genius with the English language generally, and the masterpiece he wrote for the Washington Post specifically. The remainder of this paragraph is *denied!*

5. With respect to paragraph 5, Stilley admits that three plaintiffs have filed suit against Braid. Stilley admits that multiple lawsuits are a feature and not a bug, in SB8. Stilley admits that a defendant need only pay damages once, so long as the damages are at least $10,000. Stilley denies the remainder of this paragraph, and demands strict proof.

6. Stilley admits paragraph 6, saying that Braid brings an interpleader action against 3 interpleader defendants, and that Braid challenges the constitutionality of SB8. Stilley denies the remainder of the paragraph. Whether any interpleader is entitled to any recovery is a matter for this Court to decide.

## II. THE PARTIES

7. With respect to paragraph 7, Stilley admits that Braid resides in San Antonio, Texas, and is a Texas citizen. Stilley admits that Dr. Braid provides a range of reproductive health care services, to include in appropriate circumstances abortion services.

8. With respect to paragraph 8, Stilley admits that he is a citizen and resident of Arkansas for diversity purposes. Stilley admits that he had no prior knowledge or dealings with Braid.

9. With respect to paragraph 9, Stilley admits that Felipe N. Gomez (Gomez) resides in

Chicago and is an Illinois citizen for diversity purposes. Stilley has no firsthand knowledge of the remainder of the paragraph and thus neither admits nor denies same.

10. With respect to paragraph 10, Stilley admits that Wolfgang P. Hirczy de Mino, Ph.D., is a Texas resident who has no prior connection to Braid or his patient.

### III. JURISDICTION AND VENUE

11. With respect to paragraph 11, Stilley admits that Braid brings the complaint under the identified statutory provisions, and that his claim has to do with competing claims for the $10,000 minimum penalty for a prohibited abortion. Stilley neither admits nor denies the remainder of this paragraph.

12. With respect to paragraph 12, Stilley admits that Braid seeks injunctive and declaratory relief pursuant to the recited statutory provisions. Whether Braid's claims for equitable relief are authorized by "general legal and equitable powers of the Court" is a legal question, which Stilley neither admits nor denies. Stilley neither admits nor denies the remainder of this paragraph.

13. With respect to paragraph 13, Stilley lacks knowledge whether Braid has complied with statutory interpleader requirements, and thus denies same. Stilley admits that Braid has deposited $10,000 with the Court.

14. With respect to paragraph 14, Stilley admits venue.

### IV. FACTS

    **A. SB8 Authorizes Individual to Bring Civil Suit Against Healthcare Providers for Performing Prohibited Abortions.**

15. With respect to paragraph 15, Stilley admits that SB8 prohibits the termination of pregnancies resulting from rape (forcible or otherwise) or incest, or pregnancies involving fetal

health conditions incompatible with sustained life after birth, etc. Stilley neither admits nor denies the terms of "medical emergency" in the statute. The statute speaks for itself.

16. With respect to paragraph 16, Stilley admits the described definition of "fetal heartbeat" as well as the fact that this prohibits nearly all abortions after 6 weeks after *last menstrual period* (LMP), and that this is before some individuals realize they are pregnant, and that this is several months before viability.

17. With respect to paragraph 17, Stilley admits that Braid is right about the fact that an embryo becomes a fetus at about 10 weeks LMP, which Stilley understands to be about 8 weeks after actual conception. Braid probably learned that from being doctor, as opposed to being a Texas legislator. That being said, talking about an "embryonic heartbeat," makes terrible political copy and garners few votes.

18. With respect to paragraph 18, Stilley admits that embryos aren't "viable," period. According to Stilley's good friend Google, Braid is also correct in stating that viability occurs at about 24 weeks LMP, assuming excellent medical care, large expenditures in time and money, and willingness to tolerate a one in three chance of death despite best efforts. Therefore Stilley admits paragraph 18.

19. With respect to paragraph 19, Stilley admits that SB8 is extremely broad; that it delegates massive power to "Any person, other than an officer or employee of a state or local governmental entity"; and that it creates *de facto* "thought crimes" on the part of a plethora of persons careless enough to help a woman through what may well be the most psychologically devastating time of her entire life. Count on Stilley to exercise his newly acquired power wisely and with good discretion. Stilley can't vouch for the character of the other two interpleader defendants. Stilley

denies the remainder of the paragraph.

