THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Alan Braid, M.D., | ) |
|       Plaintiff, | ) Case No 21-cv-5283 |
| | ) Judge Jorge L. Alonso |
| vs. | ) |
| Oscar Stilley; Felipe N. Gomez; and Wolfgang P. Hirczy De Mino, Ph.D., AKA Texas Heartbeat Project, | ) |
|       Defendants. | ) |

## Order

Defendant's motion for certification under FRCP 5.1 [29] is granted. Per Rule 5.1(b) of the Federal Rules of Civil Procedure, the Court certifies, under 28 U.S.C § 2043, to the Texas Attorney General that Plaintiff Alan Braid challenges the constitutionality of Texas Senate Bill 8. *See* [1] [4]. The Court denies Defendant's motions to reset the briefing schedule [32]; motion for judicial notice [31]; motion to join the United States and Texas as required parties [30]; and motion for leave to file an interlocutory appeal [34]. The hearing set for November 30, 2021 is stricken.

## Discussion

Under Rule 5.1(b) of the Federal Rules of Civil Procedure, the Court must, under 28 U.S.C. §2403, certify to the appropriate attorney general that a statute has been questioned when a party files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute. In this case, Plaintiff filed a complaint challenging the constitutionality of Texas Senate Bill 8. [1]. Plaintiff further filed and served the required notice of constitutional question on the Texas Attorney General. [4]. As such, the Court certifies to the Texas Attorney General that Plaintiff challenges the constitutionality of Texas Senate Bill 8.

As for Defendant's motion to take judicial notice [31], that motion is denied. "Judicial notice is a doctrine that authorizes the finder of fact to waive proof of facts that cannot reasonably be contested." *U.S. v. Arroyo*, 310 Fed. Appx 928, 929 (7th Cir. 2009). Here, Defendant attaches a copy of an order issued in another case challenging the constitutionality of Texas Senate Bill 8. While the Court is aware of this case, the doctrine of judicial notice does not apply here since there is no pending evidentiary dispute requiring the Court to take notice of any particular fact. The Court notes that the preliminary injunction order in the *United States v. Texas* case is currently stayed pending an appeal to the Fifth Circuit. *See United States of America v. Texas*, 21-cv-796, Dkt. 80 (W.D. Tex. October 14, 2021). And although the Supreme Court granted a petition for writ of certiorari in that case, the issue was limited to whether "the United

States [may] bring suit in federal court and obtain injunctive or declaratory relief against the State, state court judges, state court clerks, other state officials, or all private parties to prohibit S.B. 8 from being enforced. *Id.* at Dkt. 86 (October 25, 2021). As such, the Supreme Court will not resolve the constitutional issue for Texas Senate Bill 8.

As for Defendant's motion to join the United States and Texas as necessary parties [30], that motion is denied. Rule 19 of the Federal Rules of Civil Procedure states in relevant part:

(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

   (A) in that person's absence, the court cannot accord complete relief among existing parties; or

   (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

      (i) as a practical matter impair or impede the person's ability to protect the interest; or

      (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

The Court finds that none of these conditions apply with respect to the United States or State of Texas. While their intervention would likely be permitted—indeed, permissible intervention is guaranteed with respect to Texas under Rule 5.1—it is not required in order to accord complete relief among the existing parties. Accordingly, the motion for required joinder is denied.

Similarly, the motion to vacate the briefing schedule [32] is denied. Because the Court concludes that the United States and Texas are not required parties, there is no reason to vacate the previously set schedule with respect to Defendant's motion to dismiss. Moreover, Defendant's motion to dismiss challenges issues of jurisdiction that would not implicate the United States or Texas even if they were deemed required parties.

Lastly, the Court denies Defendant's motion for status on settlement and leave to appeal. Defendant has not identified any issue that involves a controlling question of law for which an immediate appeal would be beneficial. *See* 28 U.S.C §1292(b). Accordingly, Defendant's motion [34] is denied.

## Conclusion

Accordingly, the Court grants Defendant's motion for certification [29]. The Court denies Defendant's other motions [30] [31] [32] [34].

3

SO ORDERED.                    ENTERED: November 29, 2021

 

_____
**HON. JORGE ALONSO**
**United States District Judge**