**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ALAN BRAID, M.D., | |
| Interpleader Plaintiff, | |
| v. | Case No: 1:21-cv-05283 |
| OSCAR STILLEY; FELIPE N. GOMEZ; WOLFGANG P. HIRCZY DE MINO, PH.D., AKA TEXAS HEARTBEAT PROJECT, | Hon. Jorge L. Alonso |
| Interpleader Defendants. | |

**Interpleader Plaintiff Dr. Braid's Motion for Leave
to Serve Dr. Wolfgang P. Hirzcy de Mino with Substituted Service**

Dr. Alan Braid files this Motion for Leave to serve Interpleader-Defendant Dr. Wolfgang P. Hirczy de Mino a/k/a Texas Heartbeat Project ("Dr. Hirczy de Mino") with substituted service of the interpleader complaint in this action.

**Interpleader-Defendant Dr. Wolfgang P. Hirczy de Mino**

Dr. Hirczy de Mino is a *pro se* plaintiff in a civil suit against Dr. Braid filed in Smith County, Texas, and the claims Dr. Hirczy de Mino has asserted are those that Dr. Braid seeks to include in this interpleader suit filed in this Court. *See* Dkt. 1-4 (Hirczy de Mino Petition). Dr. Hirczy de Mino filed his suit under the pseudonym of "Texas Heartbeat Project," though concedes that he is the plaintiff and that he has elected to proceed with an assumed name so that his "sensitive personal information [will] not be disclosed to the public," rendering him "targeted for harassment, threats of violence, and actual violence by extremists." *Id*. at ¶11–12. Dr. Hirczy de Mino alleges that he is a resident of Texas, and provided a P.O. mailing address in his

Petition, but not a physical residential address. *Id*. Dr. Hirczy de Mino's Texas petition included an e-mail address: wphdmphd@gmail.com. *Id*.

**Service Attempts**

Dr. Braid has taken extensive steps to serve Dr. Hirczy de Mino personally, pursuant to Texas Rule of Civil Procedure 106(a)(1), on five separate occasions, but has still been unable to serve him with the complaint:

- Dr. Braid's counsel located a physical address for Dr. Hirczy de Mino from a previous legal complaint filed by Dr. Hirczy de Mino. Ex. 1 (Aff. of A. Noebels) ¶3. Available public records indicate that Dr. Hirczy de Mino claims that physical address in identification documents issued by the state of Texas. Dr. Braid's counsel has been unable to locate any other current or recent residential or physical address from a search of public records under Dr. Hirczy de Mino's names. *Id*. ¶4.

- On October 13, 2021 at 1:53 p.m., process server Zachary Thibodeaux attempted in-person service at the known Dr. Hirczy de Mino address, 2038 ½ Lexington Street, Houston TX 77098, a secondary structure located behind a law office. Ex. 2. No one was located at the structure. Mr. Thibodeaux spoke with individuals located in other buildings at the address and none were familiar with Dr. Hirczy de Mino. *Id*.

- On October 14, 2021 at 4:40 p.m., Mr. Thibodeaux attempted in-person service at the same location again, with no answer or sign of any activity. *Id*.

- On October 14, 2021 at 7:50 p.m., Mr. Thibodeaux attempted in-person service at the same location again, with no answer or sign of any activity. *Id*.

- On October 16, 2021 at 4:15 p.m., Mr. Thibodeaux attempted in-person service at the same location again, with no answer or sign of any activity. *Id*.

- On October 18, 2021 at 8:35 a.m., Mr. Thibodeaux attempted in-person service at the same location again, with no answer or sign of any activity. *Id*.

Dr. Braid also attempted to serve Dr. Hirczy de Mino at his disclosed P.O. Box address through certified U.S. mail, as permitted under Texas Rule of Civil Procedure 106(a)(2), but was also not successful:

- On October 13, 2021 at 3:00 p.m., process server Christopher Daum mailed the

Summons and Complaint to Dr. Hirczy de Mino via Certified Mail, Return Receipt Requested to the address P.O. Box 521, Bellaire, TX 77402. Ex. 3.

