IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALAN BRAID, M.D.,<br><br>    Interpleader Plaintiff,<br><br>v.<br><br>OSCAR STILLEY; FELIPE N. GOMEZ; WOLFGANG P. HIRCZY DE MINO, PH.D., AKA TEXAS HEARTBEAT PROJECT,<br><br>    Interpleader Defendants. | Case No: 1:21-cv-05283 |

**DR. BRAID'S STATEMENT ON EFFECT OF RECENT
TEXAS SB 8 FILINGS AND DECISIONS ON THIS ACTION**

In advance of Monday's 9 a.m. telephonic motion hearing, Interpleader Plaintiff Alan Braid, M.D. provides this Statement to update the Court on interpleader defendants' recent filings in this and in Texas courts, as well as court decisions concerning Texas Senate Bill 8. This short Statement addresses (1) this Court's jurisdiction over all interpleader defendants; (2) the ongoing effect of SB 8 on the availability of constitutionally-protected rights to abortion in Texas following the U.S. Supreme Court's decision in *Whole Women's Health v. Jackson* and a Texas state district court order; and (3) interpleader defendants' recent filings in this Court and in two Texas courts.

I.
This Court Has Jurisdiction Over All Interpleader Defendants

Dr. Braid's Interpleader Complaint named three interpleader defendants, and all are subject to personal jurisdiction in this Court. Oscar Stilley has answered [23]. Felipe N. Gomez accepted or waived service and has filed multiple motions to dismiss disputing subject matter jurisdiction, *e.g.,* [15, 46], without contesting process or service of process. Dr. Braid served Wolfgang P. Hirczy de Miño, aka "Texas Heartbeat Project," via email on December 9, 2021 [45], following this Court's Order granting Dr. Braid's request for substituted service [44].

1

## II.
## Dr. Braid and All Texas Abortion Providers Continue to Face Threat of Unconstitutional and Ruinous Liability

On December 10, 2021, the U.S. Supreme Court issued its opinion in *Whole Woman's Health et al. v. Jackson et al.*, No. 21-463, 595 U.S. ___ (Dec. 10, 2021). By a 5-4 decision, the Court denied Texas abortion providers the ability to bring a pre-enforcement constitutional challenge that would halt current or future SB 8 lawsuits like those filed by Gomez, Stilley and the Texas Heartbeat Project. Slip. Op. at 17–18 (Gorsuch, J.). Because a majority of the Court dismissed defendant Texas state court judges, district clerks and the Texas attorney general from the lawsuit, no other avenue remains in that litigation to enjoin SB 8 lawsuits from being instituted. SB 8 remains in effect and, for over 100 days, Texans have been denied their constitutional right to pre-viability abortion.

On December 9, 2021, a Texas district court judge appointed by the Texas Multi-District Litigation Panel issued an order and opinion in *Van Stean et al.* v. *Texas Right to Life, et al.*, No. D-1-GN-21-004179, In the District Court for the 98th Judicial District of Travis County, Texas. The *Van Stean* litigation collected 14 lawsuits filed in Travis County seeking to enjoin SB 8, including one lawsuit filed by Texas Planned Parenthood affiliates.

Judge Peeples' Order granted partial summary judgment to plaintiffs and issued a declaratory judgment that parts of SB 8 are unconstitutional under the Texas Constitution. The Order did not address *federal* constitutional protections against abortion bans and rejected a claim that the *Texas* Constitution encompasses a right to end a pregnancy before viability. Slip. Op. at 26. The district court held that SB 8's novel civil enforcement scheme violates the Texas Constitution. Slip Op. at 2.

Nonetheless, the district court denied Planned Parenthood's "request for summary judgment granting a permanent injunction to prevent Defendants from encouraging the filing of

SB 8 lawsuits." Slip. Op. at 47. The district court stated that "issue will be tried on the merits." *Id.* The Texas Right to Life defendant has appealed the *Van Stean* decision. As a result, the *Van Stean* decision, like the U.S. Supreme Court's decision in *Whole Woman's Health,* does not bar anyone from instituting and prosecuting ruinous multiple lawsuits targeting abortion providers.

