IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALAN BRAID, M.D., <br><br> Interpleader Plaintiff, <br><br> v. <br><br> OSCAR STILLEY; FELIPE N. GOMEZ; WOLFGANG P. HIRCZY DE MINO, PH.D., AKA TEXAS HEARTBEAT PROJECT, <br><br> Interpleader Defendants. | Case No: 1:21-cv-05283 |

**INTERPLEADER PLAINTIFF ALAN BRAID, M.D'S ANSWER AND AFFIRMATIVE DEFENSES TO OSCAR STILLEY'S COUNTERCLAIM COMPLAINT**

Interpleader Plaintiff and Counterclaim Defendant Alan Braid, M.D., now answers Interpleader Defendant and Counterclaim Plaintiff Oscar Stilley's Counterclaim Complaint contained within Interpleader Defendant Oscar Stilley's Answer to Complaint with Counterclaim Complaint (ECF No. 23). Dr. Braid answers based upon actual knowledge as to himself and upon information and belief as to all other persons and events, as follows.

**ANSWER TO COUNTERCLAIM COMPLAINT[1]**

86. Stilley adopts all non-frivolous arguments made by Interpleader Defendant Gomez in Docket #15, to the extent that such arguments would result in dismissal of Braid's complaint with prejudice. Stilley is all done with running hither and thither and yon in search of a better venue in which to litigation the validity of SB8.

---

[1] Dr. Braid has numbered the paragraphs of his answer to correspond with the numbering in Stilley's Counterclaim Complaint.

1

**ANSWER:** Dr. Braid lacks knowledge or information sufficient to form a belief as to the truth of Stilley's allegation that Stilley is "all done running hither and thither and yon." This paragraph otherwise contains a legal conclusion that does not require a response. To the extent a response is required, Dr. Braid denies that Gomez or Stilley have asserted any non-frivolous arguments in favor of dismissal of Braid's complaint with prejudice and otherwise denies the allegations in this paragraph.

87. If SB8 is valid, Stilley intends to offer "protection" services to insurance companies in the Chicago area. See pages 5-10 of *US v. Texas*, Dkt #48, Stilley's brief on the United States' motion for temporary restraining order (TRO) or preliminary injunction. If the link doesn't work copy and paste the following link to your internet browser. https://bustingthefeds.com/wp-content/uploads/2021/10/48_StilleyBrief.pdf

**ANSWER:** Dr. Braid lacks knowledge or information sufficient to form a belief as to the truth of Stilley's allegation set forth in counterclaim Paragraph 87.

88. Therefore, Stilley might as well get a court ruling now as later, and this venue seems to be as good as any. Stilley only intends to engage in lawful business activities.

**ANSWER:** Dr. Braid lacks knowledge or information sufficient to form a belief as to the truth of Stilley's claim set forth in counterclaim Paragraph 88. Stilley's assertion that "this venue seems to be as good as any" is a legal conclusion that does not require a response; but to the extent a response is required, Dr. Braid denies this allegation.

89. Stilley is on home confinement, in the official custody of the US Department of Justice- Federal Bureau of Prisons (DOJ-FBOP), and furthermore forbidden by his Judgment and Commitment Order from violating any laws. Since Stilley prefers not to go back to the overcrowded prisons with tall fences topped with vicious razor wire, he hopes to secure a legal ruling, in this case, sufficient to allow him conform his conduct to the requirements of the law.

**ANSWER:** Dr. Braid lacks knowledge or information sufficient to form a belief as to the truth of Stilley's allegation set forth in counterclaim Paragraph 89.

90. Stilley claims and requests declaratory judgment as to what rights, if any, he has under SB8.

**ANSWER:** Paragraph 90 sets forth a legal conclusion that does not require a response. To the extent this paragraph does require a response, Dr. Braid denies that Stilley is entitled to anything under SB8 because SB8 violates the United States Constitution.

91. Stilley claims the benefit of all non-frivolous arguments raised by Wolfgang P. Hirczy de Mino in his answer or other pleading responsive to Braid's complaint, that might uphold the constitutionality of SB8, or otherwise salvage Stilley's right to sue and/or collect "damages" from Braid.

**ANSWER:** Paragraph 91 sets forth a legal conclusion that does not require a response. To the extent this paragraph does require a response, Dr. Braid denies that Wolfgang P. Hirczy de Mino has raised any non-frivolous arguments either for the constitutionality of SB8 or entitling Stilley to sue and/or collect damages from Dr. Braid, nor could de Mino (or Stilley) do so in light of SB8's unconstitutionality.

92. Stilley reserves the right to amend this answer, within 21 days of service of this pleading, as authorized by FRCivP 15(a)(1)(A).

