**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ALAN BRAID, M.D., | |
| Interpleader Plaintiff, | |
| v. | Case No: 1:21-cv-05283 |
| | Hon. Jorge L. Alonso |
| OSCAR STILLEY; FELIPE N. GOMEZ; WOLFGANG P. HIRCZY DE MINO, PH.D., AKA TEXAS HEARTBEAT PROJECT, | |
| Interpleader Defendants. | |

**INTERPLEADER PLAINTIFF DR. BRAID'S RESPONSE TO DEFENDANT F. GOMEZ'S SECOND MOTION TO DISMISS (ECF NO. 46)**

## I.    INTRODUCTION

Dr. Braid filed this suit in the nature of interpleader to resolve Interpleader Defendants' conflicting claims against him under Texas Senate Bill 8 ("SB8"), codified as Texas Health & Safety Code §§ 171.201 *et seq*. in a single proceeding and to stay their competing suits pending global resolution in this forum.

On October 11, 2021, Interpleader Defendant Felipe Gomez filed a motion seeking dismissal of Dr. Braid's complaint under Federal Rule of Civil Procedure 12(b)(1), on the basis that this Court purportedly lacks subject matter jurisdiction. (ECF No. 15). The Court should deny that motion for all of the reasons set forth in Dr. Braid's opposition. (*See* ECF No. 40).

Gomez has now filed a second motion to dismiss in light of his purported dismissal of his Bexar County action seeking to hold Dr. Braid liable under SB8. (ECF No. 46.) Unlike Gomez's first motion to dismiss, this second motion seeks only dismissal of Gomez, not of Dr. Braid's interpleader action itself. (*Id*. at 4). Gomez initially premised this second motion on his nonsuit without prejudice of his Bexar County action. (*Id*. at Attachment A). As explained below, dismissal of Gomez's Texas case without prejudice does not support dismissing Gomez from this action in the nature of interpleader. However, Gomez has subsequently filed an amended notice of nonsuit *with* prejudice in his Bexar County action. (ECF No. 50). Recently, one of Gomez's fellow interpleader defendants in this action, Dr. Wolfgang Hirczy de Mino, objected to Gomez's amended notice. (See Ex. A). To date, the Texas court has taken no action on Hirczy de Mino's objection, and Gomez's Bexar County action remains open.

If Gomez's Texas action is closed as dismissed with prejudice, Dr. Braid does not oppose dismissing Gomez from this action. Alternatively, Dr. Braid would not oppose this Court entering a judgment that Gomez no longer has a potential claim to the $10,000 penalty from Dr. Braid by

virtue of his amended notice of non-suit with prejudice such that Gomez is no longer an active defendant in this case. However, so long as Gomez continues to have a potential claim in Texas state court, his motion seeking dismissal from this action in the nature of interpleader should be denied.[1]

## II.     A Dismissal of Gomez's Claim Without Prejudice Does Not Support Dismissing Gomez from Dr. Braid's Interpleader Action.

Gomez's second motion is premised on his filing for non-suit ***without prejudice*** of *Gomez v. Braid*, 21-CI-19920. (ECF No. 46, Attachment A). A plaintiff properly brings an action for interpleader or in the nature of interpleader when that plaintiff has a "real and reasonable fear" of multiple liability or conflicting claims to a stake, *Aaron v. Mahl*, 550 F.3d 659, 663 (7th Cir. 2008), and dismissal without prejudice does not erase Dr. Braid's real and reasonable fear that Gomez will pursue his purported claim against Dr. Braid in the future, *id.* at 666 (affirming district court's conclusion that interpleader was appropriate "because there were adverse claimants who claimed ***or might claim*** to be entitled to the funds held by the stakeholder.") (emphasis added). This is particularly so given Gomez's repeated statements that he could do just that via amended pleadings. *See, e.g.*, *see* ECF No. 40-2  at 3 (November 20, 2021 email from Gomez stating, "My disavowment is a current disavowment, but my pleadings are set up such that my right to claim that money is preserved once my judge gives me the go-ahead."); ECF No. 40-3 (November 2, 2021 email from Gomez stating, "Seriously the obstinence of Dr braids attorneys are making me

---

[1] On the day of this filing, January 3, 2022, Gomez filed a notice in this action stating that a recent filing by Hirczy de Mino in Gomez's Bexar County "could possibly result in the non-suit being negated or in question, or even possibly a 'new trial' leading to the status of 'with prejudice' claimed by Movant Gomez to be possibly not the case." (ECF No. 53 at 1). Dr. Braid has not had the opportunity to fully parse this latest filing and reserves his right to respond separately. However, to the extent Gomez's notice at ECF No. 53 indicates his Bexar County action remains pending, this weighs heavily against dismissing him here.

actually consider going for the $10,000" (spelling and grammar as in the original)); ECF No. 40-4 (November 30, 2021 email from F. Gomez stating, "I'm going to take a chunk of the $10,000 if I can get it. . .").[2]

