

FILED
1/3/2022
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

JJ

IN THE U.S. DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRAID<br><br>v<br><br><br>STILLEY et al | 21-cv-5283<br><br>Honorable Judge Jorge Alonso |

## DEFENDANT GOMEZ REPLY TO BRAID RESPONSE [54]

NOW COMES PRO SE DEFENDANT GOMEZ, Felipe Gomez, and replies to the 1.3.22 Braid Response [54] as follows:

1    Plaintiff states in operative part on 1.3.22, in [54], *Response at 3-4*:

"Every interpleader defendant would prefer to litigate his asserted claim in his chosen forum, without competing claims.

Dismissing Gomez from this action on the basis of a dismissal of his claim without prejudice would allow an end-run around the very purpose of interpleader.

Since filing his second motion to dismiss, Gomez has filed an amended notice of non-suit seeking dismissal of his Bexar County action with prejudice. (See ECF No. 50).

On December 30, 2021, Interpleader Defendant Wolfgang Hirczy de Mino filed an opposition to Gomez's amended notice of dismissal in the Bexar County action, asserting that Gomez cannot alter the nature of his dismissal from one without prejudice to one with prejudice. See Ex. A. The Texas court has not acted on on Hirczy de Mino's opposition, nor has it closed Gomez's case.

If the Texas court closes Gomez's case as dismissed with prejudice, Dr. Braid does not oppose dismissing Gomez from this action. Alternatively, Dr. Braid does not oppose this Court entering a judgment that Gomez has no potential claim against Dr. Braid for the $10,000 penalty award such that Gomez is no longer an active defendant in this case.

IV. CONCLUSION

Dr. Braid does not oppose Gomez's dismissal from this case if Gomez's claim against Dr.Braid in Texas state court is closed as dismissed with prejudice or the entering of a judgment that Gomez has no potential claim against Dr. Braid. Otherwise, Gomez's motion should be denied."

2. Gomez responds generally that Braid improperly attempts to boondoggle into this Court "entering... a judgement judgment" against Gomez, without Gomez even being afforded a hearing on the merits, where the Court has been divested of whatever arguable jurisdiction it had by the non-suit with prejudice, instead of simply dismissing Gomez, with prejudice, which is clearly NOT a request for Gomez to be subjected to ANY 'judgement", which is what a motion to dismiss tries to avoid (which "idea" is repugnant, and would immediately be appealed if adopted without being heard on the merits, AFTER denial of the motion (not a grant of a judgement as a response thereto)). *Response at 4 (admitting to knowledge of [50]).*

3. As to the crack ""Every interpleader defendant would prefer to litigate his asserted claim in his chosen forum, without competing claims", Gomez asserts that it is Braid that is trying to litigate in a forum inappropriate for the definitive resolution of the claims allegedly desired, where he has expended zero dollars in any Court in Texas, but rather one foreign to Texas. *Response at 4*.

Gomez also asserts the Seventh Circuit prohibits what Braid is attempting, given Gomez has NEVER claimed the $10,000, and none of the state complaints ever

did. *Bierman v Marcus*, 246 F.2d 200, 202 (Lack of real fear of exposure prevents interpleader).

Braid also ignores that Texas has an interpleader statute, TRCP 43, and that he could have asked for the 3 cases to be consolidated per TRCP 174. Nowhere in the record does Braid explain why he failed to utilize these avenues, except that chance had Gomez being from this District, apparently perceived, by practitioners, to have favorable (lax) interpleader requirements. Gomez asserts that the expenditure to consolidate in a court near Braid would have been less expensive and more convenient to Plaintiff.

4. Next, in the same breath, Braid asserts:

"Dismissing Gomez from this action on the basis of a dismissal of his claim without prejudice would allow an end-run around the very purpose of interpleader. Since filing his second motion to dismiss, Gomez has filed an amended notice of non-suit seeking dismissal of his Bexar County action with prejudice. (See ECF No. 50). "

First, the accusation that Gomez is end-running "the very purpose of interpleader" is not well taken, considering it is Braid that is abusing interpleader for, in Gomez opinion, political and business gain.

