UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALAN BRAID, M.D., | ) | |
| | ) | |
| Intervenor-Plaintiff, | ) | Case No. 21 CV 5283 |
| | ) | |
| v. | ) | Judge Jorge L. Alonso |
| | ) | |
| FELIPE GOMEZ, et. al. | ) | |
| | ) | |
| Intervenor-Defendants. | ) | |

## Order

For the reasons below, the Court denies Gomez's motions [15] [20] [27] [43] [46] and [49]. The Court, however, grants the parties leave to file supplemental briefs to show cause why judgment should not be entered that Gomez is not entitled to the statutory damages award under Texas Senate Bill 8 relating to the abortion procedure performed by Alan Braid, M.D. on September 6, 2021. Intervenor-Defendant Gomez has until March 7, 2022 to file his brief. Any other interested party is granted until March 21, 2022 to file a brief on this issue. Gomez is granted until April 4, 2022 to file any reply.

## Background

This case involves Texas Senate Bill 8 ("S.B. 8"), also known as the Texas Heartbeat Act, which prohibits a physician from performing an abortion on a pregnant woman when a fetal heartbeat can be detected. [1]. S.B. 8 empowers "[a]ny person, other than an officer or employee of a state or local governmental entity in [the] state," to bring a civil action against a physician who "performs or induces an abortion" in violation of S.B. 8, as well as anyone who "knowingly engag[es] in conduct that aids or abets the performance or inducement of" an abortion that violates the statute, or who "intends" to provide, aid, or abet a prohibited abortion. Tex. Health & Safety Code § 171.208(a)(1)–(2).

If a claimant prevails in such an action, S.B. 8 provides for statutory damages in an amount not less than $10,000 in addition to costs and attorneys' fees for the successful enforcement. This law, however, states that "a court may not award relief under this section in response to a violation of Subsection (a)(1) or (2) if the defendant demonstrates that the defendant previously paid the full amount of statutory damages under Subsection (b)(2) in a previous action for that particular abortion performed or induced in violation of this subchapter, or for the particular conduct that aided or abetted an abortion performed or induced in violation of this subchapter." Tex. Health & Safety Code § 171.208(c). In other words, the statutory damage award may be awarded only once per unlawful abortion procedure. The statute does not state how to determine the statutory award when multiple claimants file suit against the same person for the same abortion procedure.

The Court takes the following background facts from the complaint. On September 18, 2021, Intervenor-Plaintiff Alan Braid, M.D., a physician residing and practicing in Texas, published an op-ed in the Washington Post stating that he performed an abortion on a woman on September 6, 2021 in defiance of S.B. 8. After this op-ed, several individuals, including intervenor-defendant Gomez, sued Braid under S.B. 8's enforcement mechanism. In response, Braid filed this interpleader action under 28 U.S.C. § 1335 with respect to the $10,000. Braid also asserts various claims under the Fourteenth Amendment and requests that the Court declare S.B. 8 unconstitutional.

Gomez has filed multiple motions to dismiss Braid's intervenor-complaint against him.[1] In his first motion [15], Gomez argues that the Court lacks subject-matter jurisdiction because none of the claimants are yet entitled to the $10,000 minimum and because Gomez has disclaimed any intention to collect the $10,000. In his other motion [46], Gomez moves to dismiss the intervenor-complaint against him because he non-suited his underlying Texas state court lawsuit against Braid. The facts as to the non-suit appear to be as follows. Gomez first filed a notice of non-suit. Later, Gomez filed an amended notice of non-suit with prejudice. Dr. Wolfgang Hirczy de Mino, an intervenor-defendant in this case but not a party to Gomez's Texas case, filed an objection to Gomez's amended non-suit with prejudice arguing that Gomez does not have standing to change the nature of his non-suit. The Texas state court entered an order granting Gomez's initial notice of non-suit, but has not considered the amended notice of non-suit with prejudice.

