

## United States District Court
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| ALAN BRAID, Plaintiff<br><br>v<br><br>OSCAR STILLEY, FELIPE GOMEZ, et al.<br>Defendants | Case No: 21 cv 5283<br><br>Hon. Judge Jorge L Alonso |
|---|---|

**GOMEZ MOTION FOR JUDICIAL NOTICE OF
HONORABLE TEXAS COURT OF APPEALS FEBRUARY 16, 2022, ORDER
FINDING THAT GOMEZ SOUGHT ONLY DECLARATORY NOT MONETARY
RELIEF AT THE TIME OF FILING OF 21cv5283, AND THAT *GOMEZ v BRAID,
21CI19920*, IS EXTINGUISHED**

NOW COMES "INTERPLEADER" DEFENDANT GOMEZ and referring the Court to Status Report [62], and supplementing and informing the Court, and

1. complaining the Complaint [1] and Motion for Summary Judgement [75] ("supported" by unsworn statements, not the requisite affidavits, with Gomez preparing to move to strike that flawed and misguided document) are directed at Texas (making Texas a FRCP 19 necessary party, and

2. complaining that Texas is absent, with the Court affirmatively ignoring FRCP's 19 use of the word "shall" and denying the Gomez motion to join [30, 68] , with fees being sought from Gomez instead of Texas ([75] *at "Relief"*),  and

3. Gomez intending to "convert" the Appeal USCA7-22-1248 into a 18 USC 1651/FRAP 42 Writ of Mandemus/Prohibition to command this Court to obey FRCP 19's mandate, and to find that Gomez was never subject to 21cv5283

1

jurisdiction (as there was never a claim as to the $10,000 by Gomez, nor any fear that Gomez would claim such, based on the face of the complaint in 21CI19920), and

4. the Texas Fourth Court of Appeals having on February 16, 2022, spoken directly to the issue of whether this Court had Interpleader jurisdiction over Gomez at the time of filing of 21cv5283, as well as the fact that there is no Gomez Texas case for this Court to enjoin, or pretend exists, or subject Gomez to anything other than immediate dismissal no fees and with prejudice; hence and

**WHEREFORE** Gomez respectfully MOVES this Court to:

A. take judicial notice of the attached 2.16.22 Order from the appeal of 21CI19920, No. 04-22-000017, which attached copy was sent to undersigned as the Appellee and is an exact duplicate of that file as received. *Attachment A - 2.16.22 Order Dismissing Appeal*.;

B. take judicial notice that, contrary to this Court's finding that "Gomez was potentially entitled to the $10,000 [because] S.B.8 states 'the court *shall* award' [the $10,000]...Braid had a reasonable fear" of Gomez ([68], *opinion at 4*), the Texas Court found as to the 9.20.21 Complaint that it did NOT seek any money, but rather pleaded for SB8 to be declared illegal ( hardly a claim that a reasonable person could interpret as asking for money, let alone trying to fake like it is directed at Braid, when it is properly joined Texas there that is the target):

"On September 20, 2021, appellee filed a petition...alleging (1) that Dr.

2

    Braid performed an abortion in Texas, and (2) seeking to have the trial court declare Section 171.208 of the [TCPR] (colloquially called "SB8", declared unconstitutional and 'illegal as written and applied until *Roe v Wade* is reversed or modified'. Att. A - Order at 1.

C. take judicial notice that the a Court of competent jurisdiction, the Texas Court of Appeals, has found as a matter of fact and law the on 9.20.21 in the matter *Gomez v Braid et al., 21CI19920*, Gomez did NOT seek money from, or make any claim for same as to Braid, but rather attacked only Texas, seeking that SB8 be declared illegal, and

D. take notice of pure logic that no reasonable person could fear what did not exist in fact, that a person challenging the legality of a law cannot be held to be seeking money from the person he is trying to help erase that law, and that on the date that 21cv5283 was filed, no fear of any sort existed as far as Braid, based on the face of the 21CI19920 complaint as interpreted by the Texas Appellate Court, and interpretation this Court is bound by under full faith and credit; and

E. take notice that the Texas Court found that 21CI1990 is OVER, *res judicata* or *res ipsa locator,* and thus there is ZERO relief as far as any judgement directed to trying to enjoin Gomez, or any judgment whatsoever, dismissal being the only correct option, which threatened judgement will also be immediately appealed as *void ab initio*.

Respectfully Requested By:___***Felipe Gomez, Pro Se***_____ Date: 2.19.22

Felipe Gomez

3

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

    Undersigned Felipe Gomez, Pro Se, hereby certifies that he personally emailed the foregoing Motion, as well as this Certificate to the Court Pro Se Email, *Temporary_E-Filing@ilnd.uscourts.gov,* for filing by way of the U.S. District Court for the Northen Illinois CM/ECF e-filing system, and that a full e-copy is e-mailed to the other parties of record by way of the CM/ECF system, certifying on this date, 2.19.22, prior to such actual occurrence as it is a weeekend.

