IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALAN BRAID, M.D.,<br><br>    Interpleader Plaintiff,<br><br>v.<br><br>OSCAR STILLEY; FELIPE N. GOMEZ; WOLFGANG P. HIRCZY DE MINO, PH.D., AKA TEXAS HEARTBEAT PROJECT,<br><br>    Interpleader Defendants. | Case No: 1:21-cv-05283 |

### DR BRAID'S MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION RE GOMEZ'S NEWLY FILED STATE COURT S.B. 8 LAWSUIT

Interpleader Plaintiff Alan Braid, M.D. respectfully requests that the Court issue an order pursuant to 28 U.S.C. § 2361 restraining Interpleader Defendant Felipe N. Gomez from prosecuting a new S.B. 8 lawsuit that Gomez filed against Dr. Braid in Bexar County Texas on May 4, 2022. Dr. Braid further requests that, in the language of the applicable statute, the Court restrain Gomez from "instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved" in this interpleader action "until further order of the Court." 28 U.S.C. § 2361.

After suing Dr. Braid in Bexar County, Texas in September 2021, then twice attempting to voluntarily dismiss *that* state court lawsuit in order to avoid this interpleader action, Gomez has now filed a *new* lawsuit in Bexar County. Gomez has also sent a process server to Dr. Braid's home and moved for summary judgment against Dr. Braid in the Texas court.

The federal interpleader statute protects parties from having to defend multiple lawsuits about the same subject matter. It exists precisely to address attempts, like Gomez's here, to multiply lawsuits pointlessly and to disrupt the orderly resolution of disputes in a single forum. Section 2361 vests this Court with the authority to restrain Gomez from prosecuting his competing lawsuit in Texas. The Court should use that authority to stop Gomez from attempting to interfere with this interpleader action and from harassing Dr. Braid with duplicative state court S.B. 8 lawsuits.

## I.
## Gomez's Multiple Lawsuits Against Dr. Braid

Gomez sued Dr. Braid in Bexar County, Texas on September 20, 2021, and amended his petition on September 23, 2021. ECF No. 1-3 (Case No. 2021CI19920, in the 224th Judicial District Court of Bexar County, Texas) ("*Gomez I*"). In response to that lawsuit and two other state court petitions, Dr. Braid instituted this action in the nature of interpleader on October 5, 2021. ECF No. 1. Gomez, a Chicago resident, appeared in this lawsuit and filed a series of motions to dismiss, *see, e.g.,* ECF Nos. 14, 15, 20, 27, all of which the Court denied. On November 19, 2021, and in an effort to persuade this Court to dismiss him, Gomez swore that his Bexar County lawsuit against Dr. Braid "does not seek any money from Dr. Braid," and that Gomez "disavows any present claim or interest in the $10,000 in the registry." ECF No. 27 at 2.

On December 8, 2021, Gomez then filed a nonsuit without prejudice in his Bexar County lawsuit, which is the Texas procedural equivalent of a voluntary dismissal without prejudice to refiling. Typically, a nonsuit without prejudice does not prevent someone from filing a new lawsuit at any time within the statute of limitations. The next day, Gomez filed another motion to dismiss in this Court, ECF No. 46, pointing to his state court nonsuit and quoting his own emails that "I

look forward to not being a defendant here, and not pursuing Dr., [sic] Braid in Texas as to SB8." *Id.*[1]

Dr. Braid opposed all of Gomez's motions to dismiss because the interpleader statute gives Dr. Braid the right to resolve all related S.B. 8 claims against him in one proceeding. Dr. Braid's January 3, 2022, response to one of Gomez's motions noted that Gomez nonsuited his Bexar County lawsuit without prejudice, and "so long as Gomez continues to have a potential claim in Texas state court, his motion seeking dismissal from this action in the nature of interpleader should be denied." ECF No. 54.

Gomez continued to urge this Court to dismiss him from the interpleader action, based on "the fact that there is no Gomez Texas case for this Court to enjoin, or pretend exists." ECF No. 79 at 2. On May 6, Gomez again moved the Court to dismiss him on the grounds he "has no claim or stake" in this litigation and that Gomez has nonsuited his Texas litigation. ECF No. 108.

