UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.6.3
Eastern Division

Alan Braid

                Plaintiff,

v.                                                         Case No.: 1:21−cv−05283
                                                          Honorable Jorge L. Alonso

Oscar Stilley, et al.

                Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, June 8, 2022:

      MINUTE entry before the Honorable Jorge L. Alonso: Telephone motion hearing held. The Court notes that Plaintiff and Defendant Stilley appeared by phone. Defendant Gomez did not appear. The Court also notes that it received a written response from Defendant Gomez, submitted to this district's temporary e−filing email address this morning and forwarded to the Court's staff, stating his objections to the Plaintiff's motion. After review of Plaintiff's motion and Gomez's response, the Court grants Plaintiff's motion for temporary restraining order and preliminary injunction [113]. Interpleader is an equitable device and its objectives go beyond protection of the stakeholder, especially where the court's power to restrain related actions has been invoked and interpleader litigation may be the only way that claimants can get any sort of recovery. Irving Trust Co. v. Nationwide Leisure Corp., S.D.N.Y.1982, 95 F.R.D. 51. Section 2361 of Title 28 provides that courts in a civil action interpleader case under 28 U.S.C. § 1335 may restrain claimants from instituting or prosecuting any proceeding in any state of United States court affected the property at issue in the interplead action. Injunctions in interpleader cases are commonplace. JPMorgan Chase Bank, National Assoc. v. Black, Case No. No. 18−CV−03447, 2021 WL 4459482, at *12 (N.D. Ill. Sept. 29, 2021). The Court has "extensive discretion under Section 2361 with respect to the issuance and scope of the order." 7 Wright, Miller & Kane, Federal Practice & Procedure: Civil § 1717. The Court agrees that a restraining order is necessary in this case. First, as the Court previously stated in its order on February 15, 2022 regarding Gomez's motion to dismiss, the requirements for statutory interpleader have been met here. Second, the Court finds that an injunction is warranted given Gomez's blatant attempt to end−run this interpleader action. Although Gomez previously indicated that he had dismissed his Texas suit against Plaintiff, and asked several times that he be dismissed from this case, he has filed another action against Braid arising out of the same abortion procedure that is the subject of this interpleader action. In fact, Gomez attached a copy of the complaint filed in this new lawsuit to one of his new motions to dismiss. See Dkt. [109]. The Court, therefore, finds that an injunction is warranted. Accordingly, the Court grants Plaintiff';s motion for temporary restraining order and preliminary injunction, and enjoins Defendant Felipe Gomez from pursuing or prosecuting the case Felipe N. Gomez v. Dr. Alan Braid, Case No. 2022 CI 08302, currently pending in the 45th Judicial District Court for Bexar County, Texas. The Court also enjoins Gomez from commencing any further litigation

against Alan Braid with regard to the abortion procedure Braid performed on September 6, 2021 while this case remains pending. This injunction shall become permanent upon the termination of this case unless the Court finds during the pendency of this case that Braid has not acted in good faith. Furthermore, given Gomez's new lawsuit, the Court denies as moot his motions [106] [107] [108]. Notice mailed by Judge's staff (lf, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.