IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALAN BRAID, M.D., <br><br> Interpleader Plaintiff, <br><br> v. <br><br> OSCAR STILLEY; FELIPE N. GOMEZ; WOLFGANG P. HIRCZY DE MINO, PH.D., AKA TEXAS HEARTBEAT PROJECT, <br><br> Interpleader Defendants. | Case No: 1:21-cv-05283 |

**DR. BRAID'S MOTION FOR AN
ORDER TO SHOW CAUSE AND FOR SANCTIONS**

Barely two days after this Court issued its June 8 order granting Dr. Braid's motion for a temporary restraining order and preliminary injunction (the "<u>Injunction Order</u>"), Interpleader Defendant Felipe Gomez brazenly violated it. Rather than honor the Court's directive enjoining him "from pursuing or prosecuting" *Gomez v. Braid*, No. 2022 CI 08302, in Bexar County, Texas ("<u>*Gomez II*</u>"), Gomez filed three separate requests "for judicial notice." In them, he (1) asked the state court to ignore this Court's Injunction Order; (2) erroneously indicated that the Injunction Order had been automatically stayed under Federal Rule 62; and (3) falsely told the court that Dr. Braid was in default. {5, 12, 30.}[1]

Gomez knew that this conduct would violate the Court's injunction. In fact, he announced his intention to dishonor any injunction even before the Court granted it. And the papers he filed

---

[1] All citations to {__} are to the sequentially numbered pages of the supporting Appendix filed concurrently with this motion. Unless otherwise noted, all bold and italicized emphasis has been added.

in *Gomez II* ask that court to allow him to "proceed" there "despite" the Injunction Order. Gomez has no excuse for his conduct. He may advance non-frivolous, good-faith arguments to contest the propriety of the Injunction Order if he quarrels with it. Gomez has, in fact, filed a notice of appeal in the U.S. Court of Appeals for the Seventh Circuit to contest the propriety of the Injunction Order. ECF 118. But in the meantime, Gomez cannot defy a valid federal court injunction that remains in effect. The Seventh Circuit has explained that "the court whose order was defied must enforce the injunction through the contempt power because contempt is, in essence, an affront to the court that issues the order." *S.E.C. v. Homa*, 514 F.3d 661, 674 (7th Cir. 2008) (citing *Waffenschmidt v. MacKay*, 763 F.2d 711, 716 (5th Cir. 1985)).

This Court should therefore issue an order to show cause why Gomez should not be held in contempt for violating its Injunction Order.

## FACTS[2]

**1.      In *Gomez II*, Gomez Sued Dr. Braid in Bexar County Again.**

The relevant facts are straightforward.[3] Gomez sued Dr. Braid in Bexar County, Texas in September 2021 and then twice attempted voluntarily to dismiss that lawsuit to dodge this interpleader action. Unhappy with these federal court proceedings, in May 2022, he launched *Gomez II* in Bexar County, Texas seeking the same relief that the other interpleader defendants and Gomez sought in their original state court actions against Dr. Braid. *See* ECF 109.

---

[2] The Court may note that Gomez has been disciplined as an attorney in this District for sending threatening and harassing communications to other attorneys. *In re Gomez*, 829 F. App'x 136, 137 (7th Cir. 2020). And in January 2022, the Hearing Board of the Illinois ARDC recommended suspending Gomez for three years and until further court order. *In re Felipe Nery Gomez*, Comm'n No. 2020PR00064 {98–124.}
[3] Dr. Braid incorporates by reference the facts and exhibits submitted with his Motion for Temporary Restraining Order and Preliminary Injunction, ECF 113.

**2. After Dr. Braid Moved for Injunctive Relief, Gomez Announced His Plan to Violate any Such Order.**

Dr. Braid moved for a TRO and preliminary injunction under 28 U.S.C. § 2361, which empowered the Court to issue an injunction restraining Gomez from "instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved" in this interpleader action. ECF 113. Minutes after Dr. Braid filed his motion, Gomez emailed opposing counsel announcing {63}:

> ***I look forward to ignoring any illegal order as far as compliance***, as well as appealing it immediately. ***I will continue to prosecute my Texas case accordingly***
>
> The federal government, including a district court judge, has no place trying to regulate what my fingers type, and what I file, when it comes to exercising my right to file in a court of law, especially when it's a state court that a federal court cannot exercise any jurisdiction over.

