**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

ALAN BRAID, M.D.,

       Interpleader Plaintiff,

v.

OSCAR STILLEY; FELIPE N. GOMEZ;
WOLFGANG P. HIRCZY DE MINO,
PH.D., AKA TEXAS HEARTBEAT
PROJECT,

     Interpleader Defendants.

Case No: 1:21-cv-05283

---

**PLAINTIFF ALAN BRAID M.D.'S ADDITIONAL REPLY
IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT**

On May 3, 2022, the Court set an extended deadline for Interpleader Defendant Gomez to file a combined response to the Court's Show-Cause Order (ECF No. 68) and Plaintiff Alan Braid M.D.'s Motion for Summary Judgment (ECF No. 75). *See* ECF No. 102. Dr Braid respectfully submits this additional short Reply in support of his pending Motion.[1]

The Court should grant Dr. Braid's summary judgment motion that he is not liable to the Interpleader Defendants because Texas Senate Bill 8 is unconstitutional. No interpleader defendant has raised a genuine issue of material fact concerning S.B. 8 or Dr. Braid's defenses to Texas's bounty-hunter law. Gomez's recent summary judgment response (ECF No. 112) does not add any new argument. It instead lists the docket numbers for Gomez's 30+ previous court filings, which the Court has already addressed.

---

[1] Dr. Braid's summary judgment motion was fully briefed as of March 28 after interpleader defendant Oscar Stilley filed his Response (ECF No. 94) and Dr. Braid replied (ECF No. 96).

What remains is Dr. Braid's real and reasonable fear of multiple lawsuits and vexatious litigation. Recent court filings by the parties to this interpleader amply demonstrate why Dr. Braid needs the relief that only this Court can grant. Dr. Braid has now been sued under S.B. 8 four times in two different Texas state courts over the same dispute. One of those litigants sued Dr. Braid twice, and has now been enjoined and restrained from pursuing that live lawsuit. That same interpleader defendant has now threatened to depose Dr. Braid and his counsel in some satellite state court litigation between two of this action's defendants.

Texas S.B. 8 is unconstitutional on numerous independent grounds, as identified in Dr. Braid's motion. Under current law, S.B. 8 violates Dr. Braid and his patients' substantive due process rights to terminate pregnancy before fetal viability under the 14th Amendment to the Constitution. But even if the U.S. Supreme Court alters that current law in *Dobbs v. Jackson Women's Health Organization*, S.B. 8 is still unconstitutional under other provisions of the U.S. Constitution, and Dr. Braid is entitled to summary judgment on other asserted grounds. Dr. Braid has sought summary judgment on three additional grounds that are not affected by the U.S. Supreme Court's forthcoming *Dobbs* decision.

A.    Void for Vagueness

Dr. Braid has demonstrated that S.B. 8 is void for vagueness. Texas's law therefore violates the Constitution's 14th Amendment due process guarantee. *See* ECF No. 75 at 17–19. S.B. 8 invites unharmed litigants like the Interpleader Defendants to engage in what looks like state action, by bringing what have traditionally been enforcement actions reserved for public officials. This is exactly the kind of "arbitrary and discriminatory enforcement" that the vagueness doctrine guards against. S.B. 8 takes that state action power and hands it to an unlimited universe of

potential plaintiffs in and outside Texas. This interpleader action, brought by a Texas resident against S.B. 8 plaintiffs from Illinois, Arkansas and Texas confirms the need for the Court to act.

B.      Equal Protection

S.B. 8's statutory enforcement scheme also violates the 14th Amendment's equal protection clause. After deputizing the world to sue strangers for conduct in Texas, S.B. 8 puts its thumb on the scale through its oppressive venue provisions, its twisting of longstanding *res judicata* doctrines, its effort to limit defendants' use of otherwise applicable defenses and its one-way cost and fee-shifting provisions. *See* ECF No. 75 at 19–22. The possibility of multiple lawsuits in multiple jurisdictions over a single issue is not just a mere threat to Dr. Braid: it is exactly what has occurred in *this* case.

C.      First Amendment

Finally, Dr. Braid showed in his Motion that S.B. 8 violates both his 1st Amendment rights to petition and his free speech rights. *See* ECF No. 75 at 23–25. S.B. 8 penalizes petitioners, like Dr. Braid here, based on the content of their viewpoint. S.B. 8 purports to deem S.B. 8 *claimants* (like the interpleader defendants here) as "prevailing parties" for the purposes of fee shifting even if Dr. Braid prevails on every single claim against him except one. For example, by asking this court to declare S.B. 8 unconstitutional, Dr. Braid could be forced to pay a successful S.B. 8 claimant's attorneys' fees even if Dr. Braid obtains full relief against an unconstitutional restriction, simply if one claim is dismissed or pleaded in the alternative.

Dated: June 14, 2022

Respectfully submitted,

*/s/ Suyash Agrawal*
Suyash Agrawal
Alethea Anne Swift
MASSEY & GAIL LLP
50 E. Washington Street
Suite 400
Chicago, Illinois 60602
(312) 283-1590
sagrawal@masseygail.com
aswift@masseygail.com

Marc Hearron
CENTER FOR
REPRODUCTIVE RIGHTS
1634 Eye St., NW
Suite 600
Washington, DC 20006
(202) 524-5539
mhearron@reprorights.org

*Counsel for Interpleader
Plaintiff Alan Braid, M.D.*

Molly Duane
CENTER FOR REPRODUCTIVE
RIGHTS
199 Water Street
22nd Floor
New York, NY 10038
(917) 637-3631
mduane@reprorights.org

Shannon Rose Selden
Meredith E. Stewart
Ebony Ray
DEBEVOISE & PLIMPTON LLP
919 Third Ave.
New York, NY 10022
(212) 909-6000
srselden@debevoise.com
mestewart@debevoise.com
eray@debevoise.com

Neal S. Manne
Mary Kathryn Sammons
Abigail C. Noebels
Katherine Peaslee
Richard W. Hess
SUSMAN GODFREY LLP
1000 Louisiana Street
Suite 5100
Houston, TX 77002
(713) 653-7827
nmanne@susmangodfrey.com
ksammons@susmangodfrey.com
anoebels@susmangodfrey.com
kpeaslee@susmangodfrey.com
rhess@susmangodfrey.com

4

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 14, 2022, a true and correct copy of this document was properly served on parties or counsel of record via electronic filing in accordance with the USDC, Northern District of Illinois Procedures for Electronic Filing.

<u>/s/ *Suyash Agrawal*</u>
Suyash Agrawal