

IN THE U.S. DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRAID<br><br>v<br><br>STILLEY, GOMEZ et al | 21-cv-5283<br><br>Honorable Judge Jorge L. Alonso |

**GOMEZ RESPONSE TO MOTION [124] AND RTSC [131]**

1. Gomez asserts overarchingly that the second action in Texas, *Gomez v Braid, 22CI8302*, will not and cannot and have not "affected the property at issue", which is the $10,000 that is in the Court's control already, thus the TRO is unneeded and illegal under the true facts, in addition to being illegal as it has no end date, rendering it permanent, not interim. *28 USC 1335.*

2. Gomez denies "brazenly" violating the TRO, and asserts affirmatively that Texas Rule of Evidence 202 specifically addresses orders such as the TRO, and requires a Texas Court to take notice of "another, state's, territory's or federal jurisdictions...court decisions.", and that all Gomez did was present the Texas Judge with notice of this Court's TRO, along with opinion as to the Plaintiff's position as to the "propriety of taking judicial notice and the nature of the matter to be noticed, where filing a notice and opining as to same is not "pursuing" or "prosecuting, as those terms are defined by the legal system, the motions not being directed at Braid, and TRE 202 in fact requiring no action on the part of Braid as a result of the filing, rendering same purely ministerial.  *Motion at 1; Attachment A - Tex. R. Evid. 202.*

3. Gomez further asserts that presenting a TRO to the Judge it affects is mandatory for any litigant, and that not informing the Texas Court of a ruling directly affecting it could in

        fact expose Gomez to discipline and negative results, putting Gomez in a Catch-22 as to whether to simply blow Her Honor off, or to attempt to treat Her Honor with respect by allowing her to promptly know of the existence of the infringement on Her authority, hence the short 2-day period between TRO and presentation to Her Honor in Texas.

4. As admitted by Braid, the three requests are for notice as to public records, and do not ask for any relief as to Braid, and thus are not "pursuing" or "prosecuting" anything as to Braid, and TRE 202( c)(2) allows that "a party is entitled to be heard of the propriety of taking judicial notice", so Braid was not estopped by the TRO or Her Honor from responding. *Motion at 1; TRE 202( c)(2).*

5. In fact, intentionally omitted from the Motion, is Braid's own violation of the TRO, by way of his 6.13.22 filing an Answer instead of simply responding as to why the Court should afford notice, thus himself furthering the case, not Gomez, and the TRO thus being even more unfair by failing to bind the other 2 defendants or the Plaintiff himself from litigating 22CI8302. *Attachment B - 6.13.22 Braid Answer.*

6. The Order does not order "Gomez not to submit any other filings into Gomez II", as evidenced by the fact that the current Motion requests the TRO be modified to include this defining language, and thus the TRO is vague as written and Plaintiff asks the Court to find Gomez in violation of a bar on any further filings, which is language Plaintiff could have and did not seek to be included in the TRO, thus admitting the ambiguity of the TRO as written. *Motion at 9; Prima Tex, 525 F.3d at 542.*

7. Gomez's statements as to his intent are irrelevant to the fact that asking a court to take notice, and to allow him to proceed, where Braid himself violated the TRO by "prosecuting" his defense, was and is not a violation, and Gomez asserts the record in the State matter reflects that Gomez is not responding to the Answer despite there being acts that Gomez should take there, and given the last filing was by Movant, it cannot be said

that the matter was furthered by Gomez, when the Answer is what furthered the case.

8.  Finally, *Dobbs* has rendered this Court without jurisdiction to do anything as to any Texas Heartbeat Act litigation in Texas, the TRO is without legal authority, and jurisdiction was never present here from the get go anyway, this matter being a 42 USC 1983/1985 dressed down as an interpleader, lawyer conduct which is unethical as shown by the fact the *Dobbs* was a properly brought 42 USC 1983 suit, as this one should have been.

WHEREFORE, GOMEZ only notifying the Texas Court of the existence of the TRO, and the TRO not prohibiting Gomez from presenting the TRO to the Texas Court or opining to the Texas Court as to the TRO, TRE 202 not requiring any action from Braid, and Braid himself deciding to prosecute the very case Gomez was bound from doing, and *Dobbs* eviscerating any jurisdiction over a State abortion law that this Court may have had, Gomez asserts that it was Braid, not Gomez, that furthered the case, and Gomez being bound by Texas law to address that and take related steps, GOMEZ MOVES THE TRO BE DISSOLVED AND THIS MATTER IMMEDIATELY DISMISSED WITH COSTS ASSESSED AGAINST PLAINTIFF.

IN THE ALTERNATIVE, IF THIS COURT ELECTS TO PROCEED despite *Dobbs,* and refuses to dissolve, Gomez will appeal, and in the interim Gomez will agree, under protest and standing on all objections, to the newly sought relief (that he not file anything into 21CI8302, procedural or substantive), as long as Gomez is allowed to present the modified TRO and the fact of the appeal of same to Her Honor in Texas, and Braid is restrained from filing anything other than a response to the motion for TRE 202 notice, and the TRO also binds the other two defendants as well, unless and until Gomez's Texas Court issues an order mandating participation there, and in that case Gomez would apply to this Court for relief from the TRO as needed before filing anything else into 22CI8302, until the indefinite time period TRO is determined illegal or dissolved.

