

**FILED**
7/19/2022 KG
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**21-CV-5283**

| | |
|---|---|
| **ALAN BRAID, M.D.,** *Plaintiff-in-Interpleader and Purported Stakeholder as to $10,000 ("res") deposited into the registry of the court,* v. **OSCAR STILLEY; FELIPE N. GOMEZ; WOLFGANG P. HIRCZY DE MINO, PhD [TEXAS HEARTBEAT PROJECT],** *Named Defendants/Claimants-in-Interpleader and Plaintiffs in Texas State Courts.* ------------------------------------------------------- **OSCAR STILLEY,** *Counter-Claimant against Alan Braid,* v. **ALAN BRAID, M.D.,** *Counter-Defendant as to Oscar Stilley.* | Civil Action No. HYPERLINK "https://www.courtlistener.com/docket/60626475/braid-v-stilley/"1:21-cv-5283 Judge: **Jorge Luis Alonso** Case type: **Federal Statutory Interpleader** Claim legal basis: **USC 28:1335, 28 U.S.C. § 2201 (DJA)** Juris type: **$500+ AIC Diversity Jurisdiction** |

## Special Appearance of Texas Defendant WPHDM, Motion to Quash Defective Service of Process, and Motion to Dismiss or Transfer this Case to San Antonio, Texas

Comes now the undersigned Texas Defendant, Wolfgang P. Hirczy de Mino, PhD, ("WPHDM"), incorrectly alleged to also be known as TEXAS HEARTBEAT PROJECT, and makes his limited and special appearance for the purpose of challenging *in personam* and subject-matter jurisdiction along with the Plaintiff's improper forum choice.

In support of such non-merits plea, and the corresponding request for a nonmerits dismissal or transfer, WPHDM submits the following:

1

Defendant Wolfgang P. Hirczy de Mino, PhD is a resident of Harris County, Texas.

Plaintiff's attorney, Richard Wolf Hess, is also a resident of Harris County, Texas, and his client, Alan Braid, MD, is a resident of Bexar County, Texas (San Antonio, TX).

It is undisputed that the conduct that forms the basis for alleged/admitted legal liability and for judicial relief occurred in Texas and is governed by Texas law.

Why then is Wolfgang P. Hirczy de Mino, PhD, being sued in Chicago, Illinois, rather than in Bexar County or Harris County in Texas? The only link to Chicago is Felipe Gomez, who was improperly joined as will be shown below.

Braid's chosen forum is extremely inconvenient and not proper. This case should accordingly be dismissed on *forum-non-conveniens* grounds, for lack of personal and/or subject matter jurisdiction, or transferred to a state or federal judge sitting in San Antonio, Texas.

### A. No Long-arm Jurisdiction over WPHDM

Plaintiff Alan Braid is himself a resident of Texas, has been doing business in Texas, and utterly fails to offer anything that would warranted the exercise of long-arm jurisdiction over Wolfgang P. Hirczy de Mino, PhD, by any court in Illinois, whether state or federal.

All contacts of WPHDM with Illinois are fortuitious and transitory and none of the events relevant to the litigation took place in Illinois. In his live pleadings, Alan Braid himself judicially admits that WPHDM is a resident and citizen of Texas for diversity jurisdiction purposes. There is no diversity between Alan Braid and WPHDM, given that both are domiciaries of Texas. Under the forum defendant rule, a legal claim founded upon state law between these two parties would not be removable to federal court even if it were to exceed $75,000, or would have to be remanded, possbily with sanctions for improper removal pursuant to 28 U.S.C. § 1447(c); *Halliburton Latin Am.*

2

*SA v. Int'l Tech. Sols.*, No. 00-20842, 2001 WL 1013047, at *1 (5th Cir. July 31, 2001) (per curiam) (unpublished).

The prescribed venue under the relevant state statute (S.B.8) is the alleged violator's own county or some other county in Texas, depending on whether or not the plaintiff is a Texas resident. Texas Health & Safety Code Sec. 171.210.

In short, S.B.8 litigation belongs in Texas and in state courts, and such civl actions are not removable under the forum-defendant rule even if the amount in controversy were to exceed $75,000. As to Felipe Gomez, however, the amount is zero, and provides no basis of diversity jurisdiction even if the interpleader statute could be stretched sufficiently to cover inchoate claims for statutory damages under S.B.8.

### B. No Valid Service on WPHDM

Absent proper service of process, a court lacks personal jurisdiction over a defendant and any default judgment is rendered void. *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990).

Even though federal court plaintiff Alan Braid, MD, has retained several Texas-licensed attorney, they have collectively failed to follow proper Texas procedure to effect valid service of process on Texas resident WPHDM.