20. Stilley admits paragraph 20, quoting portions of SB8 concerning injunctive and monetary relief.

21. With respect to paragraph 21, Stilley admits that the 12 (as in "a dozen") lawyers listed at the bottom of the complaint have distilled SB8 to its essence. The Stilleys of this world get $10,000 a pop for suing the Braids of this world, per abortion. It is a race to judgment, which Stilley aims to win, given his competitive bent. Then Dr. Braid can wave Stilley's judgment in the face of any other prospective plaintiff, and head them off.

  **B. Interpleader Defendants Filed Competing Suits Against Dr. Braid Alleging That He Violated SB8.**

22. With respect to paragraph 22, Stilley admits that Braid violated SB8 and spilled his guts about it in the Washington Post. He had his reasons.

23. With respect to paragraph 23, Stilley admits that Braid was sued by 3 competing claimants. Stilley claims the honor of being first to actually demand no less than $10,000.

24. With respect to paragraph 24, Stilley admits that he filed the suit against Braid.

25. With respect to paragraph 25, Stilley admits that he alleged that Braid aborted a "fetus" and admitted it. However, Stilley had no evidence about whether it was an embryo or a fetus. In his haste to file the pleading Stilley overlooked this detail. Stilley admits requesting a minimum of $10,000, and up to $100,000, plus costs, plus attorney's fees if Stilley bothered to hire an attorney.

26. Stilley admits paragraph 26. Gomez sued Braid, and couldn't resist the temptation to add additional parties.

27. Stilley admits paragraph 27. The complaint of Felipe N. Gomez speaks for itself.

28. Stilley admits paragraph 28. The complaint of the Texas Heartbeat Project (THP) speaks for itself.

29. Stilley admits paragraph 29. The THP complaint speaks for itself and seeks damages.

**C.   An Interpleader Action Is Required to Resolve Conflicting Claims and to Avoid Duplicative Pleadings.**

30. With respect to paragraph 30, Stilley admits that he claims damages, and that the THP complaint claims damages one place while apparently denying such in another place. Stilley denies that the Gomez 1st Amended Complaint prays money damages. Stilley admits that Braid can assert payment of the $10,000 penalty, as a defense against subsequent suits.

31. Stilley admits paragraph 31, subject to his prior denial that Gomez' complaint actually seeks the statutory minimum penalty. Braid denies liability to anyone and seeks declaratory relief to the effect that SB8 is constitutionally infirm.

32. With respect to paragraph 32, Stilley admits that Stilley and THP claim damages of at least $10,000; admits the 4 year statute of limitations; admits that Braid challenges the constitutional validity of SB8; and denies the remainder of the paragraph.

**D.   The Texas State Legislature Designed SB8 to Avoid Judicial Review Despite the Statute's Use of Judicial Officers to Implement Constitutional Violations.**

33. With respect to paragraph 33, Stilley admits the existence of *Roe v. Wade*, and admits that courts have routinely stricken state laws contrary to the US Constitution.

34. With respect to paragraph 34, Stilley admits that the Texas legislature tried to apply some Teflon to SB8. Along with all his other talents, Braid has amazing powers of observation.

35. Stilley admits paragraph 35. Stilley admits that the drafters of SB8 did a terrible job of

concealing their efforts to shield SB8 from judicial review.

36. Stilley admits paragraph 36. Stilley admits the comment about the difficulty of pre-enforcement challenges to private rights of action, and the reasons for that difficulty.

37. With respect to paragraph 37, Stilley admits the bold pronouncements of Texas State Senator Bryan Hughes, about "crafty lawyering" for the purpose of dodging judicial review.

38. With respect to paragraph 38, Stilley neither admits nor denies the legal conclusion that opening the courts to "private attorneys general" constitutes state action sufficient to justify judicial review. The cited cases speak for themselves. Determination of the law is the province of this Honorable Court.

39. With respect to paragraph 39, Stilley admits that the Texas state legislature provided him with powerful legal tools, with which to chastise violators of SB8. Stilley admits to the lack of supervision and the ability to collect *de facto* fines characterized as "damages" with no showing of injury or connection to the events giving rise to the suit. Stilley denies the remainder of the paragraph.