- On November 24, 2021, the Return Receipt was received that indicated the mailing was "Undeliverable" and should be "return[ed] to Sender." Ex. 1 ¶__.

Dr. Hirczy de Mino is aware of this lawsuit and Dr. Braid's efforts to serve him. There is substantial reason to believe that he is avoiding service of process by means of in-person process or certified mail. Dr. Hirczy de Mino has been copied on a significant volume of e-mail correspondence between Interpleader-Defendants Mr. Gomez, Mr. Stilley, counsel for Dr. Braid, and numerous other third-parties, as early as the outset of this lawsuit. In addition, Dr. Braid's counsel specifically wrote to Dr. Hirczy de Mino by e-mail (to his disclosed e-mail address) on October 6, 2021 and again on October 21, 2021 attaching the Complaint. *Id*. ¶8 & Exs. A & B. Dr. Braid's counsel also asked Dr. Hirczy de Mino to confirm whether he was represented by counsel, and whether he would agree to accept service by e-mail or to arrange a time and place to accept service in person. *Id*. Dr. Hirczy de Mino did not respond directly to Dr. Braid's counsel, but he has responded using the same e-mail address to other of the Interpleader Defendants. *Id*. ¶9 & Ex. C. Neither email sent to Dr. Hirczy de Mino bounced back as undeliverable. *Id*. ¶8.

### Argument and Authorities

As a result of the failed attempts to effectuate in-person or certified mail service of the summons and Complaint, Dr. Braid requests that he be permitted to use alternative methods of service as authorized by Federal Rule of Civil Procedure 4(e)(1)(providing for service according to the applicable state law where the service is made) and set out in Texas Rule of Civil Procedure 106(b). Because Dr. Hirczy de Mino resides in Texas, Texas state law applies. Rule 106(b) provides that:

Upon motion supported by a statement—sworn to before a notary or made under penalty of perjury—listing any location where the defendant can probably be

found and stating specifically the facts showing that service has been attempted under [Rule 106](a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service:

(1)     By leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or

(2)     *In any other manner, including electronically by* social media, ***email***, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

Tex. R. Civ. P. 106(b) (emphasis added).

Federal courts have routinely permitted substitute service on a defendant by e-mail as comporting with due process when it is reasonably calculated, under the circumstances, to apprise the defendant of an action and afford him the opportunity to present his objections. *See, e.g., Neumont Univ., LLC v. Nickles*, 304 F.R.D. 594, 599 (D. Nev. 2015) (noting that there is "no question" that defendant was receiving filings in the lawsuit at his email address and has responded to communications at the address since the beginning of the litigation, and concluding that "[t]he history of Nickles's communications in this case suggests that email is the method of communication Nickles 'utilizes and prefers,' and thus, it is the method of service most reasonably calculated to reach him."); *see also Burberry Limited, et al v. Marvel Yarbrough a/k/a Burberry Jesus*, No. 20-CV-6909, 2021 WL 5356757, at *1 (N.D. Ill. Nov. 17, 2021) (noting that motion for alternative service via e-mail and FedEx was granted after multiple unsuccessful attempts to serve the defendant); *Ouyeinc Ltd. v. Alucy*, No. 20 C 3490, 2021 WL 2633317, at *1 (N.D. Ill. June 25, 2021) (noting court's grant of motion for alternative service to serve defendants by e-mail).

Here, there have been numerous attempts to serve Dr. Hirczy de Mino at his last known physical address in Houston, and through certified mail at his identified PO Box address, but Dr. Braid has still been unable to effectuate in-person or mail service. There is also significant

evidence showing that Dr. Hirczy de Mino utilizes his e-mail account for correspondence about this litigation and other related litigation with the other Interpleader-Defendants, *see* Ex. 1 ¶9 & Ex. C, and thus service by email is reasonably calculated to reach him in the manner that he utilizes and prefers. It also appears that Dr. Hirczy de Mino is knowledgeable of Dr. Braid's attempts at service and has made the decision to evade service.