III.
Interpleader Defendants' Latest Filings in This Court
and Texas State Courts Do Not Affect Relief Sought in This Case

On November 29, 2021, this Court granted Gomez's motion to certify notice of Dr. Braid's constitutional challenge to the State of Texas [29]. In the same Order [35], the Court also denied Gomez's motions to stay [29], to join the United States and Texas as parties [30], for judicial notice [31], to reset the briefing schedule [32], and for leave to file an interlocutory appeal [34]. On December 8, 2021, this Court denied Gomez's motions to strike and for sanctions [42], and took under advisement Gomez's reconsideration motion [43].

The next day, December 9, 2021, Gomez filed another motion to dismiss [46]. Gomez has not filed notice of the motion for presentment. Gomez's previous motion to dismiss is fully briefed and pending. Dr. Braid filed a timely response on December 3, 2021 [40]. The Court permitted Gomez to reply by December 17; none was filed.

Gomez's new motion to dismiss states that he has non-suited his SB 8 lawsuit against Dr. Braid in Texas civil district court. Non-suits under the Texas Rules of Civil Procedure are the state court equivalent of a voluntary dismissal *without prejudice* to refiling at any time.

In addition to Gomez's *potential* claim, Dr. Braid continues to face *present* claims under SB 8 by Interpleader Defendant Stilley in Bexar County district court, and by Interpleader Defendant Texas Heartbeat Project in Smith County, Texas district court. Texas Heartbeat Project has now, in fact, sought "entry of interlocutory judgment of liability against Defendant ALAN BRAID, MD ("Dr. Braid") on an expedited basis" despite having never served or attempted to

3
10075227v1/017333

serve Dr. Braid with its petition. (Indeed, online records indicate that Texas Heartbeat Project has not even requested a citation from the clerk, the Texas equivalent of a federal court summons.)

Dated: December 19, 2021

Respectfully submitted,

| | | |
|---|---|---|
| */s/ Richard W. Hess* | Molly Duane* | Neal S. Manne** |
| Suyash Agrawal | CENTER FOR REPRODUCTIVE RIGHTS | Mary Kathryn Sammons** |
| Alethea Anne Swift | | Abigail C. Noebels* |
| MASSEY & GAIL LLP | 199 Water Street | Katherine Peaslee* |
| 50 E. Washington Street | 22nd Floor | Richard W. Hess* |
| Suite 400 | New York, NY 10038 | SUSMAN GODFREY LLP |
| Chicago, Illinois 60602 | (917) 637-3631 | 1000 Louisiana Street |
| (312) 283-1590 | mduane@reprorights.org | Suite 5100 |
| sagrawal@masseygail.com | | Houston, TX 77002 |
| aswift@masseygail.com | Shannon Rose Selden* | (713) 653-7827 |
| | Meredith E. Stewart* | nmanne@susmangodfrey.com |
| Marc Hearron* | Ebony Ray* | ksammons@susmangodfrey.com |
| CENTER FOR REPRODUCTIVE RIGHTS | DEBEVOISE & PLIMPTON LLP | anoebels@susmangodfrey.com |
| | 919 Third Ave. | kpeaslee@susmangodfrey.com |
| 1634 Eye St., NW | New York, NY 10022 | rhess@susmangodfrey.com |
| Suite 600 | (212) 909-6000 | |
| Washington, DC 20006 | srselden@debevoise.com | |
| (202) 524-5539 | mestewart@debevoise.com | |
| mhearron@reprorights.org | eray@debevoise.com | |

*Counsel for Interpleader Plaintiff Alan Braid, M.D.*
\* Appearing *pro hac vice*
\*\* *Pro hac vice* forthcoming

**CERTIFICATE OF SERVICE**

I certify that on December 19, 2021, a true and correct copy of this document was properly served on parties or counsel of record via electronic filing in accordance with the USDC, Northern District of Illinois Procedures for Electronic Filing.

/s/ *Richard W. Hess*
Richard W. Hess