**ANSWER:** Paragraph 92 sets forth a legal conclusion that does not require a response. However, the extent a response is required, Dr. Braid denies the allegation in this paragraph.

93. Stilley reserves this right specifically in order to give Wolfgang P. Hirczy de Mino, a notable Texan, time to recruit crafty lawyers from Texas to help Stilley answer Braid's complaint more craftily, so as to win free money from Braid. This must however be done timely, so that

justice may be speedily dispensed. Stilley has much bigger and better plans, as soon as he takes Braid down.

**ANSWER:** Dr. Braid lacks knowledge or information sufficient to form a belief as to the truth of Stilley's allegations set forth in counterclaim Paragraph 93.

94. Since Wolfgang P. Hirczy de Mino denies interest in publicity and Stilley doesn't, Stilley hereby offers Wolfgang P. Hirczy de Mino the entire $10,000 if he'll do the hard work of recruiting a lawyer crafty enough to save SB8, in a judgment on the merits of said law.

**ANSWER:** Dr. Braid lacks knowledge or information sufficient to form a belief as to the truth of Stilley's allegations set forth in counterclaim Paragraph 94.

95. Stilley only requests a photocopy of the check from the clerk, plus $3 out of the $10,000, with which Stilley plans to buy a $3 bill, to frame and put on the wall together with a copy of the clerk's check, as a trophy and reminder of the hard fought battle to save SB8.

**ANSWER:** Dr. Braid lacks knowledge or information sufficient to form a belief as to the truth of Stilley's allegations set forth in counterclaim Paragraph 95.

96. Wolfgang P. Hirczy de Mino is the ideal interpleader defendant to recruit learned and crafty lawyers, since he appears to have the greatest ideological purity, out of the 3 interpleader defendants.

**ANSWER:** Dr. Braid lacks knowledge or information sufficient to form a belief as to the truth of Stilley's allegations set forth in counterclaim Paragraph 96.

97. Furthermore, Wolfgang P. Hirczy de Mino should not forget to mention the attorney's fees to be awarded, should the legal team recruited manage to defeat the slightest part of Braid's many claims.

**ANSWER:** Dr. Braid lacks knowledge or information sufficient to form a belief as to the truth of Stilley's allegations set forth in counterclaim Paragraph 97.

98. Additionally, it appears that legal counsel advocating on behalf of SB8, at the US Supreme Court, have gotten their courage up enough to argue that SB8 is fully constitutional, on the merits.

**ANSWER:** Dr. Braid lacks knowledge or information sufficient to form a belief as to the truth of Stilley's allegations set forth in counterclaim Paragraph 98.

99. Stilley hopes to benefit from such arguments. In this case it will doubtless be advantageous to advance those arguments at the district court level, then at the 7th Circuit, and then if necessary at the US Supreme Court.

**ANSWER:** Dr. Braid lacks knowledge or information sufficient to form a belief as to the truth of Stilley's allegations set forth in counterclaim Paragraph 99.

100. . Gomez has no cause to complain about Stilley's generosity to Wolfgang P. Hirczy de Mino, since the Texas state court pleading Gomez proffered to this Court (Dkt. 15, pg. 39) doesn't even claim money damages. In fact, one could be forgiven for thinking that Gomez was advocating on behalf of Braid, with his loose talk of "inconsistent obligations and multiple risks," the allegation that the "underlying law appears to violate the Constitution," etc.

**ANSWER:** Dr. Braid lacks knowledge or information sufficient to form a belief as to the truth of Stilley's allegations set forth in counterclaim Paragraph 100.

101. Furthermore, Gomez doesn't seem to like this venue even though it is on his home turf. He wants to run down to Texas, and we ought to let him - they'd be good for each other.

**ANSWER:** Dr. Braid lacks knowledge or information sufficient to form a belief as to the truth of Stilley's allegations set forth in counterclaim Paragraph 101.

102. Stilley has not engaged in collusion, unless the last few paragraphs amount to colluding with Wolfgang P. Hirczy de Mino in order to expeditiously refine, polish, and perfect

Stilley's pleadings and arguments, so as maximize the probability that SB8 survives judicial review, to the great benefit of Wolfgang P. Hirczy de Mino.

**ANSWER:** Dr. Braid lacks knowledge or information sufficient to form a belief as to the truth of Stilley's allegations set forth in counterclaim Paragraph 102.

103. Stilley requests declaratory relief the diametrical opposite of that claimed by Braid, as to each and every count listed by Braid.