As Dr. Braid noted in his opposition to Gomez's first motion to dismiss, interpleader law specifically prevents an interpleader defendant from strategically abandoning his claim in this manner to escape interpleader jurisdiction, only to reassert that claim down the line. It does that in two ways: First, it allows a plaintiff to interplead potential future claims. *See* 28 U.S.C. § 1335(a)(1). Second, it premises jurisdiction on the parties' positions at the time of the complaint: "interpleader jurisdiction is determined at the time suit is filed and subsequent events do not divest the court of jurisdiction once properly acquired." *Walker v. Pritzker*, 705 F.2d 942, 944 (7th Cir. 1983) (holding in claimants' appeal in an interpleader action that the "district court was correct in continuing to exercise jurisdiction over this case after appellants waived their claim against plaintiff"). *Every* interpleader defendant would prefer to litigate his asserted claim in his chosen forum, without competing claims. Dismissing Gomez from this action on the basis of a dismissal of his claim without prejudice would allow an end-run around the very purpose of interpleader.

III.   **Dr. Braid Does Not Oppose Either Dismissing Gomez from this Action if Gomez's Claim Is Dismissed with Prejudice or this Court Entering A Judgment Against Him.**

Since filing his second motion to dismiss, Gomez has filed an amended notice of non-suit seeking dismissal of his Bexar County action ***with*** prejudice. (*See* ECF No. 50). On December 30, 2021, Interpleader Defendant Wolfgang Hirczy de Mino filed an opposition to Gomez's amended

---

[2] An interpleader defendant need not have a claim presently pending before a court in order for their potential claim to be properly resolved via interpleader. *See, e.g., Star Ins. Co. v. Cedar Valley Express, LLC*, 273 F. Supp. 2d 38, 41 (D.D.C. 2002) (adverse claimants need not "have actually initiated legal action against the stakeholder with respect to the disputed property" (citation omitted)).

notice of dismissal in the Bexar County action, asserting that Gomez cannot alter the nature of his dismissal from one without prejudice to one with prejudice. *See* Ex. A. The Texas court has not acted on on Hirczy de Mino's opposition, nor has it closed Gomez's case.

If the Texas court closes Gomez's case as dismissed with prejudice, Dr. Braid does not oppose dismissing Gomez from this action. Alternatively, Dr. Braid does not oppose this Court entering a judgment that Gomez has no potential claim against Dr. Braid for the $10,000 penalty award such that Gomez is no longer an active defendant in this case.

**IV.    CONCLUSION**

Dr. Braid does not oppose Gomez's dismissal from this case if Gomez's claim against Dr. Braid in Texas state court is closed as dismissed with prejudice or the entering of a judgment that Gomez has no potential claim against Dr. Braid. Otherwise, Gomez's motion should be denied.

Dated: January 3, 2022

By: */s/ Katherine Peaslee*

| | | |
|---|---|---|
| Suyash Agrawal | Marc Hearron* | Neal S. Manne** |
| Alethea Anne Swift | CENTER FOR | Mary Kathryn Sammons** |
| MASSEY & GAIL LLP | REPRODUCTIVE RIGHTS | Abigail C. Noebels* |
| 50 E. Washington Street | 1634 Eye St., NW | Katherine Peaslee* |
| Suite 400 | Suite 600 | Richard W. Hess* |
| Chicago, Illinois 60602 | Washington, DC 20006 | SUSMAN GODFREY L.L.P. |
| (312) 283-1590 | (202) 524-5539 | 1000 Louisiana |
| sagrawal@masseygail.com | mhearron@reprorights.org | Suite 5100 |
| aswift@masseygail.com | | Houston, TX 77002 |
| | Molly Duane* | (713) 653-7827 |
| | CENTER FOR | nmanne@susmangodfrey.com |
| | REPRODUCTIVE RIGHTS | ksammons@susmangodfrey.com |
| | 199 Water Street | anoebels@susmangodfrey.com |
| | 22nd Floor | kpeaslee@susmangodfrey.com |
| | New York, NY 10038 | rhess@susmangodfrey.com |
| | (917) 637-3631 | |
| | mduane@reprorights.org | Shannon Rose Selden* |
| | | Meredith E. Stewart* |
| | | Ebony Ray* |
| | | DEBEVOISE & PLIMPTON |
| | | LLP |

4

919 Third Ave.
New York, NY 10022
(212) 909-6000
srselden@debevoise.com
mestewart@debevoise.com
eray@debevoise.com

*Counsel for Interpleader Plaintiff Alan Braid, M.D.*
*Appearing *pro hac vice*
** *Pro hac vice* forthcoming

## **Certificate of Service**

I certify that on January 3, 2022, a true and correct copy of this document was served on pro se parties and counsel of record who have appeared via electronic filing. A copy of this document was additionally served on the following party that is not listed as an E-Filer on the docket:

Wolfgang P. Hirczy de Mino, wphdmphd@gmail.com

*/s/  Katherine Peaslee*