Rather, an atlas reveals that it is Braid who is end running his own Texas Courts here in Chicago, protestations of needing "protection" falling to the wayside when

one considers how far from home Dr. Braid has wandered, in his efforts to not do a thing to defeat SB8.

Instead of focusing on SB8, Braid elected to sue someone that tried to help him, asking for zero money, and then, when that someone tries to say goodbye, attempts to further abuse interpleader, and Gomez, by trying to bamboozle the Court into shoving a judgement up Gomez on the way out the door ('no good deed...').

Second, the fact that Braid admits that Gomez non-suited with prejudice on 12.20.21 undercuts the bogus request for a ad hoc favorable judgment, without due process beforehand. *[50]*.

Braid also fails to explain, or cite any law, as to how Gomez can "end run", by trying to refile the matter when he has a non-suit with prejudice on file there, as if the Judge would ignore the "with prejudice", again insulting Texas Courts, as does the existence of 21cv5283.

5. Next Braid asserts:

"On December 30, 2021, Interpleader Defendant Wolfgang Hirczy de Mino filed an opposition to Gomez's amended notice of dismissal in the Bexar County action, asserting that Gomez cannot alter the nature of his dismissal from one without prejudice to one with prejudice. See Ex. A. The Texas court has not acted on on Hirczy de Mino's opposition, nor has it closed Gomez's case."

4

First, DeMino has not appeared or waiver service in 21CI19920, and the Court there has no authority to hear him, as personal jurisdiction does not exist, nor has he obtained leave to address the Court there, as a review of the docket he himself attached shows. *See Response at Ex. A.*

Thus, based on the lack of authority or right of DeMino to file or be heard in 21CI19920, it likely will never that his filings are "acted on".

Second, Braid presents no authority as to why it thinks a Texas Court must "close" a non-suited case, because that assertion is also bereft of basis in reality, fact and law both, since the non-suit divests the court of any further authority, other than to enter the non-suit (not any judgment, the lack of which is a prerequisite to non-suit. See [53].

To wit:

"Upon timely motion, the nonsuit is effective at the moment it is filed and effects an immediate dismissal of the entire lawsuit. *Merrill Lynch Relocation Management, Inc. v. Powell,* 824 S.W.2d 804, 806 (Tex.App. — Houston [14th Dist.] 1992, orig. proceeding). Consequently, the trial judge merely performs a ministerial act in granting the nonsuit. *Shadowbrook Apartments v. Abu-Ahmad,* 783 S.W.2d 210, 211 (Tex. 1990); *Greenberg v. Brookshire,* 640 S.W.2d 870, 872 (Tex. 1982).* The taking of a nonsuit does not prejudice the parties from seeking the same relief in a subsequent suit. *Ashpole v. Millard,* 778 S.W.2d 169, 171 (Tex.App. — Houston [1st Dist.] 1989, orig. proceeding); see *Aetna Casualty Surety Co. v. Specia,* 849 S.W.2d 805, 806 (Tex. 1993) (subject to certain conditions, plaintiff taking nonsuit not precluded from filing subsequent suit

seeking same relief); *O'Brien v. Stanzel, 603 S.W.2d 826, 828* (right to nonsuit without prejudice to refiling absolute when motion timely).

The nonsuit or dismissal is not an adjudication of the rights of the parties but merely places them in the position they were in as if suit had never been filed. *Crofts v. Court of Civil Appeals, 362 S.W.2d 101, 103 (Tex. 1962); Ashpole v. Millard, 778 S.W.2d 169, 171 (Tex.App. — Houston [1st Dist.] 1989, orig. proceeding).*

<u>Moreover, once the case is dismissed voluntarily, no further action may be had in that case, and any further action must be taken by instituting a suit de novo unless the trial court grants a motion to reinstate.</u> *Id.; see Missouri Pacific R.R.Co. v. Whitaker, 815 S.W.2d 348, 349 n. 2 (Tex.App. — Tyler 1991, orig. proceeding)* (trial court retains plenary power to entertain motion for reinstatement following nonsuit).".