## Discussion

To start, the Court addresses the motions that do not require lengthy discussion. Given that the Court is ruling on Gomez's first motion to dismiss in this Order, the Court denies as moot the motion to expedite ruling [20]. Next, because the Court set a briefing schedule allowing Braid to file a formal response, the Court denies as moot Gomez's motion to treat Braid's prehearing statement as a response to his second motion to dismiss [49]. Having addressed those preliminary issues, the Court turns to Gomez's motion for reconsideration [49], first motion to dismiss [15], and second motion to dismiss [46].

### I. Motion to Reconsider [49]

Gomez's motion for reconsideration asks the Court to reevaluate its November 29, 2021 order. That order denied Gomez's: (i) motion for joinder [30], (ii) motion for judicial notice [31], (iii) request for immediate dismissal *sua sponte* for lack of interpleader jurisdiction, and (iv) request for leave to file an interlocutory appeal under 28 U.S.C. § 1292(b).

Motions to reconsider are improper except to correct a manifest error of law or to present newly discovered evidence. *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996); *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D.

---

[1] Though the prior facts are taken from Braid's complaint, the facts in this paragraph are taken from the undisputed portions of parties' briefing on the various motions to dismiss.

Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984). A motion to reconsider is not appropriate for relitigating arguments or arguing issues that could have been raised previously. *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000); *see also Banister v. Davis*, 140 S. Ct. 1968 (2020).

Gomez argues that the Court's November 29, 2021 order constitutes "new evidence" that warrants reconsideration of the Court's prior order. The Court disagrees. The Court's order is not newly discovered evidence. Furthermore, the Court's recognition that Braid challenges the constitutionality of S.B. 8 does not make this case any less of an interpleader action. In short, Gomez has not identified any manifest error of law or fact, or newly discovered evidence, that warrants disturbing the Court's prior order. Nor has Gomez identified a controlling question of law where a substantial ground for difference of opinion exists and that an immediate appeal would materially advance the litigation. *See Ahrenholz v. Board of Trs. of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000) (setting out requirements for interlocutory appeal); 28 U.S.C. § 1292(b). Accordingly, the Court denies the motion to reconsider [43].

## II.     Motion to Dismiss for Lack of Subject-Matter Jurisdiction [15]

Next, Gomez asks the Court to dismiss this case based on a lack of subject-matter jurisdiction, including a lack of controversy. Section 1335 of Title 28 of the United States Code provides district courts an independent basis for asserting subject-matter jurisdiction in an interpleader action. Interpleader allows a "stakeholder who has no claim to the money in the accounts and is willing to release it to the rightful claimant to put the money ... in dispute into court, withdraw from the proceedings, and leave the claimants to litigate between themselves the ownership of the fund in court." *Commercial Nat'l Bank of Chicago v. Demos*, 18 F.3d 485, 487 (7th Cir. 1994). To meet the requirements for statutory interpleader, an interpleader-plaintiff must allege a minimum stake of $500 and that the two (or more) claimants are citizens of different states. 28 U.S.C.§ 1335. The existence of subject-matter jurisdiction over an interpleader action is determined at a case's outset and is not disturbed by subsequent events. *See Walker v. Pritzker*, 705 F.2d 942, 944 (7th Cir. 1983). To further its purpose of protecting stakeholders from conflicting claims, the interpleader statute must "be liberally construed." *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 533 (1967) (liberally construing 28 U.S.C. § 1335 to conclude that a stakeholder need not wait for claimants to obtain final judgments before initiating an interpleader action).