    CERTIFIED BY: *Felipe Gomez, Pro Se*
    Dated: 2.19.22

Felipe Gomez, Pro Se
1922 W Belmont Ave
Chicago IL 60657
312.509.2071
fgomez9592@gmail.com

4

**ATTACHMENT A**

**TEXAS FOURTH COURT OF APPEALS ORDER**

5



# COURT OF APPEALS

| | | |
|---|---|---|
| REBECA C. MARTINEZ<br>　CHIEF JUSTICE<br>PATRICIA O. ALVAREZ<br>LUZ ELENA D. CHAPA<br>IRENE RIOS<br>BETH WATKINS<br>LIZA A. RODRIGUEZ<br>LORI I. VALENZUELA<br>　JUSTICES | FOURTH COURT OF APPEALS DISTRICT<br>CADENA-REEVES JUSTICE CENTER<br>300 DOLOROSA, SUITE 3200<br>SAN ANTONIO, TEXAS 78205-3037<br>WWW.TXCOURTS.GOV/4THCOA.ASPX | MICHAEL A. CRUZ,<br>CLERK OF COURT<br><br>TELEPHONE<br>(210) 335-2635<br><br>FACSIMILE NO.<br>(210) 335-2762 |

February 16, 2022

Felipe N. Gomez
1922 W. Belmont Ave.
Chicago, IL 60657
* DELIVERED VIA E-MAIL & POSTAL *

Wolfgang P. Hirczy De Mino, PhD
P.O. Box 521
Bellaire, TX 77402-0521
* DELIVERED VIA E-MAIL & POSTAL *

RE:　Court of Appeals Number:　04-22-00017-CV
　　　Trial Court Case Number:　2021CI19920
Style: *Wolfgang P. Hirczy de Mino, Ph.D. v. Felipe N. Gomez*

　　　Enclosed please find the opinion which the Honorable Court of Appeals has issued in reference to the above styled and numbered cause.

　　　If you should have any questions, please do not hesitate to contact me.

　　　　　　　　　　　　　　　　　　　　Sincerely,
　　　　　　　　　　　　　　　　　　　　MICHAEL A. CRUZ, CLERK OF COURT

　　　　　　　　　　　　　　　　　　　　*/s/ Lynn Domangue*
　　　　　　　　　　　　　　　　　　　　Lynn Domangue
　　　　　　　　　　　　　　　　　　　　Legal Assistant, 335-3207



# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-22-00017-CV

Wolfgang P. Hirczy **DE MINO**, Ph.D.,
Appellant

v.

Felipe N. **GOMEZ**,
Appellee

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2021CI19920
Honorable Cathy Stryker, Judge Presiding

PER CURIAM

Sitting:    Rebeca C. Martinez, Chief Justice
            Patricia O. Alvarez, Justice
            Lori I. Valenzuela, Justice

Delivered and Filed: February 16, 2022

DISMISSED FOR LACK OF JURISDICTION

  Appellee moves to dismiss this appeal for lack of jurisdiction. We grant the motion and dismiss this appeal.

  On September 20, 2021, appellee filed a petition against Dr. Alan Braid (1) alleging Dr. Braid performed an abortion in Texas and (2) seeking to have the trial court declare Section 171.208 of the Texas Civil Practice and Remedies Code (colloquially called "SB8") declared unconstitutional and "illegal as written and as applied until *Roe v. Wade* is reversed or modified." By subsequent amendments, appellee added numerous parties—including appellant.

04-22-00017-CV

On October 11, 2021, appellant filed a plea to the jurisdiction in which appellant argued appellee "has no standing to assert a viable claim" against Dr. Braid or appellant. The plea asserted additional bases for a lack of jurisdiction, requiring entry of an involuntary dismissal for lack of subject matter jurisdiction.

On December 8, 2021, appellee filed a "Notice of Nonsuit without Prejudice as to All Defendants." On December 20, 2021, appellee filed an "Amended Notice of Nonsuit, Amending to Dismiss WITH Prejudice as to All Defendants." The trial court did not enter an order on either nonsuit. Appellant subsequently filed a "response," "objections," and a "motion to alter the judgment of dismissal and request for additional post-judgment relief."

On January 6, 2022, appellant filed his notice of appeal. On January 24, 2022, appellee filed a motion styled "Gomez Motion to Dismiss Appeal, *Instanter*, for Lack of Standing and Lack of Order or Judgment Below to Appeal." In substance, appellee's motion argues this appeal should be dismissed because there is no order or judgment entered below and because appellant lacks standing. On January 26, 2022, we issued an order authorizing appellant to file a response to appellee's motion to dismiss no later than February 7, 2022. On February 3, 2022, appellant filed a response.

"The plaintiff's right to take a nonsuit is *unqualified and absolute* as long as the defendant has not made a claim for affirmative relief." *Morath v. Lewis*, 601 S.W.3d 785, 787 (Tex. 2020) (emphasis in original) (quoting *BHP Petroleum Co. v. Millard*, 800 S.W.2d 838, 840 (Tex. 1990)). A plaintiff may take a nonsuit at any time before it has introduced all its evidence other than rebuttal evidence. *See* Tex. R. Civ. P. 162. "If a claim is timely nonsuited, the controversy as to that claim is extinguished, the merits become moot, and jurisdiction as to the claim is lost." *City of Dallas v. Albert*, 354 S.W.3d 368, 375 (Tex. 2011); *see Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010) (noting nonsuit "renders the merits of the nonsuited case moot"). A

nonsuit is effective when filed and extinguishes a case or controversy from the moment of filing or an oral motion made in open court. *See Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon ex rel. Shultz*, 195 S.W.3d 98, 100 (Tex. 2006) (per curiam).

Here, appellee nonsuited his claims before any defendant entered a general appearance in the trial court. Thus, appellee's timely nonsuit extinguished the only claim brought in the trial court, the trial court lost jurisdiction over appellee's entire case from the moment of the nonsuit's filing, and we have no jurisdiction over this appeal. *See Morath*, 601 S.W.3d at 788 (holding nonsuit mooted entire case, depriving appellate courts of jurisdiction). Accordingly, we grant appellee's motion to dismiss and dismiss this appeal for want of jurisdiction.

PER CURIAM