Gomez did *not* tell this Court that two days earlier, he had instituted a *new* S.B. 8 lawsuit by filing a second petition against Dr. Braid in Bexar County. This new petition addresses the same S.B. 8 claim that is the subject of each of the multiple, competing state court S.B. 8 lawsuits underlying this action in the nature of interpleader. *See* ECF 109 (attaching petition in No. 2022CI08302, *Felipe N. Gomez v. Dr. Alan Braid*, in the 45th Judicial District Court for Bexar County, Texas) ("*Gomez II*").

Gomez also began attempting to email Dr. Braid directly. Gomez knows Dr. Braid is represented by counsel and that neither Dr. Braid nor his counsel consents to such communications

---

[1] A few days later, Gomez filed an Amended Notice of Dismissal in Bexar County, purporting to dismiss his S.B. 8 lawsuit with prejudice. *See* ECF No. 79 (attaching Feb. 16, 2022 Memorandum Opinion from the Texas Fourth Court of Appeals). The trial court has not taken any action on Gomez's amended notice, nor could it. The Court of Appeals explained that "the trial court lost jurisdiction over appellee's entire case from the moment of the nonsuit's filing." *Id.*

3

with a represented party. *See* Exh. A to Hess Decl. Gomez's email attached a copy of his new lawsuit as a file he named "fg.v.braid.real.sb8.suit.pdf," in which he asked the Texas state court "to award Plaintiff $10,000 for having prosecuted Dr. Braid"—exactly the same relief that the other interpleader defendants and Gomez sought in their original state court petitions against Dr. Braid and which Dr. Braid attached to his interpleader complaint. ECF No. 1.

Dr. Braid did not respond. Gomez then stated that he would serve Dr. Braid at his clinic or his home. Gomez wrote, "You will note I did not put Braid's home address in the complaint, although that is standard, in part so as not to be blamed in the event radical RTL decided to use violence as a means to an end." Gomez said that this new lawsuit "has more to do with supplementing my income, not any moral issues," and called it a "brand new source of income." *See* Exh. B to Hess Decl.

Gomez's conduct in this case emphasizes the need for the Court to enjoin him. But even absent that conduct, the filing of a new state court lawsuit against Dr. Braid over the same claim that is at issue in this pending action in the nature of interpleader is reason enough under the interpleader statute for this Court to issue an immediate restraint on further filings.

II.
Legal Standard for Interpleader Injunctions

Federal law authorizes this Court to restrain interpleader claimants from prosecuting their claims in other courts. The federal interpleader statute provides that "the district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader" when the jurisdictional minimum of $500 is met and there are "[t]wo or more adverse claimants, of diverse citizenship" who "are claiming or may claim to be entitled to such money." 28 U.S.C. § 1335(a) & (a)(1). Section 2361 of Title 28 also gives district courts the power to adjudicate interpleader lawsuits without interference from other state or federal courts:

4

> In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants and enter its order restraining them from instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action until further order of the court. . . . Such district court shall hear and determine the case, and may discharge the plaintiff from further liability, make the injunction permanent, and make all appropriate orders to enforce its judgment.

28 U.S.C. § 2361.

"Section 2361 authorizes the issuance of an injunction when the requirements of the statutory provision for interpleader are satisfied." *Life Ins. Co. of N. Am. v. Park*, at *3 (N.D. Ill. May 6, 2002). Federal Rule of Civil Procedure 65's injunction requirements do *not* apply to preliminary injunctions in interpleader lawsuits. In fact FRCP 65(e) specifically carves out interpleader injunctions from Rule 65's requirements. Per Rule 65(e):

> (e) Other Laws Not Modified. **These rules do not apply to** the following:
>
>> (2) **28 U.S.C. § 2361**, which relates to preliminary injunctions in actions of interpleader or in the nature of interpleader.

FRCP 65(e) (all emphasis in this motion supplied). Courts routinely enjoin interpleader defendants from pursuing other actions without reference to Rule 65. *See Executive Risk Indem. Inc. v. Speltz & Weis, LLC,* 2009 WL 3380972, at *3 (N.D. Ill. Oct. 16, 2009); *Illinois Employers Ins. of Wausau v. Rapco Foam, Inc.*, at *2 (N.D. Ill. Nov. 25, 1985), *aff'd sub nom. Illinois Employers Ins. of Wausau v. Mihalcik*, 801 F.2d 949 (7th Cir. 1986).