On the morning of Wednesday, June 8, when Dr. Braid's motion was scheduled for hearing, Gomez again informed opposing counsel {67}:

> I am seeking counsel to come into this matter, and until I have counsel I will not be exposing myself to the judge or yourselves in open court so ***as is my right eye [sic] it led to ignore and illegal proceeding and act appropriately on any illegal order that issues*** which will be in appeal to the 7th circuit in the event the court dares to try to tell me what to do in Texas and gives your client authority to violate Texas law and ignore it.
>
> * * *
>
> Good luck this morning as ***I will not participate*** unless I have an attorney, and will immediately appeal any order that attempts to bind me in any manner or attempts to affect my right to litigate in Texas as I see fit.

As for the hearing, he wrote in another email that he planned "on listening in but not participating" because he did not "want to put myself in a position where I've had a federal judge tell me to my face not to do something and have to tell him to fuck off although I've done that

3

before not using that particular word and it happened to be the chief judge of the district which cost me my ability to practice but I'm not going to compromise." {69.}[4]

In another email that day, he wrote: "The Texas court is not going to care what judge Alonso says, and I'm not sure how you're going to serve his honor there in the first place… A citizen may not use a federal court to try to enjoin another citizens right to proceed in state court. It's ridiculous that you think numerous wrongs make a right." {71.}

Gomez also stated that he was impervious to monetary penalties: "I'm on snap[5] dude and on retirement you're not going to get a penny out of me, and I stand a good chance of getting a penny out of you, whoever educated this group of lawyers needs to get into a different business because this is not how to practice law." {74.}

In yet another Wednesday morning email, Gomez declared that he "will proceed to prosecute Dr Braid in Texas as I see fit, and even he cannot be stupid enough to believe that he is allowed to try to ignore Texas law where he is a resident by trying to get a distant federal judge to defend him from a case where he can simply walk into court and make his own argument directly to a Texas judge with jurisdiction." {78.}

**3.      After the Hearing, Gomez Declares His Plan to Flout the Court's Injunction Order.**

Following the June 8 hearing but before the Court's Injunction Order issued on the docket, Gomez avowed to violate it by trying to get the *Gomez II* court to decide the summary judgment motion he had filed in that court: "… I intend to ask Judge Skeen to take judicial notice of everything that's going on here, as well as to not delay on deciding the msj given its obvious that

---

[4] To avoid appearing before the Court, Gomez asked Defendant Oscar Stilley to speak for him. Gomez told the Courtroom Deputy, "[p]lease know that Oscar has some comments he will be making today, as is his right and with my consent, with regard to why I am not going to participate in the farce this morning." {81.}

[5] SNAP, or Supplemental Nutritional Assistance Program.

Dr braid has no intent to appear or respect valid Texas law, such as the Texas rules of civil procedure." {85.}[6]

Refuting any suggestion that the Injunction Order permitted his filings on June 10, Gomez also acknowledged {86}:

> I intend to file a motion for judicial notice of the tro here and allow judge scheme to make his own decision as to whether to give the tro full faith and credit and ***to make him aware that I am proceeding despite a federal court trying to prevent me from doing that*** which is what I assume the order is going to say."

The day after the Court's Injunction Order, Gomez asserted that he did "not intend to move to stay the tro because he believes frcp 62 provides an automatic stay." {91.} And on Friday, June 10, Gomez told opposing counsel that he would ask the Texas court to decide whether the Injunction Order was enforceable {93}:

> This group violated me directly and I'm going to sue this group directly for it and you were warned against doing this but you went ahead and did it. ***I will go ahead and violate this tro when the time comes*** although there is nothing else to do in the case except to wait for braid to default, and not answer the motion for judgment once it's set for hearing.
>
> Once I do have to make a move I have course ***I'm going to present the Toro [sic] to the Texas judge and ask for a read from that judge whether or not he thinks the order is valid*** and I can proceed in his courtroom or not.
>
> Any attempt to enforce the invalid order which is suspended by rule by frcp 62 in any event will be counted against this group as further tortious conduct, and no amount of denigration about my past life as a lawyer is going to get you out of that so I suggest you leave that for the courts as it's going to be publicized as well what the ardc in certain criminal elements within it are up to and have been.

Finally, in an email at 9:00 am on June 10—shortly before filing his papers in Texas— Gomez pronounced: "***I'm going to go ahead and violate the tro*** and I warn braid that attempting

---

[6] Gomez mentions "Judge Skeen" (and also "judge scheme"), which appear to refer to separate state court litigation between interpleader defendants Gomez and Wolfgang P. Hirczy de Miño in Smith County, Texas, apparently stemming from their email correspondence. Smith County is also the venue where de Miño sued Dr. Braid.