**Submitted By:** *s/Felipe N. Gomez, Pro Se    7.1.22*

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true and correct copy of the foregoing Response to [124] and [131] and  was filed and has been served by emailing it to the Clerk, and by the

3

Clerk's filing of it with the Clerk of the Court via the Temporary Mail/Drop Box to CM/ECF system, which generates a notice of filing to all those appearing, who are thusly served such day as this document is filed

/s/ *Felipe N. Gomez, Pro Se*  **Dated:** *7.1.22*
Felipe Gomez, Pro Se PO Box 669
Forest Park, IL 60148 312.509.2071 fgomez9592@gmail.com

**ATTACHMENT A**

**TRE 202**

Case: 1:21-cv-05283 Document #: 141 Filed: 07/01/22 Page 6 of 10 PageID #:2156

casetext

Sign In  Get a Demo  Free Trial

Search all cases and statutes... JX

Statutes, codes, and regulations / Texas Court Rules
/ Texas Rules of Evide... / Article II - Judicial N...
/ Rule 202 - Judicial N...

# Tex. R. Evid. 202

⬇ Download PDF

As amended through April 25, 2022

Rule 202 - Judicial Notice of Other States' Law

(**a**) **Scope.** This rule governs judicial notice of another state's, territory's, or federal jurisdiction's:

* Constitution;

* public statutes;

* rules;

* regulations;

* ordinances;

* court decisions; and

* common law.

(**b**) **Taking Notice.** The court:
   (**1**) may take judicial notice on its own; or

   (**2**) must take judicial notice if a party requests it and the court is supplied with the necessary information.

(**c**) **Notice and Opportunity to Be Heard.**
   (**1**)*Notice.* The court may require a party requesting judicial notice to notify all other parties of the request so they may respond to it.

   (**2**)*Opportunity to Be Heard.* On timely request, a party is entitled to be heard on the propriety of taking judicial notice and the nature of the matter to be noticed. If the court takes judicial notice before a party has been notified, the party, on request, is still entitled to be heard.

(**d**) **Timing.** The court may take judicial notice at any stage of the proceeding.
(**e**) **Determination and Review.** The court-not the jury-must determine the law of another state, territory, or federal jurisdiction. The court's determination must be treated as a ruling on a question of law.
   *Tex. R. Evid. 202*

Previous Section | Next Section
Rule 201 - Judicial Notice of Adjudicative Facts | Rule 203 - Determining Foreign Law

**ATTACHMENT B**

**6.13.22 BRIAD ANSWER IN 22CI8302**

FILED
6/13/2022 8:29 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Gabrielle Martinez
Bexar County - 45th District Court

Case: 1:21-cv-05283 Document #: 141 Filed: 07/01/22 Page 8 of 10 PageID #:2158

CAUSE NO. 2022CI08302

| | |
|---|---|
| FELIPE GOMEZ, <br><br> Plaintiff, <br><br> v. <br><br> ALAN BRAID, MD <br><br> Defendants. | IN THE DISTRICT COURT OF <br> BEXAR COUNTY, TEXAS <br> 45th JUDICIAL DISTRICT |

## DEFENDANT ALAN BRAID, MD'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Alan Braid, MD ("Defendant") files this Original Answer to Plaintiff's Original Petition, and respectfully shows the Court as follows:

### I. General Denial

1. Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant denies each and every, all and singular, material allegations contained in Plaintiff's Original Petition and demands strict proof of them.

### II. Prayer

Defendant prays that Plaintiff take nothing by this suit, that Defendant recovers his attorneys' fees and costs, and that Defendant receives such other relief to which he is justly entitled.

Dated: June 13, 2022

10656468v1/017333

Respectfully submitted,

*/s/ Richard W. Hess*
Neal S. Manne
Mary Kathryn Sammons
Abigail C. Noebels
Richard W. Hess
SUSMAN GODFREY LLP
1000 Louisiana Street
Suite 5100
Houston, TX 77002
(713) 653-7827
nmanne@susmangodfrey.com
ksammons@susmangodfrey.com
anoebels@susmangodfrey.com
rhess@susmangodfrey.com

*Counsel for Defendant Alan Braid, M.D.*

## CERTIFICATE OF SERVICE

I certify that on June 13, 2022 before 10 a.m. Central Time, a true and correct copy of this document was properly served on parties or counsel of record via electronic filing in accordance with the Texas Rules of Civil Procedure.

/s/ *Richard W. Hess*
Richard W. Hess

10656468v1/017333


## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Giovanna Eby on behalf of Richard Hess
Bar No. 24046070
geby@susmangodfrey.com
Envelope ID: 65361296
Status as of 6/13/2022 2:30 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Giovanna Eby | | geby@susmangodfrey.com | 6/13/2022 8:29:35 AM | SENT |
| Wolfgang P.Hirczy de Mino | | whdmphd@gmail.com | 6/13/2022 8:29:35 AM | SENT |
| r Hess | | rhess@susmangodfrey.com | 6/13/2022 8:29:35 AM | SENT |

Associated Case Party: Felipe NGomez

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Felipe N.Gomez | | fgomez9592@gmail.com | 6/13/2022 8:29:35 AM | SENT |

Associated Case Party: Alan Braid

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Alan Braid | | abriad@hotmail.com | 6/13/2022 8:29:35 AM | SENT |