Rule 103 of the Texas Rules of Civil Procedure authorizes three categories of persons who may serve process: (1) any sheriff or constable or any other person authorized by law; (2) any person authorized by law or by written order of the court who is not less than eighteen years of age; and (3) any person certified under order of the Supreme Court. TEX. R. CIV. P. 103. The same rule specifically prohibits service by a party to the case or the party's attorney as his agent. See Tex. R. Civ. P. 103, captioned WHO MAY SERVE.

A separate rule lists the information that must be included in a return of service. TEX. R. CIV. P. 107(b). Two of the details that must be included in the return of service

3

are the name of the person who served or attempted to serve the process, and if that person is a process server certified under order of the Supreme Court, that person's identification number and the expiration date of that person's certification. TEX. R. CIV. P. 107(b)(9), (10). *See Wyatt v. Deal*, No. 02-18-00246-CV, 2019 Tex. App. LEXIS 4778, at *11 (Tex. App.-Fort Worth June 6, 2019, no pet.) (mem. op.) (reversing a default judgment for defective service of process that did not include the identification number and expiration date of the process server's certification).

The purported return or certification of substituted service on WPHDM by one or more of Braid's attorneys should accordingly be quashed as invalid.

By filing this plea, WPHDM now waives service of summons ("citation" under the Texas state rules) and makes appearance subject to the limitations stated herein.

### C. Fraudulent Joinder of Felipe Gomez, who pled only for non-monetary relief in the state-court complaint relied upon as the predicate for the interpleader action.

The undisputed fact that Felipe Gomez is a resident of Chicago cannot support venue and forum in the Northern District of Illinois because Gomez was improperly made a defendant to Braid's interpleader action.

Indeed, the joinder of Felipe Gomez is fraudulent because his state-court petition did not satisfy the minimum required threshold of **$500** as is readily apparent on its face. Notwithstanding, Dr. Braid, through his attorneys, represented to the court that Gomez was a competing claimant for the **$10,000** minimum statutory penalty under S.B.8

Texas pleading rules require that the relief sought in a civil suit must the set forth in the original petition because it is relevant to the discovery level and whether the expedited action rule applies. See Tex. R. Civ. P. 47, captioned CLAIMS FOR RELIEF. Gomez did not plead for any monetary relief at all, seeking **only non-monetary relief**. He did not even pay the filing fee in Texas (ca $300), choosing instead to proceed *in*

*forma pauperis*.

Because a trial court's judgment must conform to the pleadings, a party seeking attorney's fees must plead for them, specifying the legal standard under which the fees are sought. *See Intercont'l Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 659 (Tex. 2009). Gomez did not plead for attorney's fees. In any event, because he was proceeding pro se, Gomez could not obtain attorney's fees even though the Texas Uniform Declaratory Judgments Act, which he invoked, would otherwise provide an exception to the American Rule. See Tex. Civ. Prac. & Rem. Code Chapter 37.

Because the state-court pleading filed by Gomez is attached to Braid's interpleader complaint in this court, and is incorporated into it by reference, it is plain on the face of the record -- and without any need for extrinsic evidence -- that Alan Braid failed to satisfy the jurisdictional requisites for a statutory interpleader as to Defendant Gomez because Gomez sought neither damages nor attorney's fees.

Gomez was not a claimant for the **$10,000** deposited by Braid into the registry of the court when his twelve attorneys initiated this action on Gomez's home turf. Additionally, the **declaratory relief** Gomez sought in state district court in Bexar County was for Alan Braid's benefit, rather than to his detriment, which defeated any contention of a genuine case or controversy in state court for **lack of adversity** at the time the pleading was filed. His lawsuit was a jurisdictionally decrepit nonstarter from the outset. If Gomez had been successful, S.B.8 would have been declared unconstitutional, entailing zero monetary liability for Braid.

Dr. Braid's derivative interpleader action should have been dismissed at the earliest opportunity. That's because Braid attached Gomez's petition and with it pleaded himself out of court: the affected court being the U.S.D.C. for the Northern District of Illinois.

## D. An Alternative Federal Forum in Texas?

In the alternative to outright dismissal on improper joinder and forum grounds, and assuming Article III jurisdiction somehow exists or does not have to be determined *ab initio* contrary to the general rule, this case should be transferred to the Western District of Texas--San Antonio Division based on the following: (1) Alan Braid's residence and place of business there, and (2) the fact that the state-court actions against Braid were filed by the out-of-state plaintiffs in the Bexar County courthouse in San Antonio as required by Senate Bill 8. See Texas Health & Safety Code Section Sec. 171.210 (governing venue in civil suits under the Texas Heartbeat Act).

Additionally, federal courts in Texas are in a better position to apply Texas law because they do it all the time and can make better *Erie* guesses. And the Fifth Circuit regularly sends certified questions to the Texas Supreme Court for answers to novel questions of state law.