40. With respect to paragraph 40, alleging that individuals are state actors if involved in activity that would be unconstitutional if engaged in by the state itself, the law speaks for itself. The District Court is duty bound to apply the law. Stilley denies the remainder of the paragraph.

     **E.    The Unique Enforcement Mechanisms and Procedures Provided in SB8 Weight Actions Brought Under the Statute Heavily Against Providers.**

41. With respect to paragraph 41, Stilley admits that the provisions of SB8 are heavily weighted in favor of claimants and against defendants; and that SB8 plaintiffs are generally insulated from adverse consequences for bringing unsuccessful, multiple, or vexatious litigation.

The remainder of the paragraph is denied.

42. With respect to paragraph 42, Stilley admits that in Texas, venue generally lies where the claim took place or the defendant lives, and that changes of venue may be made for the convenience of parties or witnesses and in the interests of justice.

43. With respect to paragraph 43, Stilley admits that Braid is defendant in two Bexar County lawsuits and that he is defendant in one lawsuit in Smith County, apparently over one act in violation of SB8. Stilley admits that SB8 gives Texas residents "home court advantage," and gives SB8 plaintiffs veto power over requests to change venue. Stilley admits that SB8 defendants may have to defend in multiple venues over a single alleged violation of SB8. The remainder of the paragraph generally amounts to legal conclusions, which are neither admitted nor denied.

44. With respect to paragraph 44, Stilley admits that SB8 allows one-way fee shifting in favor of SB8 claimants, and admits that prevailing SB8 defendants are not allowed costs or attorney's fees. The remainder of the paragraph is denied.

45. With respect to paragraph 45, Stilley admits that SB8 bars certain defenses, reliance on court precedent, patient consent, etc.; that SB8 bars non-mutual issue or claim preclusion; and that suits under SB8 pose unique procedural challenges. Whether the intent was to chill the exercise of constitutional rights is a matter for determination by the Court. Stilley denies the remainder of the paragraph.

46. With respect to paragraph 46, Stilley admits that SB8 awards fees and costs to any defender of SB8 or other law regulating or restricting abortion, in a claim for declaratory or injunctive relief, if the proponent of the abortion restriction "prevails" in the slightest degree.

Stilley admits that the attorney for the opponent of the abortion restriction is jointly and severally liable for said fees. Stilley has no knowledge concerning whether any other Texas law has similar fee shifting provisions, and therefore neither admits nor denies that SB8 is the only instance of this kind of fee shifting, in the Texas legal code.

47. With respect to paragraph 47, Stilley admits that SB8 includes rules of construction and severability giving major advantages to the proponents of SB8. The remainder of the paragraph is denied.

48. Paragraph 48 mostly consists of opinion or legal conclusions. Stilley admits that SB8 requires state courts to evaluate the burdens on SB8 defendants, in each case; converts established law into an "affirmative defense"; and sets forth various procedural rules. The remainder of the paragraph is denied.

49. With respect to paragraph 49, Stilley admits that SB8 virtually crawls up the black robes of Texas state court judges, so as to whisper secrets in their ears, about how to keep the hopes and dreams of SB8 alive. Stilley denies the remainder of paragraph 49.

## FIRST CLAIM FOR RELIEF

### (Interpleader)

50. With respect to paragraph 50, Stilley incorporates by reference his answers to the foregoing paragraphs.

51. With respect to paragraph 51, Stilley admits conflicting claims which Braid can't reasonably determine. Stilley denies the remainder of the paragraph.

52. With respect to paragraph 52, Stilley admits that Braid faces conflicting claims, and that said claims might waste judicial and party resources. Stilley denies the remainder of the

paragraph.

53. With respect to paragraph 53, Stilley admits that Braid must face potentially limitless plaintiffs and lawsuits. Stilley admits that payment of the statutory minimum of $10,000 per abortion is a defense as opposed to a bar. Stilley neither admits nor denies the remainder of this paragraph.

54. With respect to paragraph 54, Stilley admits that Braid has posted $10,000 with the clerk of this Court.

## SECOND CLAIM FOR RELIEF

**(Declaratory Judgment - Fourteenth Amendment Substantive Due process Defense)**

55. With respect to paragraph 55, Stilley incorporates by reference his answers to the foregoing paragraphs.

56. With respect to paragraph 56, Stilley admits that *Roe v. Wade* acknowledges a constitutionally protected right to terminate a pregnancy before viability.