It is relevant to note that, although apparently *pro se*, Dr. Hirczy de Mino is not an unsophisticated party unfamiliar with the legal system, and it is unlikely that Dr. Hirczy de Mino is confused about the obligations, including service of process, that are involved with civil litigation. Dr. Hirczy de Mino has been a plaintiff in numerous lawsuits in Texas state and federal courts over recent decades. *See, e.g., Hirczy de Mino v. Star Operations., Inc.,* No. 01-18-00307-CV, 2018 WL 4568566 (Tex. App.—Houston [1st Dist.] Sept. 25, 2018, no pet.) (appeal from pro se action); *Hirczy v. Hamilton*, 190 F. App'x 357 (5th Cir. 2006) (appeal from *pro se* action against university's general counsel and state court judges); *De Mino v. Sheridan*, 176 S.W.3d 359 (Tex. App—Houston [1st Dist.] 2004, no pet.) (appeal from *pro se* action against state university provost for defamation and retaliation); *Hirczy de Mino v. Univ. of Houston*, No. 03-03-00311-CV, 2004 WL 2296131 (Tex. App.—Austin, Oct. 14, 2004, pet. denied) (appeal from *pro se* breach of contract suit against state university related to employment contract). Indeed, in *Hirczy v. Hamilton*, the federal district court entered a permanent injunction against Dr. Hirczy de Mino, stating that he may not file suit in the Southern District of Texas without written permission of the judge. 190 F. App'x at 357. The United States Court of Appeals for the Fifth Circuit unanimously upheld that injunction. *Id.*

Accordingly, because of Dr. Braid's diligence in attempting to serve Dr. Hirczy de Mino pursuant to the available methods under Texas Rule of Civil Procedure 106(a), Dr. Braid

requests that this Court permit it to serve the summons and complaint by e-mail as authorized by

Texas Rule of Civil Procedure 106(b)(2).

### Conclusion

Dr. Braid respectfully requests that this Court:

(a)     Grant this motion; and

(b)     Permit Dr. Braid an additional five (5) days to serve Dr. Hirczy de Mino by substitute service using e-mail to his address "wphdmphd@gmail.com."


Dated: December 1, 2021

Respectfully submitted,


By: */s/ Abigail C. Noebels*

Suyash Agrawal
Alethea Anne Swift
MASSEY & GAIL LLP
50 E. Washington Street
Suite 400
Chicago, Illinois 60602
(312) 283-1590
sagrawal@masseygail.com
aswift@masseygail.com

Marc Hearron*
CENTER FOR
REPRODUCTIVE RIGHTS
1634 Eye St., NW
Suite 600
Washington, DC 20006
(202) 524-5539
mhearron@reprorights.org

Molly Duane*
CENTER FOR
REPRODUCTIVE RIGHTS
199 Water Street
22nd Floor
New York, NY 10038
(917) 637-3631
mduane@reprorights.org

Neal S. Manne*
Mary Kathryn Sammons*
Abigail C. Noebels*
Katherine Peaslee*
Richard W. Hess*
SUSMAN GODFREY L.L.P.
1000 Louisiana
Suite 5100
Houston, TX 77002
(713) 653-7827
nmanne@susmangodfrey.com
ksammons@susmangodfrey.com
anoebels@susmangodfrey.com
kpeaslee@susmangodfrey.com
rhess@susmangodfrey.com

Shannon Rose Selden*
Meredith E. Stewart*
Ebony Ray*
DEBEVOISE & PLIMPTON LLP
919 Third Ave.
New York, NY 10022
(212) 909-6000
srselden@debevoise.com
mestewart@debevoise.com
eray@debevoise.com

*Counsel for Interpleader Plaintiff Alan Braid, M.D.*
*Appearing *pro hac vice*

## Certificate of Service

I certify that on December 1, 2021, a true and correct copy of this document properly was served on pro se parties and counsel of record who have appeared via electronic filing.

*/s/ Abigail C. Noebels*

7