**ANSWER:** Paragraph 102 sets forth a legal conclusion that does not require a response. To the extent a response is required, Dr. Braid denies that Stilley is entitled to any of the relief Stilley seeks.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE – IMPROPER COUNTERCLAIM

1. Stilley's counterclaim for declaratory relief fails because it does not raise any factual or legal issues not already before the Court and instead seeks merely the opposite of the relief already requested by Dr. Braid. *See, e.g., United States v. Zanfei*, 353 F. Supp. 2d 962, 965 (N.D. Ill. 2005); *see also Tenneco Inc. v. Saxony Bar & Tube, Inc.*, 776 F.2d 1375, 1379 (7th Cir. 1985).

### SECOND AFFIRMATIVE DEFENSE – FOURTEENTH AMENDMENT SUBSTANTIVE DUE PROCESS

2. Pursuant to Federal Rule of Civil Procedure 10(c), Dr. Braid expressly incorporates his Fourteenth Amendment Substantive Due Process defense to liability under SB8 set forth in his Interpleader Complaint (ECF No. 1) at Paragraphs 55–59.

### THIRD AFFIRMATIVE DEFENSE – FOURTEENTH AMENDMENT EQUAL PROTECTION

3. Pursuant to Federal Rule of Civil Procedure 10(c), Dr. Braid expressly incorporates his Fourteenth Amendment Substantive Equal Protection defense to liability under

SB8 set forth in his Interpleader Complaint (ECF No. 1) at Paragraphs 60–65.

## FOURTH AFFIRMATIVE DEFENSE – FOURTEENTH AMENDMENT VOID FOR VAGUENESS

4. Pursuant to Federal Rule of Civil Procedure 10(c), Dr. Braid expressly incorporates his Fourteenth Amendment Void for Vagueness defense to liability under SB8 set forth in his Interpleader Complaint (ECF No. 1) at Paragraphs 66–72.

## FIFTH AFFIRMATIVE DEFENSE – FEDERAL PREEMPTION

5. Pursuant to Federal Rule of Civil Procedure 10(c), Dr. Braid expressly incorporates his Federal Preemption defense to liability under SB8 set forth in his Interpleader Complaint (ECF No. 1) at Paragraphs 73–79.

## SIXTH AFFIRMATIVE DEFENSE – FIRST AND FOURTEENTH AMENDMENTS, FREEDOM OF SPEECH AND THE RIGHT TO PETITION

6. Pursuant to Federal Rule of Civil Procedure 10(c), Dr. Braid expressly incorporates his First and Fourteenth Amendments Freedom of Speech and the Right to Petition defense to liability under SB8 set forth in his Interpleader Complaint (ECF No. 1) at Paragraphs 80–83.

Dated: December 27, 2021

Respectfully submitted,

*/s/ Katherine Peaslee*

Neal S. Manne
Mary Kathryn Sammons*
Abigail C. Noebels*
Katherine Peaslee*
Richard W. Hess*
SUSMAN GODFREY LLP
1000 Louisiana Street
Suite 5100
Houston, TX 77002
(713) 653-7827
nmanne@susmangodfrey.com
ksammons@susmangodfrey.com
anoebels@susmangodfrey.com

Suyash Agrawal
Alethea Anne Swift
MASSEY & GAIL LLP
50 E. Washington Street
Suite 400
Chicago, Illinois 60602
(312) 283-1590
sagrawal@masseygail.com
aswift@masseygail.com

Shannon Rose Selden*
Meredith E. Stewart*
Ebony Ray*

Marc Hearron*
CENTER FOR REPRODUCTIVE RIGHTS
1634 Eye St., NW
Suite 600
Washington, DC 20006
(202) 524-5539
mhearron@reprorights.org

Molly Duane*
CENTER FOR REPRODUCTIVE RIGHTS
199 Water Street

| | | |
|---|---|---|
| kpeaslee@susmangodfrey.com<br>rhess@susmangodfrey.com | DEBEVOISE &<br>PLIMPTON LLP<br>919 Third Ave.<br>New York, NY 10022<br>(212) 909-6000<br>srselden@debevoise.com<br>mestewart@debevoise.com<br>eray@debevoise.com | 22nd Floor<br>New York, NY 10038<br>(917) 637-3631<br>mduane@reprorights.org |

*Counsel for Interpleader*
*Plaintiff Alan Braid, M.D.*

\*Appearing *pro hac vice*

**CERTIFICATE OF SERVICE**

I certify that on December 27, 2021, a true and correct copy of this document was properly served on parties or counsel of record via electronic filing in accordance with the USDC, Northern District of Illinois Procedures for Electronic Filing. A copy was additionally served on Interpleader Defendant Wolfgang Hirczy de Mino via email pursuant to the Court's December 8, 2021 Minute Order.

                                                    */s/ Katherine Peaslee*
                                                    Katherine Peaslee