*Alvarado v Hyundai 885 S.W.2d 167, 177 (Tex App 1994).*

Given that the non-suit is with prejudice, a Texas Court does not even retain the plenary power to reinstate. *Missouri Pacific R.R.Co. v. Whitaker, 815 S.W.2d 348, 349 n. 2 (Tex.App. — Tyler 1991, orig. proceeding).*

Further, as the underlined passage above indicates, Braid's desire that the Texas Court take any further action is only that, and like this interpleader is not based on fact or law, or any subjective reasonable fear of Gomez or the now gone claims in Texas, and the District Court need not wait to dismiss Gomez, except that Gomez has asked [52] that be put on hold in attempt to get DeMino in, first, in the event the Court declines to simply dismiss (or tries to enter any type of judgment against Gomez).

6

6. Next, Braid asserts:

"If the Texas court closes Gomez's case as dismissed with prejudice, Dr. Braid does not oppose dismissing Gomez from this action."

As discussed above, the Texas Court has no power to "close" the case, it is over by operation of law "Without necessity of order". *TRCP 162; Alvarado v Hyundai 885 S.W.2d 167, 177 (Tex App 1994)*. Thus the condition precedent will never occur.

7. Then Braid states, in amazing disregard for the due process SB8 denies him:

"Alternatively, Dr. Braid does not oppose this Court entering a judgment that Gomez has no potential claim against Dr. Braid for the $10,000 penalty award such that Gomez is no longer an active defendant in this case."

This is pure bull, as of course a defendant in a validly filed state lawsuit would love to get another foreign judge to enter judgement against his pursuer without any hearing on the merits, the exact type of deprival of due process SB8 imposes on him.

The gall of Dr. Braid, to not only sue someone (that was) on his side, but then to ask a federal judge to ignore due process and violate Gomez's rights to a fair hearing on the merits, is simply incredible, despicable and unacceptable from practicing attorneys that should know better than to try to get this Court further afield than has already been machinated.

Two wrongs do not make a right, and nothing Braid has done here in Chicago has done anything to right the wrong that is SB8, as the record reflects.

8. Finally, Braid concludes:

"Dr. Braid does not oppose Gomez's dismissal from this case if Gomez's claim against Dr.Braid in Texas state court is closed as dismissed with prejudice or the entering of a judgment that Gomez has no potential claim against Dr. Braid. Otherwise, Gomez's motion should be denied." *Response at 4.*

Gomez's case is dismissed with prejudice, and is closed, that is the function of a non-suit in Texas as the caselaw above shows, thus Braid in effect agrees with the dismissal.

Gomez will not stand for any judgement being entered against him as a result of a motion to dismiss, and in absence of due process, or even a motion for entry of judgement (but rather by a backdoor request in a response).

10. In the alternative, Gomez now asks the court to take the motions to dismiss and briefing under advisement, and table his motions to dismiss, until DeMino has appeared or is defaulted, and while Gomez contemplates both cross claims as to DeMino, and counterclaiming against Braid given Braid wishes for entry of judgement.

11. Once DeMino is resolved, Gomez will move to have the motions to dismiss decided, unless, as the second alternative, the Court elects to simply dismiss Gomez without further ado, with prejudice as to Braid's claims, and with no judgements entered as to Gomez., which dismissal Gomez would not challenge if it is merely that.

13. In a third alternative, Braid is invited to file for the relief it states it wishes, beyond the 12.20.21, non-suit from the Texas Court, by simply appearing and moving for that, in 21CI19920, as, after further contemplation, and despite desiring to flip DeMino's frivolity on his head, Gomez now does NOT intend to take any further action there, of any sort.

**Submitted By:** *s/Felipe N. Gomez, Pro Se*   1.3.22

### CERTIFICATE OF SERVICE

I hereby certify that on 1.3.22, a true and correct copy of the foregoing Reply has been served by the emailing it to the Clerk, and by the Clerk's filing of it with the Clerk of the Court via the CM/ECF system, which generates a notice of filing to all those appearing.

/s/ *Felipe N. Gomez, Pro Se*  **Dated:** *1.3.22*

Felipe Gomez, Pro Se
PO Box 669
Forest Park, IL 60148
312.509.2071
fgomez9592@gmail.com