The Court finds that it has subject-matter jurisdiction over the intervenor-defendants in Braid's complaint. At the time Braid filed his intervenor complaint, three separate individuals had sued him and thus each had a potential claim to the $10,000 damages award for Braid's violation of S.B. 8. Thus, Braid's complaint established a "real and reasonable fear of double liability or conflicting claims" for the stakeholder." *Aaron v. Mahl*, 550 F.3d 659, 663 (7th Cir. 2008). Gomez's disclaimer of the $10,000 does not change this conclusion. By filing the complaint, Gomez was potentially entitled to the $10,000. S.B. 8 states that "[i]f a claimant prevails in an action brought under [S.B. 8], the court *shall* award:… statutory damages in an amount of not less than $10,000 for each abortion that the defendant performed or induced in violation of this subchapter, and for each abortion performed or induced in violation of this subchapter that the defendant aided or abetted…" Tex. Health & Safety Code § 171.208(b)

3

(emphasis added). As such, Braid had a reasonable fear that he could be subject to conflicting claims and duplicitous liability.

Additionally, the amount at issue is above $500, and the interpleader-defendants are diverse from one another: Gomez is a citizen of Illinois; Defendant Stilley is a citizen of Arkansas; and Defendant de Mino is a citizen of Texas. [1] at ¶¶8-10. Braid's complaint, therefore, meets the requirements for 28 U.S.C.§ 1335, which independently vests the Court with subject-matter jurisdiction over this case. Gomez's motion [15] is denied.

### III.    Motion to Dismiss Based on Non-Suit [46]

Lastly, Gomez asks the Court to dismiss Braid's claim against him based on the non-suit in his underlying Texas case. Once again, Gomez argues that the non-suit deprives this Court of subject-matter jurisdiction. The Court disagrees. The Court's subject-matter jurisdiction over an interpleader action is determined at the case's outset and is not disturbed by subsequent events. *See Walker*, 705 F.2d at 944. Gomez's motion, therefore, is denied to the extent it seeks to dismiss him as an intervenor-defendant based on a lack of subject-matter jurisdiction.

Nonetheless, based on the parties' representations, it appears that claim preclusion, or res judicata, might prohibit the current claim against Gomez from moving forward. Claim preclusion is an affirmative defense, and a court cannot dismiss a case on the basis of an affirmative defense unless the plaintiff alleges (and thus admits) the ingredients of the affirmative defense in his complaint. *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613-14 (7th Cir. 2014); *United States Gypsum Co. v. Indiana Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2003). To apply claim preclusion in this case, the Court would have to consider matters outside the pleadings. Rule 12(d) states that if a motion under Rule 12(b)(6) or 12(c) presents matters that are outside the pleadings and not excluded by the Court, then the motion must be treated as one for summary judgment under Rule 56. Here, where the material facts relating to Gomez's non-suit are undisputed, the Court will consider whether claim preclusion applies. *See Kratville v. Runyon*, 90 F.3d 195, 198 (7th Cir. 1996) ("…we have recognized that courts, in the interest of judicial economy, may raise the issue of preclusion *sua sponte* even when a party fails to do so.").

For claim preclusion, the Court looks to the law of the state where the judgment was rendered. *See 4901 Corp. v. Town of Cicero*, 220 F.3d 522, 529 (7th Cir. 2000) (applying state court law to determine whether state court order precluded a subsequent claim). Here, the Court looks to Texas law. Under Texas law, a party asserting claim preclusion must establish: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action. *Cuanto Antes Mejor, L.L.C. v. EOG Resources, Inc.*, Case No. 04-19-00691-CV, 2021 WL 2211453, at *3 (Tex. App.—San Antonio [4th Dist.] June 2, 2021) (internal citations omitted). The latter two elements—identity of parties and claims—are clearly established here. First, Gomez and Braid are the same parties in the Texas case. Second, both cases seek to resolve whether Braid violated S.B. 8 (which Braid concedes) and who is entitled to the statutory damages award under the statute.