A court therefore has "extraordinary authority" to fashion a preliminary injunction in an interpleader proceeding, "balancing equitable considerations against temporal and spatial constraints which may weigh against notice and a hearing." *Star Ins. Co. v. Cedar Valley Express, LLC*, 273 F. Supp. 2d 38, 42–43 (D.D.C. 2002). Because of interpleader's special role in curbing multiple litigation over the same issues, even permanent injunctions "are commonplace in

5

interpleader actions." *JPMorgan Chase Bank, Nat'l Ass'n v. Black*, No. 18-CV-03447, 2021 WL 4459482, at *12 (N.D. Ill. Sept. 29, 2021) (citing cases) (Wood, J.).

### III.
### Gomez Should Be Enjoined from Prosecuting and Filing Additional State Court Lawsuits Against Dr. Braid

This Court should enjoin Gomez from continuing to prosecute his May 4, 2022 state court petition (*Gomez II*) filed in the 45th Judicial District of Bexar County, and bar Gomez from instituting any S.B. 8 proceeding in Texas concerning Dr. Braid without further order of this Court. The federal interpleader statute exists to allow parties to avoid the cost of defending multiple, duplicative lawsuits and the risk of competing obligations and judicial decisions. An injunction is particularly appropriate here, where the same litigant (Gomez) has now filed two lawsuits against Dr. Braid—the first of which sparked this interpleader action, and the second of which Gomez filed after voluntarily dismissing the first and then repeatedly assuring the Court that based on that dismissal he was *not* seeking the "bounty" that S.B. 8 awards to successful claimants.

A. Dr. Braid Faces Multiple State Court Litigation, Including *Seriatim* Lawsuits from Gomez

Without an injunction against Gomez, Dr. Braid will face the prospect of defending multiple lawsuits in multiple jurisdictions concerning the same dispute. Three litigants (Stilley, Gomez and de Miño) sued Dr. Braid in September 2022, and now Gomez has sued Dr. Braid again. Two of those four lawsuits have been nonsuited, but all three of the claimants are before this Court and Dr. Braid's summary judgment motion is pending.

Courts have a high degree of discretion to issue and shape a § 2361 injunction. The Court should use that discretion to enjoin Gomez from prosecuting this or any future S.B. 8 lawsuit against Dr. Braid. This is not a situation where the interpleader plaintiff faces no real threat of

litigation—he has been sued by Gomez repeatedly and will be forced to appear in and litigate Gomez's new state court lawsuit absent any action from this Court.

In *Walker v. Pritzker*, the Seventh Circuit addressed whether a district court properly entered a preliminary injunction barring future lawsuits and affirmed. After the district court entered a TRO, the interpleader defendants "waived any claim they might have against plaintiff." The defendants then moved to dissolve the restraining order and dismiss the complaint. The district court denied their motion and entered a preliminary injunction that prevented appellants from filing additional lawsuits. The Seventh Circuit affirmed: "[T]he district court was correct in continuing to exercise jurisdiction over this case after appellants waived their claim against plaintiff. Appellants' strategy has failed and they must litigate their claim in this forum." *Walker v. Pritzker*, 705 F.2d 942, 943–44 (7th Cir. 1983)

The fact that none of the lawsuits has yet reached judgment is not relevant. The interpleader statute protects parties from *being sued* over and over, not just from having to satisfy multiple adverse judgments or honor inconsistent obligations. Federal courts of appeals recognize this protection that interpleader affords. "This Circuit has stated that 'the interpleader statute is liberally construed to protect the stakeholder from the expense of defending twice, as well as to protect him from double liability.'" *Star Ins. Co. v. Cedar Valley Express, LLC,* 273 F. Supp. 2d 38, 43 (D.D.C. 2002) (quoting *New York Life Ins. Co. v. Welch,* 297 F.2d 787, 790 (D.C.Cir.1961)).

While the Court has "extensive discretion as to the issuance and scope of an order under Section 2361" it should not decline to use that discretion unless there is "no real threat of litigation relating to the subject matter of the interpleader action. Wright, Miller and Kane, *Federal Practice and Procedure* § 1717, at 617 (1986). Here, there has always been *actual* litigation—not a mere threat—and now there are multiple litigations from one of the same claimants. *C.f. Fox & Grove,*

7

*Chartered v. Miller*, 1988 WL 135485, at *2 (N.D. Ill. Dec. 9, 1988) (denying injunction as premature and unnecessary when "there are no pending federal or state actions brought by the defendant claimants.").