5

to enforce it against me is further violating my constitutional rights to litigate and State Court as I see fit." {95.} Specifically, he planned to "present the tro to my judge in Texas and see what he thinks, and if you feel like trying to stop me from doing that good luck." *Id.*

4. **Gomez Moves the Texas Court to Rule that He Can Proceed in that Action.**

Later, on June 10, Gomez filed three successive motions, each ostensibly asking the *Gomez II* court to take "judicial notice" of the Injunction Order. But these motions asked for much more. His first motion asked the Texas court to "FIND that the Court cannot afford Full Faith and Credit given Texas exclusive jurisdiction to decide and interpret State law, and that Gomez can proceed in this [Texas] Courtroom ***despite the TRO*** from a District Court in another Circuit with no say over Texas." {5.} In that motion, Gomez also falsely said that Dr. Braid was in default. *Id.* (referencing "the next move being for default as 5.23.22 served Braid's appearance was due 6.6.22…").

Shortly after filing his first motion, Gomez filed another asking the state court to make similar findings as his first motion requested, but also invoking a non-existing "FRCP 62 Stay." {12.} Less than four hours later, Gomez filed a third motion in which he again asked the Texas court to find that it "cannot afford Full Faith and Credit of [117] given the appeal, the FRCP 62 Stay, and Texas' exclusive jurisdiction to decide and interpret State law, and that Gomez can proceed in this Courtroom despite the TRO from a District Court in another Circuit with no say over Texas." {30.}

All three of Gomez's filings violated this Court's order enjoining him from "pursuing or prosecuting" *Gomez II*. As a result, Dr. Braid moves to enforce the Injunction Order.

## ARGUMENT

Injunction violations merit the Court's use of its contempt power to impose sanctions. *Homa*, 514 F.3d at 674. To sustain a claim for civil contempt, a plaintiff must show by clear and

convincing evidence that: (1) a court order set forth an unambiguous command; (2) the defendant violated that command; (3) the violation was significant, meaning that he did not substantially comply with the order; and (4) defendant failed to take steps to reasonably and diligently comply with the order. *Prima Tek II, L.L.C. v. Klerk's Plastic Indus., B.V.*, 525 F.3d 533, 542 (7th Cir. 2008).

Because all four elements to sustain a claim for civil contempt are satisfied, this Court should issue an order to show cause why Gomez should not be adjudged in civil contempt and sanctioned. *See Vega v. Chicago Park Dist.*, No. 13 C 451, 2022 WL 1804829, at *6 (N.D. Ill. June 2, 2022) (ALONSO, J.).

**1.     The Court's Injunction Order was Clear**

The first requirement for civil contempt is that the Court's "order set forth an unambiguous command." *Prima Tek*, 525 F.3d at 542. That element is readily satisfied as the Court "enjoin[ed] Defendant Felipe Gomez from pursuing or prosecuting" *Gomez II*. ECF 117. The Injunction Order unambiguously commanded Gomez not to "pursue or prosecute" *Gomez II*, and it left no uncertainty about the conduct that the Injunction Order prohibited.

**2.     Gomez Disobeyed the Injunction Order**

There also can be no reasonable question that Gomez "violated that command." *Prima Tek*, 525 F.3d at 542. His filing of motions in *Gomez II* asking that state court to ignore the Injunction Order and allow him to "proceed in th[at] Courtroom despite the TRO from" this Court constitutes "pursuing or prosecuting" *Gomez II* in derogation of the Injunction Order. Gomez defiantly even told Dr. Braid's attorneys shortly before submitting the filings: "I'm going to go ahead and violate the tro…" {95.}

Gomez deliberately chose not to appear at the June 8 hearing on Dr. Braid's injunction motion. But that gives him no protection. *See S.E.C. v. Kimmes*, 753 F. Supp. 695, 700 (N.D. Ill.

7

1990) (holding in contempt defendant who "arrogantly and surreptitiously flouted a court order of which he was fully cognizant" and noting that "[n]o one has the right to do that even if such a court order is downright void."). At the hearing, the Court noted that Gomez had notice of the hearing and had in fact filed a response to Dr. Braid's motion. ECF 123 at 4:9–12 ("So we are set. The motion was noticed up. Mr. Gomez, obviously, has notice, and is aware of the motion. In fact, he filed a response, which I have reviewed."). All of Gomez's communications confirm that he was fully aware of the Court's injunction but elected to disobey it.