### E. Frivolous Post-*Dobbs* Complaint about State Venue Provisions

Dr. Braid continues to complain about unfair venue rules under S.B.8 -- not to mention unconstitutional ones. How can he credibly do so when he was duly sued in his own home county following an invitation extended to the entire nation to sue him, and thereby provide him an occasion for a legal showdown? And how can Braid make such complaint with a straight face 1,000+ miles from his home in a froum of his choosing where his Texas-based attorneys have to request pro-hac-vice admission? Finally, how does exporting a trio of pro-se lawsuits make their resolution more efficient? Not to mention bringing in 12 attorneys from different law firms from around the continent.

It boggles the mind. Alan Braid is guilty of the very practice of which he complains: Suing an opponent in a distant forum.

### CONCLUSION AND PRAYER

Based on his own federal complaint in the purported nature of a statutory interpleader and based on the three state-court pleadings attached to it, Braid's federal case should be dismissed without prejudice as to subsequent litigation in a proper

forum in Texas, or alternatively transferred to the U.S. District Court for the Western District of Texas--San Antonio Divisioin for further proceedings, including a prompt resolution of all Article III and justiciability issues.

Date: Tuesday, July 19,  2022

                                              Respectfully submitted,

/s/ *Wolfgang P. Hirczy de Miño*

_____

Wolfgang P. Hirczy de Mino, Ph.D.

P.O. Box 521
Bellaire, Texas 77402-0521
Email: wphdmphd@gmail.com

### UPDATED CERTIFICATE OF CONFERENCE (INCL. CO-DEFFENDANTS)

      The undersigned hereby certifies that he has on numerous occasions attempted to communicate with some of Dr. Braid's attorneys, mostly without success.

      Houston-based Attorney for Plaintiff Rick Hess responded in a one-line message that they oppose transfer to the Western District of Texas. See attached Exhibit: Hess Opposition to Transfer to USDC WD Texas, dated June 27, 2022 (e-mail exchange).

      Other attorneys have either failed to respond to separate email overtures (Peaslee, Hearron) or affirmatively refused to discuss any of the jurisdictional issues (Agrawal).

      Pro se Interpleader Defendant Felipe Gomez is adamant that he opposes this motion, and categorically opposes all motions by the undersigned (even when they seek relief consonant with motions of his own).

      Pro se Interpleader Defendant and Counter-Claimant Oscar Stilley has expressed no substantive opposition to this motion being taken up and adjudicated by this Court, and letting the chip fall where they may.

                                                      /s/ *Wolfgang P. Hirczy de Miño*

                                        _____

                                        Wolfgang P. Hirczy de Mino, Ph.D.

**CERTIFICATE OF SERVICE**

  The undersigned hereby certifies that he is serving at least five attorneys of record for Plaintiff Alan Braid, M.D., through their respective email addresses, using an email account different from the one publicly disclosed in the signature block above.

ATTORNEYS FOR PLAINTIFF, ALAN BRAID, MD:

- Richard Wolf Hess at rhess@susmangodfrey.com (Houston)
- Abigail C. Noebels at anoebels@susmangodfrey.com (Houston)
- Suyash Agraval at sagrawal@masseygail.com (Chicago)
- Marc Andrew Hearron at mhearron@reprorights.org (Washington, DC)
- Katherine Peaslee at kpeaslee@susmangodfrey.com (Seattle)

PRO-SE CO-DEFENDANTS:

- Felipe N. Gomez at fgomez9592@gmail.com (Chicago)
- Oscar Stilley at oscarstilley@gmail.com (Arkansas)

  The undersigned cannot safely disclose his cell phone number because Felipe Gomez considers him a fascist and has promised to provide it, along with other personal details, to Mossad and Shin Bet for surveillance and possible assassination (at their discretion). Several of Dr. Braid's attorneys who were in on the email exchange apparently think that's okay. I don't.

/s/ *Wolfgang P. Hirczy de Miño*

_____

Wolfgang P. Hirczy de Mino, Ph.D.

7/19/22, 8:30 AM
Braid MD v. Gomez etc. - min AIC for diversity-jurisdiction purposes - jurisdictional defect - whdmphd@gmail.com - Gmail
Case: 1:21-cv-05283 Document #: 146 Filed: 07/19/22 Page 9 of 10 PageID #:2179



**Rick Hess**  Mon, Jun 27, 8:33 AM
to me  

We oppose transfer to W.D. Tex. You should not contact Dr. Braid.