57. Paragraph 57 states a legal conclusion to the effect that SB8 violates Braid's 14th Amendment substantive due process rights, a claim which Stilley neither admits nor denies.

58. With respect to paragraph 58, Stilley admits that SB8 compels Texas state judicial officers to adjudicate SB8 claims. The remainder of the paragraph consists of legal conclusions which Stilley neither admits nor denies.

59. Paragraph 59 is a conclusion of law saying that Braid is entitled to declaratory judgment that he owes nothing to any SB8 plaintiff, which Stilley neither admits nor denies. Determination of the law is the province of the Court.

## THIRD CLAIM FOR RELIEF

**(Declaratory Judgment - Fourteenth Amendment Equal Protection Defense)**

60.   With respect to paragraph 60, Stilley incorporates by reference his answers to the foregoing paragraphs.

61.   With respect to paragraph 61, Stilley admits that the Equal Protection Clause requires similar treatment for persons similarly situated.

62.   With respect to paragraph 62, Stilley admits that SB8 treats SB8 defendants differently than other litigants.

63.   With respect to paragraph 63, Stilley admits that SB8 singles out SB8 defendants for different and harsher treatment than other litigants. Stilley denies the remainder of the paragraph.

64.   Paragraph 64 states legal conclusions about whether SB8 serves legitimate governmental interests, alleged "animus," and the alleged failure to narrowly tailor. Stilley neither admits nor denies paragraph 64.

65.   Paragraph 65 is a legal conclusion saying that this august tribunal should grant declaratory judgment in favor of Braid, declaring that the $10,000 is Braid's because of the equal protection clause. Stilley neither admits nor denies paragraph 65.

**FOURTH CLAIM FOR RELIEF**

**(Declaratory Judgment - Fourteenth Amendment Void for Vagueness Defense)**

66.   With respect to paragraph 66, Stilley incorporates by reference his answers to the foregoing paragraphs.

67.   With respect to paragraph 67, Stilley admits that SB8 imposes quasi-criminal penalties on anyone who aids or abets a prohibited abortion, or intends so to do, with a minimum $10,000 damages and no maximum; authorizes injunctions, and requires defendants to pay costs and

11

attorney's fees.

68. Paragraph 68 contains legal conclusions about arbitrary and discriminatory enforcement, failure to provide fair warning of that which is prohibited, etc. Stilley neither admits nor denies paragraph 68. This Honorable Court can decide whether the statute is void for vagueness.

69. Paragraph 69 contains legal conclusions concerning arbitrary and discriminatory enforcement in violation of clearly established constitutional rights. Stilley denies that he has engaged in any arbitrary or discriminatory enforcement. Braid painted the bulls-eye on his own back.

70. Paragraph 70 contains legal conclusions about the creative constructions plaintiffs might apply to SB8. Stilley admits that the language of SB8 is very broad. Stilley admits that SB8 is subject to a wide range of reasonable interpretations. Stilley neither admits nor denies this paragraph.

71. With respect to paragraph 71, Stilley admits that it is difficult for a health care provider, or other unwary persons who might run afoul of the provisions of SB8, to discern with reasonable certainty what is prohibited and what is not. That is why it is so important to have a nice person like Stilley as standard-bearer for the Texas legislature. The remainder of the paragraph is denied.

72. In paragraph 72, Braid claims the $10,000 is his money just because he earned it fair and square, by hard work and diligence. Braid also claims that he should not be enjoined from providing rational and medically appropriate reproductive health care, and claims that SB8 is void for vagueness. Stilley proposes a division of labor, in which Braid complains, Stilley answers, and this Honorable Court declares what the law is. Stilley denies the remainder of

paragraph 72.

## FIFTH CLAIM FOR RELIEF

### (Declaratory Judgment - Federal Preemption Defense)

73. With respect to paragraph 73, Stilley incorporates by reference his answers to the foregoing paragraphs.

74. Stilley admits that the US Constitution is the supreme law of the land, that the US Supreme Court is the final arbiter of its meaning, and that inconsistent state laws must give way. Whether SB8 defies this principle is a matter for this Court's decision.

75. With respect to paragraph 75, Stilley admits that SB8 imposes unusual burdens on SB8 defendants, requiring them to prove "undue burden" repeatedly. It is presumed that this Court will apply the law correctly, and determine whether or not SB8 violates the law.