The last issue is whether there was a prior final judgment on the merits based on Gomez's non-suit or amended non-suit with prejudice. Under Texas Rules of Civil Procedure, a non-suit operates as a voluntary dismissal without prejudice. *See Leader's Institute, LLC v. Jackson*, Case No. 14-cv-3572, 2017 WL 5629514, at *3 n.9 (N.D. Tex. Nov. 22, 2017) ("In Texas courts, '[a]t any time before the plaintiff has introduced all of his evidence other than rebuttal evidence, the plaintiff may dismiss a case, or take a non-suit.' A 'non-suit' is a plaintiff's voluntary dismissal of a suit without prejudice") (internal citations omitted). "A party has an absolute right to file a nonsuit, and a trial court is without discretion to refuse an order dismissing a case because of a nonsuit unless collateral matters remain." *Travelers Ins. Co., v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010).

It is well established, however, that "a dismissal or nonsuit with prejudice is 'tantamount to a judgment on the merits.'" *Epps v. Fowler*, 351 S.W.3d 862, 868 (Tex. 2011) (quoting *Dean v. Riser*, 240 F.3d 505, 509 (5th Cir. 2001)). "The res judicata effect of a nonsuit with prejudice works a permanent, inalterable change in the parties' legal relationship to the defendant's benefit: the defendant can never again be sued by the plaintiff or its privies for claims arising out of the same subject matter." *Id.* at 868–69 (citing *Travelers*, 315 S.W.3d at 862). Conversely, res judicata does not bar a non-suit without prejudice. *Id.* at 869.

If the Texas state court had entered an order that Gomez case was dismissed with prejudice, then res judicata would clearly apply. That has not happened yet. Rather, Gomez filed his initial non-suit (without prejudice), which the Texas court granted, but the court has not taken any action regarding the amended non-suit with prejudice. As such, the question for this Court becomes whether the Texas court must act to effectuate the dismissal with prejudice.

The answer to that question appears to be no. As Gomez points out, granting a non-suit is a ministerial act, and a plaintiff's right to a non-suit exists from the moment a written motion is filed or an oral motion is made in open court. *In re Greater Hous. Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325 (Tex. 2009). There are no formal requirements other than the "mere filing of the motion with the clerk or oral announcement in open court." *Greenberg v. Brookshire*, 640 S.W.2d 870, 872 (Tex. 1982) (per curiam). In fact, in the absence of a pending claim for affirmative relief, a Texas trial court has a ministerial duty to grant the non-suit and is without discretion to refuse to grant the non-suit. *In re Greater Hous. Orthopaedic Specialists, Inc.*, 295 S.W.3d at 326; *Williams v. Barnett*, Case No. 01-10-00526-CV, 2011 WL 2436500, at *4 (Tex.App.-Hous. [1 Dist.] June 16, 2011). Consequently, since the underlying state case had no pending claims for affirmative relief at the time Gomez filed his amended notice of non-suit, the non-suit with prejudice would be effective the moment it was filed.

Because res judicata appears to prohibit the claim against Gomez from moving forward, the Court is considering entering a judgment that Gomez is not entitled to the statutory damages award. *See* 7 Wright & Miller, Federal Practice and Procedure § 1714 (1972) ("Accordingly, when there is no genuine issue of material fact that justifies continuing to trial, the second stage may be adjudicated on a summary-judgment motion"). Before that, however, Federal Rule of Civil Procedure 56(f) requires that prior to granting judgment independent of a motion—which the Court could do here even though neither party discussed the applicability of res judicata—the Court must give the parties notice and a reasonable time to respond. Thus, the parties are given

notice that the Court is considering entering a judgment that Gomez is not entitled to the $10,000 award under S.B. 8 for the abortion procedure performed by Intervenor-Plaintiff Braid on September 6, 2021 based on res judicata. Intervenor-Defendant Gomez is granted until March 7, 2022 to file a supplemental brief showing cause why summary judgment on the basis of res judicata would be improper. Any other interested party is granted until March 21, 2022 to file a brief on this issue. Gomez is granted until April 4, 2022 to file any supplemental reply.

**SO ORDERED.**  **ENTERED: February 15, 2022**

_____
**HON. JORGE ALONSO**
**United States District Judge**