This Court is not bound by Rule 65 prerequisites before restraining Gomez, but nonetheless Dr. Braid has served this Motion on Gomez and he has all the notice required under Rule 65. Nor must this Court base its ruling on a verified complaint or affidavit, or issue any factual findings regarding its reasons for enjoining Gomez. Other courts in this Circuit enjoin interpleader defendants from pursuing other actions without reference to Rule 65 and without any other factual findings. *See Executive Risk Indem. Inc. v. Speltz & Weis, LLC,* 2009 WL 3380972, at *3 (N.D. Ill. Oct. 16, 2009); *Illinois Employers Ins. of Wausau v. Rapco Foam, Inc.*, at *2 (N.D. Ill. Nov. 25, 1985), *aff'd sub nom. Illinois Employers Ins. of Wausau v. Mihalcik*, 801 F.2d 949 (7th Cir. 1986).

B. <u>Dr. Braid Did Not Need an Injunction from this Court Before Now</u>

Dr. Braid seeks an injunction in this interpleader action now because although multiple S.B. 8 claimants sued Dr. Braid in September 2021, none had served their state court petitions on Dr. Braid until now. Dr. Braid's interpleader complaint in fact recognized that one potential form of relief he may need included "restraining all claimants from instituting or prosecuting any proceeding in any State or United States court affecting the contested damages award until further order of the Court." ECF No. 1 at 23 (prayer for relief c). Dr. Braid needs that relief on or before June 10.

Gomez filed *Gomez II* on May 4, 2022 and hired a private process server to serve Dr. Braid on May 23. The Texas Rules of Civil Procedure direct defendants to file a written answer to a petition by 10 a.m. on the next Monday following 20 days after being served or risk a default

8

judgment. *See* Tex. R. Civ. P. 99(b). By the morning of June 13, Dr. Braid may be required to begin defending this latest lawsuit from Gomez.

Gomez has also filed a motion for summary judgment in *Gomez II*. While Dr. Braid has numerous valid defenses to Gomez's claims for liability, he has already presented many of those defenses to this Court in its own motion for summary judgment. Dr. Braid should not be forced to litigate the same issue in both this Court and in Bexar County against the same litigant.

IV.<br>Conclusion

The Court should issue a temporary restraining order and preliminary injunction barring Gomez from prosecuting S.B. 8 petition No. 2022CI08302, *Felipe N. Gomez v. Dr. Alan Braid*, in the 45th Judicial District Court for Bexar County, Texas and from filing any more S.B. 8 lawsuits against Dr. Braid pending further order of the Court.

Dated: June 3, 2022

Respectfully submitted,

ALAN BRAID, M.D.

By: /s/ Suyash Agrawal
  One of His Attorneys

Suyash Agrawal
Alethea Anne Swift
MASSEY & GAIL LLP
50 E. Washington Street, Suite 400
Chicago, Illinois 60602
(312) 283-1590
sagrawal@masseygail.com
aswift@masseygail.com

Neal S. Manne**
Mary Kathryn Sammons**
Abigail C. Noebels*
Katherine Peaslee*
Richard W. Hess*
SUSMAN GODFREY L.L.P.

1000 Louisiana, Suite 5100  
Houston, TX 77002  
(713) 653-7827  
nmanne@susmangodfrey.com  
ksammons@susmangodfrey.com  
anoebels@susmangodfrey.com  
kpeaslee@susmangodfrey.com  
rhess@susmangodfrey.com  

Marc Hearron*  
CENTER FOR REPRODUCTIVE RIGHTS  
1634 Eye St., NW, Suite 600  
Washington, DC 20006  
(202) 524-5539  
mhearron@reprorights.org  

Molly Duane*  
CENTER FOR REPRODUCTIVE RIGHTS  
199 Water Street, 22nd Floor  
New York, NY 10038  
(917) 637-3631  
mduane@reprorights.org  

Shannon Rose Selden*  
Meredith E. Stewart*  
Ebony Ray*  
DEBEVOISE & PLIMPTON LLP  
919 Third Ave.  
New York, NY 10022  
(212) 909-6000  
srselden@debevoise.com  
mestewart@debevoise.com  
eray@debevoise.com  

*Counsel for Interpleader Plaintiff Alan Braid, M.D.*  
*Appearing pro hac vice  
** Pro hac vice forthcoming

## **CERTIFICATE OF SERVICE**

      I certify that on June 3, 2022, a true and correct copy of this document was properly served on parties or counsel of record via electronic filing in accordance with the USDC, Northern District of Illinois Procedures for Electronic Filing.

                                             /s/ *Richard W. Hess*
                                             Richard W. Hess