### 3. Gomez's Violation was Significant

The violation was also "significant," which in this context means that Gomez "did not substantially comply" with the Injunction Order. *Prima Tek*, 525 F.3d at 542. If Gomez argues that he was simply informing the Texas court about the existence of this Court's Injunction Order, he would be dead wrong. Gomez went far beyond simply advising the Texas court about the Injunction Order. He expressly asked that Court to find that he could proceed with *Gomez II* "despite the TRO from a District Court in another Circuit with no say over Texas." {5, 12, 30.}[7] Gomez not only falsely suggested that the Injunction Order was stayed because of Federal Rule 62 {12, 30}, he also erroneously said that Dr. Braid was in default. {5} (referencing "the next move being for default as 5.23.22 served Braid's appearance was due 6.6.22…").

### 4. Gomez Failed to Take Steps to Reasonably and Diligently Comply with the Injunction Order.

The last civil contempt element—requiring reasonable and diligent action to comply—is also satisfied because the record shows that Gomez planned to violate the Injunction Order before

---

[7] Of course, the "mandate of an injunction issued by a federal district court runs nationwide, and "[v]iolation of an injunctive order is cognizable in the court which issued the injunction regardless of where the violation occurred." *Waffenschmidt*, 763 F.2d at 716 (citing *Leman v. Krentler-Arnold Hinge Last Co.*, 284 U.S. 448, 451 (1932); *Stiller v. Hardman*, 324 F.2d 626, 628 (2d Cir. 1963)).

8

it even issued. And then, he openly acknowledging his insubordination. *E.g.*, {95} (""I'm going to go ahead and violate the tro").

\* \* \*

All of the elements to hold Gomez in civil contempt and to impose sanctions are readily satisfied in this case.

## CONCLUSION

The Court should not delay in issuing a show-cause order and—if necessary—to schedule a hearing for that purpose. *See Vega*, 2022 WL 1804829, at \*6. The Court should order Gomez not to submit any other filings in *Gomez II*. And the Court should impose reasonable prospective monetary penalties to coerce Gomez into compliance with the Injunction Order, award Dr. Braid his reasonable attorney's fees for these contempt proceedings, and grant any other, further relief the Court deems just under the circumstances. *See Palmer v. City of Decatur*, No. 17-3268, 2019 WL 1883892, at \*1 (C.D. Ill. Apr. 3, 2019) ("[A] district court has broad discretion to fashion an appropriate coercive remedy in a case of civil contempt, based on the nature of the harm and the probable effect of alternative sanctions." (quoting *Cannon v. Loyola Univ. of Chicago*, 676 F. Supp. 823, 828 (N.D. Ill. 1987))); *United States v. United Mine Workers of Am.*, 330 U.S. 258, 304 (1947).

Dated: June 14, 2022

                                                  Respectfully submitted,

                                                  ALAN BRAID, M.D.

                                        By: /s/ Suyash Agrawal
                                            One of His Attorneys

Suyash Agrawal
Alethea Anne Swift
MASSEY & GAIL LLP
50 E. Washington Street, Suite 400
Chicago, Illinois 60602
(312) 283-1590
sagrawal@masseygail.com
aswift@masseygail.com

Neal S. Manne**
Mary Kathryn Sammons**
Abigail C. Noebels*
Katherine Peaslee*
Richard W. Hess*
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
(713) 653-7827
nmanne@susmangodfrey.com
ksammons@susmangodfrey.com
anoebels@susmangodfrey.com
kpeaslee@susmangodfrey.com
rhess@susmangodfrey.com

Marc Hearron*
CENTER FOR REPRODUCTIVE RIGHTS
1634 Eye St., NW, Suite 600
Washington, DC 20006
(202) 524-5539
mhearron@reprorights.org

Molly Duane*
CENTER FOR REPRODUCTIVE RIGHTS
199 Water Street, 22nd Floor
New York, NY 10038
(917) 637-3631
mduane@reprorights.org

Shannon Rose Selden*
Meredith E. Stewart*
Ebony Ray*
DEBEVOISE & PLIMPTON LLP
919 Third Ave.
New York, NY 10022
(212) 909-6000
srselden@debevoise.com

mestewart@debevoise.com
eray@debevoise.com

*Counsel for Interpleader Plaintiff Alan Braid, M.D.*
*Appearing pro hac vice
** Pro hac vice forthcoming

## **CERTIFICATE OF SERVICE**

      I certify that on June 14, 2022, a true and correct copy of this document was properly served on parties or counsel of record via electronic filing in accordance with the USDC, Northern District of Illinois Procedures for Electronic Filing.

                                                      /s/ *Suyash Agrawal*
                                                      Suyash Agrawal