---

**From:** Wolfgang Hirczy de Mino <whdmphd@gmail.com>
**Sent:** Thursday, June 23, 2022 11:48 AM
**To:** Rick Hess <rhess@SusmanGodfrey.com>; Wolfgang Hirczy de Mino <whdmphd@gmail.com>
**Subject:** Braid MD v. Gomez etc. - min AIC for diversity-jurisdiction purposes - jurisdictional defect

EXTERNAL Email

### Wolfgang P. Hirczy de Miño, PhD

June 23, 2022

Richard W. Hess
Susman Godfrey LLP
1000 Louisiana
Suite 5100
Houston, TX 77002-5096

RE: Alan Braid multi-district interstate litigation

Dear Mr. Hess,

As you are aware, Mr. Gomez is suing me for defamation in Smith County.

My contention is that his first lawsuit against your client is properly characterized as collusive because he aligned himself with the defendant, and that your interpleader action in USDC N.D. Illinois is therefore affected by the same taint. I accordingly intend to move for matter-of-law summary judgment on that basis. If your client wants to be heard on the matter of colluision/lack of adversity in the Smith County defamation case, you know what to do. Gomez takes the position that there has to be active communication and plotting warrant the term collusion, and that evidence of no such communication with your client refutes the charge. I suppose that will have to be decided by Judge Jackson in the near future.

That said, you and/or your colleagues have successfully and conspicuously created adversity and animosity thereafter, but if interpleader validity is based on the original complaint as filed on October 5, 2021, how does it matter?

What I don't get is how the Gomez petition in Gomez v Braid I (filed in Sep 2021) can satisfy the **jurisdictional minimum for a statutory interpleader**, even though it is ridiculously low, which ought to be challenged as unconstitutional in an appropriate case.

As is plain on the face of his first state-court pleading, Gomez sought no money damages whatever (Amount = zero) and couldn't possibly get any attorney's fees under the Texas DJA because he proceeded pro se. Not that he had a choice, what with already suspended from the practice of law at the time.

Even if he had paid the filing fee (ca $300), which he did not, even that expenditure would not have surpassed the $500 minimum required for an interpleader.

Is there any other basis for assigning **a monetary value to a declaratory judgment action** that involves validity of a statute not real property or some other asset or contract rights? I would be eager to be elucidated since I don't currently see how. Compare the Gomez pleading to the Stilley petition, which stakes a claim for up to $100,000, which actually exceeds the normal diversity jurisdiction threshold.

**What statutory jurisdictional basis is there, then, to sue Gomez in Chicago (and anchor venue there), and how would the lack of jurisdictional predicate as to the Gomez claim (as evidenced by his 2021 pleading) not render the entire interpleader case a nullity?**

Please consider this an additional FRCP 11 safe-harbor notice in case I have to get involved up there.

Finally, I never received a response to my overture regarding the idea of an **agreed transfer to the Western District of Texas-San Antonio Division.**

Would you prefer that I communicate with your client directly to tender such propositions? Since I am not an attorney, the represented-party rule does not apply to me.

I look forward to receiving a substantive response on behalf of your client from you, or at least an acknowledgment of receipt.

Wolfgang P. Hirczy de Mino, PhD
whdmphd@gmail.com

## Inquiry into the Existence of an Adverse Legal Interest

In order for a case or controversy to be adversarial, the parties "must not desire . . . the same result." <u>Moore v. Charlotte-Mecklenburg Bd. Of Ed., 402 U.S. 47-48 (1971)</u>. Adversity of interest insures that the parties "will sharply define the issues." <u>Goosby v. Osser, 409 U.S. 512, 517 (1973)</u>.

A feigned or collusive lawsuit presents no Article III case or controversy. See <u>Arizonans for Official English v. Arizona, 520 U.S. 43, 71 (1997)</u> (noting the lack of federal subject matter jurisdiction in "friendly or feigned proceedings").

7/19/22, 8:30 AM    Bravo-M12 2. Gomez etc... motion AUG for diversity jurisdiction purposes - jurisdictional defect - wrightpbd@gmail.com - Gmail

Case: 1:21-cv-05283 Document #: 146 Filed: 07/19/22 Page 10 of 10 PageID #:2180

*Kirkland v. New York State Dep't of Correctional Services,* No. 82 CIV. 0295, 1988 WL 108485, at *3 (S.D.N.Y. Oct. 12, 1998) ("[T]he court must dismiss a case where the cooperation of the plaintiff and the defendant might adversely affect the rights of outsiders if the question of law is decided in the manner that both of the parties desire.").

More general than, the rule that federal courts will not entertain friendly suits, *Chicago & Grand Trunk R. Co.* v. *Wellman, supra,* or those which are feigned or collusive in nature, *United States* v. *Johnson,* 319 U. S. 302 (1943); *Lord* v. *Veazie,* 8 How. 251 (1850).

Got it.  Will do.  Thanks.