76. Paragraph 76 contains additional legal conclusions concerning the undue burden standard, which Stilley neither admits nor denies.

77. With respect to paragraph 77, Stilley admits that SB8 directs state court judges to be as stingy as possible, in giving credit to federal court judgments and rulings. The remainder of the paragraph consists of legal conclusions which Stilley neither admits nor denies.

78. Paragraph 78 contains legal conclusions concerning the Supremacy Clause and the 14th Amendment, which Stilley neither admits nor denies.

79. Paragraph 79 contains legal conclusions concerning Braid's right to relief, which Stilley neither admits nor denies.

## SIXTH CLAIM FOR RELIEF

### (Declaratory Judgment - First and Fourteenth Amendments, Freedom of Speech and the

13

**Right to Petition)**

80. With respect to paragraph 80, Stilley incorporates by reference his answers to the foregoing paragraphs.

81. Stilley admits paragraph 81. Stilley admits that SB8 authorizes attorney's fees for a prevailing SB8 plaintiff, broadly construing the term "prevailing"; that Braid has lawful objectives in pursuing 1st Amendment protected peaceful petition, by litigation or otherwise; and that such litigation may serve as a form of political expression.

82. With respect to paragraph 82, Stilley admits that SB8 favors litigants attempting to punish anyone who performs or aids or abets a prohibited abortion. The remainder of the paragraph is denied.

83. With respect to paragraph 83, Stilley admits that massive liability for fees and costs *generally* chills the exercise of free speech and petition, but denies that it *necessarily* chills such activities. A few hardy souls, such as Dr. Alan Braid, M.D., cannot be dissuaded by ordinary means. The remainder of the paragraph is denied.

84. Stilley waives any objection to process or service of process.

85. To the extent that Stilley has failed to specifically respond to any allegation in Plaintiff's complaint, that allegation is denied.

**V.  PRAYER FOR RELIEF**

The prayer for relief does not require response, but to the extent that response is required, it is denied.

**COUNTERCLAIM COMPLAINT**

86. Stilley adopts all non-frivolous arguments made by Interpleader Defendant Gomez in

Docket #15, to the extent that such arguments would result in dismissal of Braid's complaint with prejudice. Stilley is all done with running hither and thither and yon in search of a better venue in which to litigation the validity of SB8.

87. If SB8 is valid, Stilley intends to offer "protection" services to insurance companies in the Chicago area. See pages 5-10 of *US v. Texas*, Dkt #48, Stilley's brief on the United States' motion for temporary restraining order (TRO) or preliminary injunction. If the link doesn't work copy and paste the following link to your internet browser.

https://bustingthefeds.com/wp-content/uploads/2021/10/48_StilleyBrief.pdf

88. Therefore, Stilley might as well get a court ruling now as later, and this venue seems to be as good as any. Stilley only intends to engage in lawful business activities.

89. Stilley is on home confinement, in the official custody of the US Department of Justice-Federal Bureau of Prisons (DOJ-FBOP), and furthermore forbidden by his Judgment and Commitment Order from violating any laws. Since Stilley prefers not to go back to the overcrowded prisons with tall fences topped with vicious razor wire, he hopes to secure a legal ruling, in this case, sufficient to allow him conform his conduct to the requirements of the law.

90. Stilley claims and requests declaratory judgment as to what rights, if any, he has under SB8.

91. Stilley claims the benefit of all non-frivolous arguments raised by Wolfgang P. Hirczy de Mino in his answer or other pleading responsive to Braid's complaint, that might uphold the constitutionality of SB8, or otherwise salvage Stilley's right to sue and/or collect "damages" from Braid.

92. Stilley reserves the right to amend this answer, within 21 days of service of this pleading,

as authorized by FRCivP 15(a)(1)(A).

93. Stilley reserves this right specifically in order to give Wolfgang P. Hirczy de Mino, a notable Texan, time to recruit crafty lawyers from Texas to help Stilley answer Braid's complaint more craftily, so as to win free money from Braid. This must however be done timely, so that justice may be speedily dispensed. Stilley has much bigger and better plans, as soon as he takes Braid down.

94. Since Wolfgang P. Hirczy de Mino denies interest in publicity and Stilley doesn't, Stilley hereby offers Wolfgang P. Hirczy de Mino the entire $10,000 if he'll do the hard work of recruiting a lawyer crafty enough to save SB8, in a judgment on the merits of said law.

95. Stilley only requests a photocopy of the check from the clerk, plus $3 out of the $10,000, with which Stilley plans to buy a $3 bill, to frame and put on the wall together with a copy of the clerk's check, as a trophy and reminder of the hard fought battle to save SB8.

96. Wolfgang P. Hirczy de Mino is the ideal interpleader defendant to recruit learned and crafty lawyers, since he appears to have the greatest ideological purity, out of the 3 interpleader defendants.

97. Furthermore, Wolfgang P. Hirczy de Mino should not forget to mention the attorney's fees to be awarded, should the legal team recruited manage to defeat the slightest part of Braid's many claims.

98. Additionally, it appears that legal counsel advocating on behalf of SB8, at the US Supreme Court, have gotten their courage up enough to argue that SB8 is fully constitutional, on the merits.

99. Stilley hopes to benefit from such arguments. In this case it will doubtless be

advantageous to advance those arguments at the district court level, then at the 7th Circuit, and then if necessary at the US Supreme Court.

100. Gomez has no cause to complain about Stilley's generosity to Wolfgang P. Hirczy de Mino, since the Texas state court pleading Gomez proffered to this Court (Dkt. 15, pg. 39) doesn't even claim money damages. In fact, one could be forgiven for thinking that Gomez was advocating on behalf of Braid, with his loose talk of "inconsistent obligations and multiple risks," the allegation that the "underlying law appears to violate the Constitution," etc.

101. Furthermore, Gomez doesn't seem to like this venue even though it is on his home turf. He wants to run down to Texas, and we ought to let him - they'd be good for each other.

102. Stilley has not engaged in collusion, unless the last few paragraphs amount to colluding with Wolfgang P. Hirczy de Mino in order to expeditiously refine, polish, and perfect Stilley's pleadings and arguments, so as maximize the probability that SB8 survives judicial review, to the great benefit of Wolfgang P. Hirczy de Mino.

103. Stilley requests declaratory relief the diametrical opposite of that claimed by Braid, as to each and every count listed by Braid.

**AFFIRMATIVE DEFENSES**

104. Stilley claims equal protection of the law. Braid has laid out the legal provisions very nicely, and Stilley feels no need to restate them here. Stilley should not be enjoined from enforcing SB8, in whole or in part, except to the extent that the Court can and does enjoin the entire world from similar acts.

105. Stilley has already been enjoined from enforcing SB3, in a case entitled *US v. Texas*, TXWD (Austin Division) 1:21-cv-00796-RP. See Dkt. # 68. However, the 5th Circuit granted a

stay of this order. If this stay is dissolved, Stilley believes that he is enjoined from attempting to enforce SB8 anywhere, including this venue.

106. Stilley has no intention of violating the orders of this Court or any other court. Stilley plans to take this one step at a time, to ensure that he does not violate any active court order.

WHEREFORE, Stilley respectfully requests that the Court enter declaratory judgment in favor of Stilley and against Braid, with respect to all six claims of Braid's complaint, on the basis of Stilley's **counterclaim complaint**; for full and fair attorney's fees for any and all attorneys recruited by the interpleader defendants or any of them, should any of the interpleader defendants prevail in the slightest degree; that this Court, in case of any relief granted to Braid, restrain Stilley no more than any other "person," with respect to rights under SB8; and for such other and further relief as may be appropriate whether or not specifically requested.

Respectfully submitted.

By: /s/ Oscar Stilley			November 7, 2021
Oscar Stilley
10600 N Highway 59
Cedarville, AR 72932-9246
479.384.2303 cell phone
479.401.2615 fax
oscarstilley@gmail.com

CERTIFICATE OF SERVICE

Oscar Stilley by his signature above certifies that on the date stated above he caused this pleading to be served on all parties entitled to service, via CM/ECF, upon filing by the clerk. Stilley also caused a filemarked copy of this pleading to be served pursuant to FRCivP 5(b)(2)(F) via email to Felipe N. Gomez, fgomez9592@gmail.com; and Wolfgang P. Hirczy de Mino, wphdmphd@gmail.com; requesting acknowledgment of receipt.