

**FILED**
8/17/2022
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

AK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **ALAN BRAID, M.D.,**<br> *Plaintiff-in-Interpleader and Purported Stakeholder as to $10,000 ("res") Deposited Into the Registry of the Court,*<br>**vs.**<br><br>**OSCAR STILLEY,** *Claimant as to Statutory Damages in the Amount of $100,000;*<br>**FELIPE N. GOMEZ**, *Disclaimant;*<br>**WOLFGANG P. HIRCZY DE MINO, Ph.D.**<br>**[TEXAS HEARTBEAT PROJECT]**, *Claimant as to Statutory Damages in the amount of $10,000.*<br>**ALAN BRAID, M.D.,** *Claimant for Return of $10,000 Test Case Tournament Money Deposited Into the Registry of the Court*<br>--------------------------------------------------------------<br>**OSCAR STILLEY,**<br> *Counter-Claimant against Alan Braid, MD for Declaratory Relief,*<br><br>**vs.**<br><br>**ALAN BRAID, M.D.,**<br> *Counter-Defendant as to Oscar Stilley.* | Civil Action **No. 1:21-cv-5283**<br><br><br>Judge: **Hon. Jorge Luis Alonso**<br><br>Case Type: **Federal Statutory Interpleader**<br>Claim Legal Basis:<br>**28 U.S.C. § 1335, 28 U.S.C. § 2201 (DJA)**<br>Juris Type: **$500+ AIC Diversity Jurisdiction**<br>Applicable State Law: **Texas**<br>State Law Legal Claim Basis: **S.B.8, UDJA**<br>Forum Law: **Illinois** |

# Motion to Restrain Vexatious Satellite Litigation
# by Felipe N. Gomez

Comes now the undersigned Texas Defendant, Wolfgang P. Hirczy de Mino, PhD, ("WPHDM" or "Movant"), and request an Order of Protection against Co-Defendant Felipe Nery Gomez ("Gomez").

Such injunctive order is imperative now because Gomez has endeavored to use satellite litigation to interfere with this pending proceeding, to attack and harass his opponents through

collateral lawsuits in inconvenient locales, and to influence and distort their litigation activity here. Other litigation-adjacent misconduct by Gomez involves personal insults of the vilest kind and incessant threats; reprehensible behavior that fits the definition of bullying but is not made part of the instant motion for now.

To protect its own turf, authority, and judicial independence, the Northern District of Illinois (or transferee court, as applicable) should stop Gomez from conducting satellite litigation in other courts in Texas and Illinois pertaining to and predicated upon actions taken and communications made in the due course of this proceeding. As will be shown below, the ancillary litigation conducted by Gomez is patently nonmeritorious because statements made in a lawsuit cannot entail tort liability as a general principle of American law.

## A. The Litigation Privilege (Immunity) Shields Parties from Tort Claims

The scope of the judicial-proceedings privilege is set forth in section 587 of the Restatement (Second) of Torts, which provides in pertinent part:

> "A party to a private litigation * * * is absolutely privileged to publish defamatory matter concerning another * * * during the course and as a part of, a judicial proceeding in which he participates, if the matter has some relation to the proceeding." Restatement (Second) of Torts § 587, at 248 (1977).

*Malevitis v. Friedman*, 323 Ill. App. 3d. 1129, 1131, 753 N.E.2d 404 (2001); *Landry's, Inc. v. Animal Legal Def. Fund*, 631 S.W.3d 40, 46 (Tex. 2021) (reiterating that in Texas judicial-proceedings privilege protects "[c]ommunications in the due course of a judicial proceeding" from "serv[ing] as the basis of a civil action for libel or slander, regardless of the negligence or malice with which they are made."), *quoting James v. Brown*, 637 S.W.2d 914, 916 (Tex. 1982); *also see Runge v. Franklin,* 72 Tex. 585, 10 S.W. 721 (1889)(rejecting conditional or qualified privilege and stating that "[w]e believe it is and ought to be the law that proceedings in civil courts are absolutely privileged.").

## B. Gomez Litigates Incessantly, Excessively, and Vexatiously

Under general principles of standing, Movant WPHDM can only seek judicial relief concerning the subset of Gomez's pattern of improper peripheral litigation that adversely affect him. As of mid-August 2022, Gomez's campaign of lawfare against WPHDM includes the following:

- A defamation action by Gomez in Smith County, Texas, seeking $100,000 in damages from WPHDM for allegedly having misstated Gomez's attorney disciplinary record and for having characterized his initial lawsuit against Alan Braid as collusive.

- A nearly identical defamation action by Gomez in Cook County, Illinois, seeking $250,000 in damages per count, with bizarre jurisdiction allegations.

- A motion by Gomez for sanctions in the amount of $10,000 in the Court of Appeals for the Twelfth Appellate District, apparently based on WPHDM's notice of appeal, which contingently included within its scope a forthcoming ruling on a post-post-judgment motion that is still pending. This is unremarkable under the Texas Rules of Appellate Procedure. See Tex. R. App. 27.2, 27.3.

- A motion by Gomez for sanctions in the amount of $1,000 for WPHDM having dared to file a "Notice of Related Cases" in Gomez vs. Alan Braid II in Bexar County. This is the re-filed case Gomez has been prohibited from prosecuting by this Court pursuant to the interpleader statute that authorizes ancillary injunctive relief against parallel proceedings in other courts.

- A request for sanctions/expenses in Texas Heartbeat Project vs. Alan Braid, in Smith County in connection with a dubious intervention filing by Gomez in that case.

In the interest of expedition, Movant will focus here primarily on the iterative defamation action, which pose the most acute threat and burdens on the multi-state litigation front at this time.

## C. Gomez Seeks to Re-litigate Attorney Discipline Exacted Upon Him

By and through the defamation actions against the undersigned, Gomez attempts to relitigate the attorney disciplinary actions taken against him by the U.S.D.C. for the Northern District of Illinois (already affirmed by the Seventh Circuit), the Attorney Registration and Disciplinary Commission (ARDC), and his suspension by the Supreme Court of Illinois.

Incredibly, Gomez seeks a collateral judicial determination that those disciplinary actions somehow have not happened - and that statements by third parties about them are now lies that impugn his reputation. Gomez says that he has since surrendered his law license

and is no longer a member of the club. He seeks to obtain an absolution from his misconduct as an attorney through a libel judgment against WPHDM, or at least an opportunity to attack those involved in the disciplinary process in Illinois in the course of litigating the libel claim. Apparently, he is now suing officials with ARDC also, for good measure.

But his *pro-se* litigation program doesn't stop there. Gomez is also threatening to sue various media outlets that have reported on his disciplinary troubles and have used the term "disbarment" or "disbarred" in their headlines or coverage. Note however that this term or its variants -- rather than the term *suspension* -- was used by the federal disciplinary body, and was also recited by the ARDC in its report and recommendation of a three-year suspension with no automatic right to reinstatement at the conclusion of that term. Even if the ARDC terminates the pending disciplinary case (or has recently done so without updating the status information for Gomez on its website), the closure of the disciplinary proceeding cannot change the fact of the prior suspension; nor does it expunge the historical record thereof. And if his resignation and surrender of license indeed moots the case, it can hardly be said that Gomez has been vindicated, or that the underlying evidentiary findings were wrong.

### D. Gomez Attacks Collaterally and Retaliates Against Other Litigants

By and through the defamation action Gomez seeks to hold WPHDM liable in tort for statements made in and about the litigation involving Alan Braid, which are protected by judicial communications privilege under federal, Illinois, and Texas law.

Specifically, Gomez complains about the following statement: "Gomez is a collusive plaintiff as to Dr. Braid" in relation the Gomez's first lawsuit against Braid in 2021. See excerpt below and copy of entire Complaint at **Tab A**.

> I.  On 10.9.21, Defendants, outside of but related to *21cv5283*, wrote to
> Counsel Agrawal and cc'g Counsel Anne Swift, as well as Defendant
> Stilley that "Gomez is a collusive plaintiff as to Dr. Braid", in relation to
> *Braid I.*

[Embedded image of paragraph alleging libel based on an e-mail to opposing counsel]

Complaint filed July 27, 2022, styled Felipe N. Gomez v. Wolfgang DeMino [sic], Case No. 2022CH07302, pending in the Circuit Court of Cook County - Chancery Division.

The contention regarding collusion and lack of a justiciable controversy is currently before this Court on WPHDM's **FRCP 12 Motion to Eliminate Gomez as a Claimant** and incidentally overlaps considerably with Gomez's own motion to dismiss for lack of subject-matter jurisdiction filed and denied last year. Even if it were not similar in substance, however, the characterization of Gomez's first lawsuit against Dr. Braid as "collusive" is an articulated litigation position of another interested party in the case and is therefore protected by judicial proceedings privilege regardless of how the Court ultimately resolves it.

Additionally, and independent of any lawsuit context, the complained-of locution qualifies as an opinion protected by the First Amendment based on facts that are true. Those facts include Gomez designating both himself as plaintiff and the person he sued as "Pro Choice". See image of case caption below.



[Embedded image of case caption in Gomez v. Braid I, Case No. 2021CI19920]

Gomez's vacuous complaints in other courts that he is being defamed by statements made by another litigant in that litigant's defense or in furtherance of that litigant's own interests are calculated to interfere with -- *and do interfere with* -- the ongoing interpleader litigation. By recasting arguments, litigation positions, and legal issues to be adjudicated as

tortious conduct, and seeking to make the speaker pay for such conduct via the common-law tort system, Gomez is chilling forthright advocacy and distorting the litigation dynamics.

### E. Comity Considerations

These exertions by Felipe Gomez are additionally objectionable because they involve the invocation of the power of a state court to attack a federal court ruling that has not yet occurred; and would amount to an impermissible attempted appeal or collateral attack in denigration of state-federal comity if a ruling had already been rendered. As such, these lawsuits about a lawsuit go far beyond the mere exercise of the right to speak and criticize which enjoys First Amendment protection.

Nor is Gomez deprived of the opportunity to contest the characterization of his state-court pleading in 2021 as a "friendly" or "collusive" lawsuit in this proceeding, where he is himself a prolific filer of motions and objections. Gomez is fully capable of offering a divergent characterization or description of his prior litigation conduct vis-a-vis Dr. Braid and his contemporaneous statements to the media at the time, as well as an explanation for his subsequent flip-flopping.

### F. Use of Secondary Suits for Improper Purpose: Discovery & Depositions

Gomez additionally seeks to utilize the ancillary defamation suits as an excuse to subpoena Alan Braid, MD, the plaintiff here, and some of his attorneys. This is an abuse of the legal system likewise.

In the Smith County defamation suit, Gomez procured three (3) nonparty subpoenas for depositions shortly before Judge Jackson dismissed that action for failure to prosecute when Gomez did not show up for a hearing. Notably, Gomez unreasonably obtained these nonparty witness subpoenas against Braid and two of his attorneys (Suyash Agrawal and Marc Hearron) before he had even made his own mandatory initial disclosures in the Smith County suit.

Gomez then re-filed a substantially similar defamation action in Cook County, Illinois, and promised that he will use it as a vehicle to force Alan Braid's attorneys to submit to

deposition there, since the dismissal of the Smith County action had rendered the prior subpoenas ineffective. See Copy of Defamation Complaint attached at **Tab A**.

Although such depositions may not be inherently improper, the libel lawsuit itself is patently non-meritorious because the communications pointed to as the basis for the libel claims are privileged and protected by the First Amendment, while the communications between Dr. Braid and his attorneys that Gomez wants to investigate through depositions are shielded by attorney-client privilege.

The invalidity of Gomez's libel claims is apparent on the face of his pleadings because he expressly refers to the interpleader proceeding by case style and docket number and sues on allegedly defamatory statements made in the course of it. Gomez has already threatened to obtain a hefty default judgment should WPHDM not appear and defend his re-filed defamation suit against him in Chicago.

More ominously still, the mushrooming satellite litigations instituted by Gomez not only multiply the sheer number of cases over the same nucleus of operative facts in a vexatious manner, they also complicate the pursuit of a final resolution of Braid's admitted violation of S.B.8 -- and his resulting liability for a modest amount of $10,000 on deposit in the court's registry since October 2021. Much litigation fury and much waste of public and private resources and time about not much, considering the number at lawyers, docket items, courts, judges, and support personnel.

## G. Gomez's Litigation Track Record Speaks for Itself

There are no disputed issues of fact concerning the gist of what Gomez is doing as his *pro se* work products in the various courts speak for themselves. His pleadings and other filings are admissible against him because he is the author, and they are also admissible as public records subject to judicial notice, as are relevant filings of other parties.

Courts may take judicial notice of court filings when the accuracy of those documents cannot reasonably be questioned. *See Adkins v. VIM Recycling, Inc.*, 644 F.3d 483, 492-93 (7th Cir. 2011); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080-81 (7th Cir.

1997). Courts may also take judicial notice of other matters of public record. *Orgone Cap. III, LLC v. Daubenspeck*, 912 F.3d 1039, 1043-44 (7th Cir. 2019). That would include the information and materials on the ARDC's website, including the Illinois Supreme Court interim suspension order in the Gomez disciplinary matter, the underlying complaints, and the evidentiary panel's report and recommendations.

The attached documentary exhibits should accordingly suffice to establish that the litigations in which they were filed are closely intertwined with the interpleader litigation here, and these subsidiary actions interfere with its resolution. Immediate judicial relief in the form of an anti-suit injunction against Gomez is accordingly warranted based on his well-documented satellite litigation record alone, with no need for live testimony and the attendant additional aggravation and even more unnecessary expenditure of remaining lifetime.

Nor need the injunctive relief be granted *ex parte* as Gomez is being served with a copy of this motion and has the demonstrated capacity to respond to it within 24 hours, if not sooner, since he is comfortably retired on Social Security, with no income worries, and can and does engage in *pro se* litigation as a past-time.



## CONCLUSION
## AND REQUEST FOR TRO AND INJUNCTION

Formerly licensed Illinois attorney Felipe N. Gomez has launched multiple collateral judicial proceedings in various jurisdictions that interfere with the resolution of the interpleader case now pending for an excessive amount of time already in the Northern District of Illinois.

Specifically, Gomez has commenced at least two satellite litigations to attack litigation positions of an opponent by characterizing such positions as defamatory, thereby undermining the integrity of the judicial process and chilling the exercise of First Amendment rights by the undersigned Movant and - by implication -- all others who are involved in the Alan Braid litigation.

This Court should use its inherent power to put a stop to this overly litigious and vexatious conduct, and should promptly enjoin Felipe N. Gomez from prosecuting his re-filed, repetitive, and facially frivolous defamation action in Cook County, Illinois, Chancery Division Case No. 2022CH07302. Such restraint will not preclude Gomez from disputing the collusion allegation here. The requested restraint will therefore not curtail his First Amendment litigation rights or any due process he may wish to avail himself of.

The District Court should then convert the TRO to a preliminary injunction, after having given Gomez an opportunity to either dismiss his pending state-court defamation suit in Cook County, or otherwise explain why he should not be preliminarily and permanently enjoined from prosecuting state-court litigations that duplicate issues pending here in the guise of tort claims against opponents he is already fully engaged with in one forum if not several.

## PRECLUSIVE DISMISSAL AS AN ALTERNATIVE

Alternatively, the District Court could dismiss Gomez from the Alan Braid litigation _with prejudice_ by granting one or more of the other motions that have been filed against him, which would at least create a court order that could be raised as a bar or shield in the collateral litigation. _See Parungao v. Community Health Systems, Inc_., No. 16-3021, 858 F.3d 452 (7th Cir.

2017)(affirming dismissal of doctor's fourth lawsuit arising from employment dispute based on *res judicata*).

As a further option, the District Court could dismiss for lack of jurisdiction or non-justiciability on a ground or with a rationale that would apply equally in state court. *Cf. Ortiz v. Foxx*, No. 19-cv-02923 (USDC N.D. Illinois, Mar. 31, 2022); *also see Loubser v. Thacker*, 440 F.3d 439 (7th Cir. 2006) (affirming district court's dismissal with prejudice of a Section 1983 claim against judge who had "absolute immunity from such damages claims"); *Lewis v. Suthers, Dist. Court*, No. 10 C 6522 (USDC N.D. Illinois 2011)(giving effect to *res judicata* on question of absolute immunity and dismissing with prejudice).

Dated: August 17, 2022

Respectfully submitted,

/S/ *Wolfgang P. Hirczy de Mino*

_____
Wolfgang P. Hirczy de Mino, Ph.D.
P.O. Box 521
Bellaire, Texas 77402-0521
Email: wphdmphd@gmail.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this the _17th_ day of August 2022 he is submitting this document to the Temporary e-filing clerk of the Northern District of Illinois for filing and electronic service on all parties and/or their attorneys through the docket management system.

/S/ *Wolfgang P. Hirczy de Mino*

_____
Wolfgang P. Hirczy de Mino, Ph.D.

## INDEX TO MOTION EXHIBITS IN THE APPENDIX

**Tab A:**  Gomez Defamation Complaint in Cook County, Illinois

**Tab B:**  Gomez Defamation Complaint in Smith County, Texas

**Tab C**:  Defendant's First Motion for Summary Judgment in the Smith County Case

**Tab D:**  Defendant's Second Motion for Summary Judgment in the Smith County Case

**Tab E:**  Gomez Motion to Strike Notice of Related Cases and for Sanctions in
*Gomez v. Braid II* in Bexar County, Texas, Case No. 2022CI08302

**Tab F:**  WPHDM's Response to Gomez Motion for Sanctions in Bexar County

## MOTION EXHIBIT ROSTER WITH FILE METADATA

| | | | |
|---|---|---|---|
| Tab-A Gomez Defamation Complaint in Cook County, Illinois - Case No. 2022CH07302 | 8/5/2022 10:39 AM | Microsoft Edge P... | 349 KB |
| Tab-B Gomez Defamation Complaint in Smith County, Texas - Case No 22-0920-B | 8/5/2022 11:00 AM | Microsoft Edge P... | 113 KB |
| Tab-C MSJ ONE BY DEFENDANT 2022-05-07 TRCP 166a - PARTIAL (Gomez Atty Discipline Claim) | 5/6/2022 12:40 PM | Microsoft Edge P... | 877 KB |
| Tab-D MSJ TWO BY DEFENDANT 2022-06-25 TRCP 166a (Gomez Libel Claims) | 6/26/2022 8:40 PM | Microsoft Edge P... | 1,073 KB |
| Tab-E Gomez Motion to Strike Notice of Related Cases and for Sanctions in Bexar County | 7/25/2022 12:34 PM | Microsoft Edge P... | 2,753 KB |
| Tab-F WPHDM Response to Gomez re Notice of Related Cases in Gomez v. Braid II (Bexar Cty) | 8/1/2022 2:13 PM | Microsoft Edge P... | 1,036 KB |

[Embedded Image: Screenshot of List of Exhibits by PDF File Names and File Size]

FILED
7/27/2022 11:43 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH07302
Calendar, 10
18852444

# IN THE CIRCUIT COURT OF COOK COUNTY
## CHANCERY DIVISION

| | |
|---|---|
| **Felipe N. Gomez**<br><br>v.<br><br>**Wolfgang DeMino**<br>**Texas Heartbeat Project)** | **Case No:** 2022CH07302<br><br>Defamation Per Se and Per Quod Injunction |

## COMPLAINT

NOW COMES FELIPE GOMEZ an Illinois resident and pleads against Wolfgang DeMino for Defamation as follows:

### PARTIES, JURISDICTION AND VENUE

1.  Wolfgang Demino is a resident of Smith County, Texas, who has minimum contacts with Illinois per 735 ILCS 5/2-209(a)(2) for committing tortious acts in Illinois, given that the publication of the defamatory writings was in part directed specifically to Illinois residents who received those communications, and was connected to litigation in Illinois, namely the (alleged) interpleader action *Braid v Stilley, Gomez, and Demino, 21cv5283,* which matter Gomez alleges Demino is utilizing in part as a vehicle to defame Gomez, as well as to promote SB8 in Illinois.

2.  "Texas Heartbeat Project" is on information and belief, an alter ego for Defendant, also based out of Texas.

3.  Plaintiff Gomez is an Illinois resident, whom was the first person to sue under Texas anti-abortion law SB8 (*Gomez v Stilley, Gomez and Demino, 21C19920, Bexar Co. TX*), ("Braid I"), and where Demino and "THP", were a tardy third behind Mr. Stilley *(THP v Braid, 21-2276, Smith Co. TX)*, and where both Stilley's and Gomez's complaints attacked SB8 as illegal, and where Defendants here were and are self-declared proponents of SB8, as well as other theories of controlling others, such loss of the "race to the Courthouse, and opposition to SB8, on information and belief, creating an animus in

FILED DATE: 7/27/2022 11:43 PM   2022CH07302

Defendants towards Gomez as a result, thus venue is proper here in Illinois.

## LAW

4.    Gomez asserts that numerous communications from Demino to Illinois residents regarding his role and backing of SB8, of which the knowingly false statements were a subset, also provides minimum contacts per 735 ILCS 5/2-209 under the Illinois and US Constitutions, and thus it is not unfair to exert jurisdiction over Defendants whom already have a presence and consorted, using Illinois infrastructure, with Illinois residents, as part of that, using Illinois residents as an audience for the opinions of Defendants, at the expense of Plaintiff here.

5.    In Illinois, certain statements are considered defamatory per se, including words that impute the commission of a criminal offense, and statements that prejudice a person in his profession or business. *Van Horne v. Muller, 185 Ill. 2d 299 (1999); Bryson v. News American Publications, Inc., 174 Ill. 2d 77 (1996); Tuite v. Corbitt, 224 Ill. 2d 490 (2006)*

6.    All entities participating, aiding and abetting in the publication of libelous or slanderous matters are potentially liable for such publication. *Van Horne, 185 Ill. 2d 299 (1999).*

7.    Where an alleged defamatory statement is actionable per se, damages are presumed and plaintiff does not need to plead, or prove actual damage to his or her reputation to recover. *Bryson v. News American Publication, 174 Ill. 2d 77 (1996).*

8.    Illinois follows Restatement (Second) of Torts, allowing damages for economic loss, mental suffering and resulting bodily harm, personal humiliation, and impairment of personal and professional reputation and standing in the community. *Bryson v. News American Publications, Inc., 174 Ill. 2d 77, 87-88 (1996); Gibson v. Phillip Morris, Inc., 292 Ill. App. 3d 267, 278 (1997).*

## FACTS

9.    Defendants did on more that one occasion, including on 10.9.21, 7.21.22, and numerous other times, in writings directed to numerous Illinois residents, judges, court staff, and

FILED DATE: 7/27/2022 11:43 PM   2022CH07302

local and national media, and after being asked to cease and desist more than once, falsely accuse Gomez of, *inter alia*:

A. **Collusion with Dr. Braid** to bring a collusive lawsuit in Texas, and participate collusively in being a straw defendant in order to manufacture jurisdiction in Chicago:

   I. On 10.9.21, Defendants, outside of but related to *21cv5283*, wrote to Counsel Agrawal and cc'g Counsel Anne Swift, as well as Defendant Stilley that "Gomez is a collusive plaintiff as to Dr. Braid", in relation to *Braid I*.

   II. On 10.10.21, Defendants wrote to several of the *21cv5283* attorneys, as well as the Texas Attorney General and the U.S. Department of Justice, after Gomez requested Defendants prove his claim that Gomez and Braid colluded, that "[nothing] alters my conclusion that you are a collusive plaintiff...I alleged collusion...in reference to you...".

   III. In fact prior to and again on11.19.21, Gomez expressly rejected certain of Braid's attorneys attempt to have Gomez forgo defending in order to benefit Dr. Braid, and in order to defeat SB8, Gomez believing that 2 wrongs rarely make it right, and using a bogus lawsuit to try to defeat a bogus law is pure hypocrisy.

B. **Having been disciplined and disbarred by Illinois**, including on 1.11.22 writing to Plaintiff and cc'g several persons, "you are again being disciplined", despite that at the time and currently, *In Re Felipe Gomez*, *20PR0064* (ILARDC) is "pending", and in fact there has been no discipline imposed as there is no final order making such findings and imposing any sanctions, as a matter of public record, which is now impossible as Gomez resigned his law license on 4.7.22, in part due to Defendants' smear campaign falsely claiming that Gomez was disciplined and disbarred.

10. Gomez, a resident of Illinois, asserts Defendants knowingly made the above and many

FILED DATE: 7/27/2022 11:43 PM   2022CH07302

other false statements of fact, amounting to defamation per se, and some amounting to per quod, including accusing Gomez of death threats, about the plaintiff to numerous third parties by way of his filings and media communications

11.     Gomez asserts Defendant made the statements intending to cause the plaintiff reputational and material harm, and that the statements did so cause and continue to cause material harm, given the persistent reporting in accordance with DeMino's false statements and wild accusations.

12.     Gomez asserts Defendant acted knowingly and purposefully in doing so, including continuing after being proved incorrect, and that the harm, and Defendant's conduct continues to this day, including interfering with Gomez's rights in Illinois and with relation to access the Courts of Texas, and defaming Gomez there as well, with no privilege attaching.

13.     Plaintiff here has repeatedly asked Defendant to cease and desist, with Defendant refusing, believing he is protected by "litigation privilege".

<u>**COUNT 1**</u>

**DEFAMATION**

14.     Paragraphs 1-13 above are incorporated herein.

15.     In both Texas and Illinois, accusations such as Plaintiff having engaged in collusion with Dr. Braid and/or his lawyers and/or Center for Reproductive Rights, to bring fraudulent lawsuits in Texas, as well as allegedly colluding and being a straw party in a federal court, made to third parties, as well as accusing Plaintiff of making death threats in order to further his agenda of smearing Plaintiff due to, *inter alia*, Plaintiff's opposition to SB8, are defamation per se if not true, as Defendants falsely accuse Plaintiff in engaging in what would be criminal conspiracy, over state lines, which also impugns Plaintiff's as to his profession or business, as does false accusations of professional discipline and disbarment, as well as false accusations that Plaintiff threatened death, all of which are false.

16.     Plaintiff alleges that Defendants, in concert with others of similar interests as to SB8, have engaged in a pattern of making false and defamatory statements as to Plaintiff to several judges, officials, and persons, using numerous courts of law as well as the media

FILED DATE: 7/27/2022 11:43 PM   2022CH07302

as vehicles for that conduct, falsely painting a picture that Gomez was engaged in what would be criminal conduct if true, was and is defamation per se.

17.     Defendants knowingly false statements have proximately and permanently damaged Plaintiff, resulting in presumed and actual economic loss, mental suffering, personal humiliation, and impairment of personal and professional reputation and standing in the community.

**RELIEF**

**WHEREFORE**, Gomez PRAYS the Court:

A.     **FIND** that the false allegations of collusion in Texas and Illinois, as well as the false allegations of discipline and disbarment were defamation per se;

B.     **FIND** that related allegations as to Gomez were defamation per se or per quod, as shown after introduction of the numerous other defamatory writings by Defendants;

C.     **ORDER** DEFENDANTS TO CEASE AND DESIST in uttering untrue statements impugning Plaintiff;

D.     **AWARD** PLAINTIFF NO LESS THAN $250,000 per statement proven as defamation per se, and an appropriate amount for those statements proven to be per quod.

Submitted By: *s/ Felipe N Gomez, Pro Se*                    Date: 7.27.22

Felipe N. Gomez

1922 W. Belmont Ave 1f

Chicago, IL 60657

312.509.2071

fgomez9592@gmail.com

Penny Clarkston, Smith County District Clerk
5/4/2022 1:43 PM
Reviewed By: Gina McClung

# IN THE DISTRICT COURT OF TEXAS
# SMITH COUNTY

| | |
|---|---|
| **Felipe N. Gomez** <br><br> **v.** <br><br> **Wolfgang DeMino** <br> **(dba Texas Heartbeat Project)** | **Case No:** 22-0920-B <br><br><br> Defamation |

## COMPLAINT

NOW COMES FELIPE GOMEZ a U.S.A. Citizen, and "person", as defined under Texas law, and pleads against Wolfgang DeMino for Defamation as follows:

1.  Wolfgang Demino is a resident of Smith County, Texas, who *inter alia*, has falsely claimed, outside of litigation (as he never appeared in any case with regard to his defamatory conduct), that:

    A.  Gomez was working with and cooperating with Dr. Braid in relation to *Gomez v Braid 21CI19220* and Dr. Braid's litigation tactics in relation to SB8 and related lawsuits, including Braid v Stilley, Gomez and DeMino, 21cv5283 (NDILL);

    B.  Gomez was disciplined and disbarred by Illinois.

2.  Gomez, a resident of Illinois, asserts Wolfgang knowingly made the above and many other false statements of fact about the plaintiff to numerous third parties by way of his filings and media communications

3.  Gomez asserts Defendant made the statements intending to cause the plaintiff reputational or material harm, and that the statements did so cause and

Copy from re:SearchTX

continue to cause material harm, given the persistent reporting in accordance with DeMino's false statements.

4.    Gomez asserts Defendant acted either negligently or purposefully in doing so, including continuing after being proved incorrect, and that the harm, and Defendant's conduct continues to this day, including interfering with Gomez's rights to access the Courts of Texas, and defaming Gomez there as well, with no privilege attaching.

5.    Plaintiff here has repeatedly asked Defendant to cease and desist, with Defendant refusing, believing he is protected by "litigation privilege".

WHEREFORE, PLAINTIFF seeks the Court, upon presentation of evidence and testimony, to:

A.    Declare Defendant to have intentionally defamed Gomez, after cease and desist was requested, and has failed to correct false statements despite notice;

B.    Order Defendant to cease and desist from defaming Gomez;

C.    Order Defendant to pay Gomez no less than $100,000 in damages.

Submitted By: s/ *Felipe Gomez,* Pro Se        Date: 5.04.22

Felipe Gomez

1922 W. Belmont Ave 1F

Chicago IL 60657

312.509.2071

fgomez9592@gmail.com

Electronically Filed
5/6/2022 2:27 PM
Penny Clarkston, Smith County District Clerk
Reviewed By: Gina McClung

Cause No. 22-0920-B

| | | |
|---|---|---|
| FELIPE N. GOMEZ, | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| *& Counterdefendant* | § | |
| | § | |
| vs. | § | OF SMITH COUNTY, TX |
| | § | |
| WOLFGANG DEMINO | § | |
| *Defendant* | § | |
| *& Counterplaintiff* | § | 114TH JUDICIAL DISTRICT |

## Defendant's First Motion for Partial Summary Judgment as a Matter of Law Against Plaintiff Felipe N. Gomez

Plaintiff, Felipe N. Gomez ("Gomez"), initiated this case by filing a pleading styled "Complaint" on May 4, 2022, which is properly construed as an original petition under the Texas Rules of Civil Procedure, based on its content.

Defendant Wolfgang P. Hirczy de Mino, Ph.D., identified by way of alternate spelling as "Wolfgang DeMino" by Plaintiff Gomez, filed his Original Answer one day thereafter, on May 5, 2022, and asserted various affirmative and merits defenses.

Both parties are properly before the court, proceeding pro se.

1

## NATURE OF MOTION

This motion is brought as a matter-of-law motion pursuant to Texas Rule of Civil Procedure 166a, also referred to as a traditional motion for summary judgment (as distinguished from a no-evidence motion under TRCP 166a(i), which envisions prior discovery), and seeks a partial summary judgment against one of the defamation claims asserted by Plaintiff Gomez against Defendant.

Standing by itself, this motion does not seek to dispose of this case in its entirety.

## THE PLEADED DEFAMATION CLAIM TARGETED BY THIS MOTION

In his live petition (titled "Complaint"), which he filed on May 4, 2022, Plaintiff Gomez avers that the statement that "Gomez was disciplined and disbarred" is false.

Movant will establish that the public record shows otherwise.

## GROUND FOR MSJ MOTION

Defendant as movant for traditional summary judgment asserts that Defendant's statements as to Gomez's status as having been subjected to attorney discipline in his home state are true or substantially true, and that Gomez's defamation claim predicated upon such statements do not provide a basis for a valid defamation claim regardless of whether they caused reputational injury. This claim

should accordingly be dismissed summarily.

In support of this ground for summary disposition under rule 166a, Defendant as movant requests that the Court take judicial notice of the following:

**Item 1.** Seventh Circuit affirmance of discipline imposed upon attorney Felipe Nery Gomez by the U.S. District for the Northern District of Illinois in 2020 in two cases. The federal appellate court summarized the appeal and its disposition as follows:

> In this consolidated appeal, attorney Felipe Gomez challenges two disbarment orders from the Executive Committee for the Northern District of Illinois. The Committee twice had ordered Gomez's disbarment based on his pattern of sending harassing and threatening communications to other lawyers. Because the Committee acted well within its discretion to impose such discipline, we affirm.

IN RE FELIPE N. GOMEZ, Nos. 19-3015 & 20-1420 (7th Cir. Nov. 6, 2020). Available at: https://scholar.google.com/scholar_case?case=18354085130179915208&hl=en&as_sdt=6,44
also available via casetext at
https://casetext.com/case/in-re-gomez-63019

**Item 2**. Bloomberglaw headline and article covering the 7th Circuit disposition of the disciplinary appeals. See Melissa Heelan, "7th Cir. Affirms Disbarment Over Harassing Email Allegations" BLOOMBERGLAW.COM (Nov. 6. 2020)(full article is pay-walled).



**Item 3.** Report and Recommendation of the Hearing Board of the Illinois Attorney Registration and Disciplinary Commission in the Matter of FELIPE NERY GOMEZ,  Attorney-Respondent, No. 6197210 dated January 2022.



Full document available at https://iardc.org/File/View/1458030

and related Complaint at https://www.iardc.org/File/View/1305362

**Item 4**. Legal media coverage of this issuance by the Illinois attorney disciplinary commission by the American Bar Association Journal. See Debra Cassens Weiss, "Lawyer accused of sending harassing emails to BigLaw opponents had previously filed abortion lawsuit." ABA JOURNAL (January 10, 2022). https://www.abajournal.com/news/article/lawyer-accused-of-sending-harassing-emails-to-biglaw-opponents-had-previously-filed-abortion-suit; also see, Kathryn Rubino, "Attorney Accused Of 'Extreme and Egregious' Behavior Over Harassing Emails To Biglaw," ABOVETHELAW.COM (January 12, 2022). https://abovethelaw.com/2022/01/attorney-accused-of-extreme-and-egregious-behavior-over-harassing-emails-to-biglaw/

**SUMMARY JUDGMENT AS A MATTER OF LAW
AGAINST GOMEZ IS PROPER
ON THE DEFAMATION CLAIM CONCERNING ATTORNEY DISCIPLINE
EXACTED UPON HIM IN ILLINOIS**

The public record establishes that Felipe N. Gomez was disbarred from the practice of law in the U.S. District for the Northern District of Illiniois, and that the two orders of disbarment were affirmed by the Seventh Circuit in 2020. The date of decision precedes the entire time frame of the alleged defamatory statements concerning Gomez's disciplinary history by Defendant in connection with the S.B.8 litigation.

The public record further establishes that Felipe N. Gomez was

subjected to attorney discipline by his home state's attorney disciplinary authority, the Illinois Attorney Registration and Disciplinary Commission (IARAD). Based on "the serious misconduct, and aggravating factors including Respondent's conduct during the disciplinary proceedings" the Hearing Panel of the Commission recommended that Respondent Gomez be suspended for three years and until further order of the Court.

Whether or not Gomez has taken early Social Security (as reflected by his IFP statement) and now considers himself "retired" has no bearing on the historical fact that he had been subjected to attorney discipline in both federal and state courts in his home state, and was not permitted to practice law prior to his retirement as a consequence of such discipline.

The statements concerning attorney discipline that Gomez attributes to Defendant, and which he claims caused him injury, are nonactionable in tort because they are true (the fact that Gomez was disciplined) or substantially true (the fact that he was disbarred, which is the term actually used by the federal courts, rather than by the state disciplinary commission).

## PRAYER FOR RELIEF

The Court should accordingly grant this motion and dismiss with prejudice -- in a merits ruling under the Texas state court summary judgment rule -- the portion of Gomez's defamation suit wherein he seeks to hold Defendant liable for having stated that Gomez had been disciplined and/or disbarred in Illinois.

6

Date: May 6, 2022

Respectfully submitted,

/s/ *Wolfgang P. Hirczy de Miño*

_____
Wolfgang P. Hirczy de Mino, Ph.D.
P.O. BOX 521
Bellaire, Texas 77402-0521
Email: wphdmphd@gmail.com

*Defendant & CounterPlaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this day, May 6, 2022, he is e-serving Plaintiff & Counterdefendant Felipe N. Gomez pursuant to rule 21a through the Texas eFile system using the eFILE & eSERVE menu option.

Felipe Gomez
1922 W. Belmont Ave
Chicago, IL 60657
Email: fgomez9592@gmail.com

/s/ *Wolfgang P. Hirczy de Miño*

_____
Wolfgang P. Hirczy de Mino, Ph.D.

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 64273484
Status as of 5/6/2022 2:30 PM CST

Associated Case Party: Felipe N Gomez

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| F Gomez | | fgomez9592@gmail.com | 5/6/2022 2:27:21 PM | SENT |

Associated Case Party: Wolfgang DeMino

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| w demino | | wphdmphd@gmail.com | 5/6/2022 2:27:21 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Wolfgang P.Hirczy de Mino | | whdmphd@gmail.com | 5/6/2022 2:27:21 PM | SENT |

Electronically Filed
6/27/2022 12:00 AM
Penny Clarkston, Smith County District Clerk
Reviewed By: Penny Clarkston

Cause No. 22-0920-B

| | | |
|---|---|---|
| FELIPE N. GOMEZ, | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| *& Counterdefendant* | § | |
| | § | |
| vs. | § | OF SMITH COUNTY, TX |
| | § | |
| WOLFGANG DEMINO | § | |
| *Defendant* | § | |
| *& Counterplaintiff* | § | 114TH JUDICIAL DISTRICT |

# Defendant's Second Motion for Summary Judgment as a Matter of Law Against Plaintiff Felipe N. Gomez

Plaintiff, Felipe N. Gomez ("Gomez"), commenced this case by filing a pleading styled "Complaint" on May 4, 2022, which is properly construed as an original petition under the Texas Rules of Civil Procedure, based on its substance.

Defendant Wolfgang P. Hirczy de Mino, Ph.D., identified by way of alternate spelling as "Wolfgang DeMino" by Plaintiff Gomez ("Defendant"), filed his Original Answer one day thereafter, on May 5, 2022, and asserted various affirmative and merits defenses, some of which are relevant to the legal basis for this motion.

Both parties are properly before the court.

1

## NATURE OF MOTION

This motion is brought as a matter-of-law motion pursuant to Texas Rule of Civil Procedure 166a, also referred to as a traditional motion for summary judgment (as distinguished from a no-evidence motion under TRCP 166a(i), which envisions prior discovery), and seeks summary judgment against Plaintiff Gomez on both types of defamation claims asserted by him against the Defendant, i.e., the distinct defamation claims based on (1) alleged statements about the attorney disciplinary record of Plaintiff Gomez, and (2) the allegation that Gomez brought a collusive lawsuit against abortion provider Alan Braid, MD.

## SUMMARY JUDGMENT EVIDENCE

As supporting evidence, Plaintiff as movant relies on the four exhibits previously submitted in support of Defendant's first motion for partial summary judgment, which are hereby incorporated by reference, and an additional exhibit labeled **DMSJ EXHIBIT 5**, which is attached to this filing. Exhibit 5 is admissible as a public record under seal, and is also subject to judicial notice, which applies to the public documents previously referenced with Internet hyperlinks likewise.

## THE PLEADED DEFAMATION CLAIMS TARGETED BY THIS MOTION

### A. Statements About a Collusive Lawsuit Filed by Felipe Gomez

In his live pleading, Plaintiff Gomez avers that Defendant falsely

2

accused him of bringing a collusive lawsuit against Alan Braid, M.D. See Gomez COMPLAINT, p.1, para. 1.A.

> A.     Gomez was working with and cooperating with Dr. Braid in relation to *Gomez v Braid 21CI19220* and Dr. Braid's litigation tactics in relation to SB8 and related lawsuits, including Braid v Stilley, Gomez and DeMino, 21cv5283 (NDILL);

The description of Gomez's first lawsuit against Alan Braid as collusive is either substantially true or an opinion protected by the First Amendment, and not actionable as such.

The characterization of Gomez's first lawsuit against Alan Braid, MD, as "collusive" is a fair characterization of the factual circumstances because Gomez expressly designated himself as a pro-choice plaintiff bringing a lawsuit against an abortionist for the purpose of obtaining a declaratory judgment declaring S.B.8 to be unconstitutional, which is to say, a judgment for the defendant's benefit, rather than his detriment. See Gomez's initial "COMPLAINT" filed Sep. 20, 2021, and multiple subsequently amended pleadings contained in the record from Cause No. 21CI19920, styled Felipe Gomez v. Alan Braid et al in Bexar County district court, attached hereto as Defendant's **DMSJ EXHIBIT 5**.

In any event, to refer to such a "friendly lawsuit" by a plaintiff who agrees with the nominal defendant on the core issue in the litigation, rather than presenting a true and genuine controversy, as being "collusive" qualifies as protected opinion under the First

3

Amendment regardless of whether a particular dictionary definition of collusion is satisfied or not. And protected opinions are not actionable as libel.

But even if this were not so, the characterization of Gomez's lawsuit as "collusive" is also privileged because Felipe Gomez and Hirczy de Mino were both parties to the legal actions in question and the allegedly defamatory statements concern those lawsuits. Gomez himself had taken affirmative action to add the Defendant here as an additional defendant in his 2021 Bexar County suit against Dr. Braid, thus creating an adversarial relationship before a Texas court. Gomez also sought injunctive relief in a bid to interfere with the adjudication of Texas Heartbeat Project v. Alan Braid, MD, in Smith County.

Further, Gomez expressly complains in his live petition that Defendant made the allegedly defamatory statements "by way of his filings". See Gomez COMPLAINT, page 1, para 2.

> 2.    Gomez, a resident of Illinois, asserts Wolfgang knowingly made the above and many other false statements of fact about the plaintiff to numerous third parties by way of his filings and media communications

Pleadings and other court filings are covered by absolute litigation / judicial communications privilege and cannot therefore provide a valid predicate for a defamation cause of action or similar tort claims. Matter-of-law summary judgment dismissing all such claims categorically is therefore proper on this additional ground.

**B. Statements about Disciplinary History of Atty Gomez in Illinois**

In his live petition titled "Complaint" Plaintiff Gomez also avers that the statement that "Gomez was disciplined and disbarred by Illinois." is false, and that such statements caused him injury.

## B.     Gomez was disciplined and disbarred by Illinois.

Gomez would have the burden at trial to establish that Defendant actually made this statement to a third party in the manner alleged, and that Defendant -- an individual --  caused injury distinct and beyond the injury suffered from similar statements made by the national and regional media organizations and published to a  mass audience.

Even assuming that such a showing could be made, however, the alleged statement about Gomez's disciplinary record as an attorney is not actionable, as already detailed in Defendant's first motion for summary judgment, because it is literally or substantially true.

Gomez wants to quibble about the distinction between having been disciplined "by Illinois" versus "in Illinois", seeking to exclude the federal court discipline imposed on him from the evaluation of the truth or falsity of the defamation claim on the ground that the Northern District of Illinois does not equate to the State of Illinois. That may be true, but doesn't change the fact that Gomez had already been disbarred by the federal court while the state disciplinary action against him remained pending. The lesser form of discipline (a 3- year suspension with no automatic reinstatement at the end of that

5

period) recommended by the state regulator in January 2022 does not in any way affect the federal disbarment in 2020; not to mention vacate it.

> That said, based on our observations of Respondent and his behavior in this proceeding, we have no choice but to conclude that he presents a significant risk of committing further misconduct that would harm other lawyers, the reputation of the legal profession, and the administration of justice. For this reason, in conjunction with the extensive misconduct, significant aggravation, and minimal mitigation, we recommend that Respondent be suspended for three years and until further order of the Court. We strongly believe Respondent should be required to demonstrate that he is able to conduct himself in a professional and ethical manner before he may resume practice.
>
> Accordingly, we recommend that Respondent, Felipe Nery Gomez, be suspended for three years and until further order of the Court.

Report and Recommendation of the Hearing Board of the Illinois Attorney Registration and Disciplinary Commission dated January 7, 2022, in In re Felipe Nery Gomez, Commission No. 2020PR00064, available on the IARDC's website.

Even if the derogatory statement that Gomez attributes to Defendant were not privileged, it would be a fair paraphrasing of the Report and Recommendation of the evidentiary panel of the Hearing Board deputized by the Illinois Supreme Court to hear disciplinary complaints against Illinois attorneys. That report, which is a public record amenable to judicial notice, expressly references the discipline previously exacted upon Felipe Gomez by the Northern District of Illinois using the word "disbarred".

B. Admitted Facts and Evidence Considered

Evidence Common to All Counts

Respondent has been licensed to practice law in Illinois since 1988. On October 8, 2019, in response to complaints about Respondent's conduct in the Schwab and Cubesmart matters set forth in greater detail below, the Executive Committee of the United States District Court for the Northern District of Illinois disbarred Respondent from the practice of law in that court until further order. Respondent denies that the Executive Committee's order was valid but does not deny that it was entered. (Ans. at par. 4).

Report and Recommendation of the Hearing Board of the Illinois Attorney Registration and Disciplinary Commission dated January 7, 2022, in In re Felipe Nery Gomez, Commission No. 2020PR00064, available on the IARDC's website.

And the federal disbarment was subsequently affirmed by the Seventh Circuit Court of Appeals and constitutes res judicata as to Gomez. See IN RE FELIPE N. GOMEZ, Nos. 19-3015 & 20-1420 (7th Cir. Nov. 6, 2020). Available at: https://scholar.google.com/scholar_case?case=18354085130179915208&hl=en&as_sdt=6,44

also available via casetext at

https://casetext.com/case/in-re-gomez-63019.

Gomez may be unhappy about it, but he had his day in court, and the federal disciplinary judgment is final. Under ordinary preclusion and comity principles, he cannot relitigate it here.

## GROUNDS FOR RULE 166a MOTION
## AGAINST PLAINTIFF GOMEZ ON ALL OF PLAINTIFF'S CLAIMS
## FOR AFFIRMATIVE RELIEF

Defendant as movant for traditional summary judgment re-asserts in this second motion for summary judgment that the statements Plaintiff Gomez alleges were made by Defendant about Gomez having been subjected to attorney discipline and disbarment in his home state are **true or substantially true**, and that Gomez's defamation claim predicated upon such statements do not provide a valid basis for judicial relief regardless of whether they caused reputational injury or any additional reputational injury beyond that caused by consonant media reports and the issuance of the disciplinary orders and findings of facts themselves.

Defendant as movant for traditional summary judgment additionally asserts that Plaintiff's defamation claims are predicated on alleged statements made in the course of and relating to litigation involving the same parties, and that tort claims predicated upon such communications are accordingly barred by judicial communications / **judicial proceedings privilege**. The judicial-proceedings privilege is absolute and extends to any statement made by counsel, among others, and "attaches to all aspects of the proceedings, including statements made in open court, pre-trial hearings, depositions, affidavits and any of the pleadings or other papers in the case." *James v. Brown*, 637 S.W.2d 914, 916-17 (Tex. 1982).

Finally, Defendant is entitled to summary judgment because the characterization of Gomez's lawsuit against Braid as "collusive" is a **protected statement of opinion** and is reasonably supported by the fact that Gomez brought suit as a "pro choice" plaintiff for the benefit of a "pro choice" defendant. Gomez unabashedly aligned himself with the person he named as the defendant, rendering his lawsuit in Bexar

8

County a sham.



Gomez v. Braid case style in Cause No. 2021CI19920
In Bexar County District Court

This lack of adversity between plaintiff and defendant alone is sufficient to support the "**collusive suit**" label irrespective of whether or not Gomez communicated with the defendant prior to commencing his declaratory judgment action in support of Dr. Braid. His pleadings speak for themselves. Gomez sought the invalidation of S.B.8, rather than its enforcement, either facially or as applied, or both.

9

WHERFORE, PLAINTIFF seeks the Court Declare the Act to be illegal as written and/or as applied to the instant facts.

Submitted By: s/ *Felipe Gomez*, Pro Se          Date: **09.19.21**

FELIPE GOMEZ
1922 W. BELMONT AVE 1F
CHICAGO IL 60657
312.509.2071
FGOMEZ9592@GMAIL.COM

No testimony from Braid or any of his attorneys is needed on the matter of Gomez's intent; nor could such testimony negate or even have any bearing on what appears facially on his pleadings. Gomez endeavored to bring a sham lawsuit. That it wasn't successful, and that his scheme went awry, is a different matter.

Both defamation counts brought by Gomez should accordingly be dismissed summarily and with prejudice to refiling.

## CONCLUSION AND PRAYER FOR RELIEF

Neither one of the two categories of alleged defamatory statements Gomez ascribes to the Defendant are actionable because they are substantially - if not literally - true, and because they were made in the due course of litigation and are therefore privileged irrespective of what specific words and phrasing might have been used.

Gomez filed a lawsuit concerning S.B.8 that is properly characterized as collusive and he was indisputably disbarred by a

federal district in his home state for misconduct. These rulings were subsequently affirmed by the Seventh Circuit. Gomez cannot collaterally attack the disciplinary determinations rendered against him in Illinois by bringing a new legal action here in the State of Texas, and cannot relitigate issues of fact and law that have already been litigated and finally decided against him.

As for his sham lawsuit "against" Dr. Braid, Gomez's nonsuit in December 2021 doesn't change the fact that he had undertaken to file his Complaint on September 20, 2021, and that it did not present a proper case or controversy because Gomez chose to align himself with the interests of the defendant in having S.B.8 declared unconstitutional. In order for a case or controversy to be adversarial, the parties "must not desire . . . the same result." *Moore v. Charlotte-Mecklenburg Bd. Of Ed*., 402 U.S. 47-48 (1971).

This Court should accordingly dismiss Gomez's suit against the undersigned Defendant with prejudice in its entirety in a ruling on the merits (i.e., lack thereof) pursuant to the state court summary judgment rule, Texas Rule of Civil Procedure 166a, rather than dismissing this suit under Rule 165a for failure to appear in person for a non-evidentiary hearing.

Date: June 20, 2022

Respectfully submitted,

/s/ *Wolfgang P. Hirczy de Miño*

_____

Wolfgang P. Hirczy de Mino, Ph.D.

P.O. BOX 521
Bellaire, Texas 77402-0521
Email: wphdmphd@gmail.com

*Defendant & CounterPlaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on Saturday, June 25, 2022, he is e-serving Plaintiff & Counterdefendant Felipe N. Gomez pursuant to rule 21a either through direct email or through the Texas eFile system, or both.

Felipe N. Gomez
1922 W. Belmont Ave
Chicago, IL 60657
Email: fgomez9592@gmail.com

/s/ *Wolfgang P. Hirczy de Miño*

_____
Wolfgang P. Hirczy de Mino, Ph.D.

12

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 65776621
Status as of 6/26/2022 8:48 PM CST

Associated Case Party: Felipe N Gomez

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| F Gomez | | fgomez9592@gmail.com | 6/25/2022 8:05:53 AM | SENT |

Associated Case Party: Wolfgang DeMino

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| w demino | | wphdmphd@gmail.com | 6/25/2022 8:05:53 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Wolfgang P.Hirczy de Mino | | whdmphd@gmail.com | 6/25/2022 8:05:53 AM | SENT |

FILED
7/25/2022 12:00 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Jennifer Valencia
Bexar County - 45th District Court

# IN THE DISTRICT COURT OF TEXAS
## BEXAR COUNTY

| | |
|---|---|
| Felipe N. Gomez<br><br>v.<br><br>Alan Braid, MD | Case No: 22CI8302<br><br>Hon. Judge Mary Lou Alvarez<br>45th District Court<br>Bexar Co., Texas<br><br>Texas Heartbeat Act (S.B. 8) Sec. 171.208 |

### PLAINTIFF GOMEZ TCRP 60 MOTION TO STRIKE 6.27.22 "NOTICE OF RELATED CASES" AS BEING WITHOUT TRCP 60 GRANT OF INTERVENTION AND BAR FUTURE FILINGS WITHOUT PRIOR LEAVE TO INTERVENE

NOW COMES PLAINTIFF GOMEZ PRO SE, pursuant to TRCP 60, and, without waiving any substantive response, MOVES to Strike the 6.27.22 "Notice of Related Cases" filed by Wolfgang Demino into this matter, as Demino failed to comply with TCRP 60 by failing to file a petition to intervene, and thus attempting to eliminate Plaintiff's right to the procedure set forth by TCRP 60 to oppose such intervention, and instead brazenly seeking substantive relief from the Court in a matter Movant is not properly before the Court and thus is not authorized to address the Court in any other manner other that TCRP 60, given Movant is not a named party to this matter. Gomez states in support:

### FACTS AND LAW

1.      On 6.27.22, Wolfgang Demino submitted a document titled "Notice of Related Cases", without filing a petition for intervention per TRCP 60, where that document also seeks substantive relief of consolidation, not merely notice.

2.      Texas Rule of Civil Procedure 60 states:
"Any party may intervene by filing a pleading, subject to being stricken out by the court for sufficient cause on the motion of any party." *Tex. R. Civ. P. 60*.

Copy from re:SearchTX

3.      TRCP 500.2((v) defines "pleading" as " a written document filed by a party, including a petition and answer, that states a claim or defense, and outlines the relief sought.".

4.      The Texas Supreme Court has stated related to TRCP 60:

"Any party may intervene by filing a pleading, subject to being stricken out by the court ror sufficient cause on the motion of a party.  We review a trial court's decision to strike a party's intervention under an abuse of discretion standard. In re Lumbermens Mut. Cas. Co., 184 S.W.3d 718, 722 (Tex. 2006). Although the trial court has broad discretion in determining whether an intervention should be stricken, it is an abuse of discretion to strike a plea in intervention if: (1) the intervenor could have brought some or all of the same action in his own name, or, if the action had been brought against the intervenor, he could have defeated the action in whole or in part; (2) intervention would not complicate the case by excessive multiplication of the issues; and (3) intervention is almost essential to protect the intervenor's interest.  *Guar. Fed. Sav. Bank v. Horseshoe Operating Co., 793 S.W.2d 652, 657 (Tex. 1990)*

## DISCUSSION

5.      The Demino filing by its title is only a notice, not a pleading, and its content in no way addresses the requirements of Texas law as to TRCP 60 intervention, as interpreted by the Courts, nor does it assert how and why Movant has a claim raisable here, or any defense to a claim raised here that somehow affects Movant, or even why he is entitled to seek consolidation, let alone intervene. *See 6.27.22 "Notice"*.

5.      Movant also fails to mention he has his own lawsuit where he did and still can raise any claims as to Defendant, or Plaintiff, thus begging the issue of why Movant does not want his case consolidated, and obviating any reason for intervention here when Movant already has access to and a matter before another Texas Court. *See Attachment 1 - Complaint in Demino v Braid, 21-2276-C, Smith Co., Tx.*

## RELIEF

WHEREFORE, Plaintiff RESPECTFULLY MOVES that:

A.      The Court STRIKE the 6.27.22 "Notice";

B.    The Court BAR any further DeMino filings other than a TCRP 60 Petition for Intervention and only after a grant of leave to intervene;

C.    The Court Sanction DeMino in the amount of $1,000, payable to Plaintiff, as appropriate monetary sanction.

Submitted By: s/ *Felipe Gomez, Pro Se*         Date: **7.24.22**

FELIPE GOMEZ, PRO SE
1922 W. BELMONT AVE 1F
CHICAGO IL 60657
312.509.2071
T312.509.2071@GMAIL.COM

## CERTIFICATE OF FILING AND SERVICE

The undersigned, pro se not an attorney of record for himself, certifies that he filed this motion by the Texas Bexar County District Court ECF system, that Braid was served thereby and by Gomez by separate Email, and that no appearances are on file by Demino. Gomez has a standing no contact request against Demino, and will copy by way of Odyssey e-file.

Certified By: s/ *Felipe Gomez, Pro Se* Date: 7.24.22

FELIPE GOMEZ, PRO SE
1922 W. BELMONT AVE 1F
CHICAGO IL 60657
312.509.2071
T312.509.2071@GMAIL.COM

Copy from re:SearchTX

# ATTACHMENT A

**21-2276 C Complaint**

Copy from re:SearchTX

Penny Clarkston, Smith County District Clerk
Reviewed By: Gina McClung
9/22/2021 12:12 PM

CAUSE NO. ____21-2276-C____

| | | |
|---|---|---|
| TEXAS HEARTBEAT PROJECT, | § | IN THE DISTRICT COURT |
| *Plaintiff*, | § | |
| v. | § | OF SMITH COUNTY |
| ALAN BRAID, M.D., | § | |
| *Defendant*. | § | _____ JUDICIAL DISTRICT |

# ORIGINAL PETITION AND REQUEST FOR ADMISSIONS

## NATURE OF CASE

This civil action is not a health care liability claim,
but a private suit brought pursuant to Senate Bill 8, now officially
known as the **Texas Heartbeat Act** ("**SB8**" herein).

1. The Plaintiff is sympathetic to the pro-life movement and takes the position that abortion is morally wrong. Morality does not equate to legality or constitutionality, however. Nor are private opinions on the matter determinative of legality. Only a court of competent jurisdiction can resolve such questions, and the assigned court is hereby being presented with an opportunity to do so in an adversarial case, as distinguished from collusive "friendly" lawsuit by a pro-choice plaintiff.

2. Serious constitutional and antecedent procedural questions have been raised about SB8, but only three U.S. Supreme Court Justices

Copy from re:SearchTX

seem to have concluded that SB8 is blatantly unconstitutional at first glance.

3. In any event, the Plaintiff and all other Texas residents, are entitled to rely on the presumption of regularity and constitutionality of statutes enacted by the Texas Legislature and signed by the Governor. All persons present in this state are, after all, subject to all laws of general applicability in force in the State of Texas, whether they agree with them or otherwise.

4. It is expected that the Defendant will seek to rebut the presumption of constitutionality, and will challenge SB8 as unconstitutional under the Fourteenth Amendment, or under the Texas Bill of Rights, or both. In that case, it can be expected that the Texas Attorney General will defend the statute at issue on behalf of the State of Texas.

5. Through this petition, Plaintiff is not challenging the constitutionality of SB8, and does not file the written notice required for constitutional challenges of state laws, nor is he giving the Attorney General notice of this private action informally. Plaintiff does not agree with the current Texas Attorney General on many matters and does not wish the AG to act in his stead or on his behalf in an EX REL capacity or otherwise.

6. To the extent SB8 is deemed to conflict with Roe v. Wade and Casey v. Planned Parenthood, Plaintiff avers that the governing court rules and standards allow for the good-faith advocacy of a change in judge-made constitutional and common law that currently constitutes binding precedent, and that such advocacy and petitioning would also be protected by the First Amendment and its state constitutional counterpart, including but not limited to the open courts provision of

2

Copy from re:SearchTX

the Texas constitution.

## RULE 47 STATEMENT

7. This is a discovery level 1 case that seeks solely monetary relief not to exceed $100,000 and falls under the Expedited Action Rule.

## RULE 28 STATEMENT

8. Texas Heartbeat Project is a project name and -- for purposes of this lawsuit and in line with TRCP 28 -- an assumed name of the natural-person Plaintiff, identified by his true name in the signature block below. As such, Texas Heartbeat Project is not a separate legal entity.

## PARTIES AND SERVICE

9. Defendant ALAN BRAID, MD is a licensed physician and may be served with citation at the following address:

7402 John Smith Dr., Ste 104 San Antonio, TX 78229

10. No issuance of service of process is requested at this time. Defendant has goaded the public to sue him, presumably so as to put him into the position to mount a constitutional challenge to SB8, and is expected to enter an appearance through counsel already retained for that purpose.

11. Plaintiff, proceeding under the designation "TEXAS HEARTBEAT PROJECT" in lieu of JOHN DOE is a natural person and resident of Texas, whose mailing address is shown in the signature block below.

12. Plaintiff elects to proceed through an assumed name and prefers that his residential address and other sensitive personal information not be disclosed to the public so as to reduce the risk of being

3

Copy from re:SearchTX

targeted for harassment, threats of violence, and actual violence by extremists on the abortion issue.

## CLAIM FOR RELIEF AND DISCLAIMER AS TO FEDERAL CLAIMS

13. The sole legal basis for Plaintiff's complaint is the private cause of action created by the Texas Legislature through SB8, which entitles any person to sue a Texas physician for inducing or performing an abortion proscribed by SB8.

14. Plaintiff is such a qualified person and sues the Defendant for one such alleged violation.

15. Plaintiff does not assert any claim for affirmative relief under federal law. This is accordingly not a removable case.

## FACTUAL BASIS

16. On September 1, 2021, the Texas Heatbeat Act became law.

17. After the effectiveness date and before September 19, 2021 Defendant ALAN BRAID, M.D., knowingly performed an abortion in violation of SB8 and subsequently disclosed and/or publicised that fact -- a fact of which he would have personal knowledge -- according to numerous press reports.

## CONFIDENTIALITY AND RECORD SEALING CONCERNS

18. In light of the fact that ALAN BRAID, M.D., has himself disclosed the operative facts giving rise to a claim under SB8 against him, he is not entitled to confidentiality as to his own conduct as it pertains to the claim herein presented, or his identity. Nor could he invoke the right to avoid self-incrimination, given that SB8 is not a criminal statute and may not be enforced by state actors even under civil law

4

Copy from re:SearchTX

and procedure. To the extent admissions or stipulations suffice, patient records and HIPAA may not present a problem.

## CIVIL LIABILITY ON SOLE COUNT

19. Pursuant to SB8, Defendant ALAN BRAID, M.D. is liable as a matter of civil law for having committed at least one violation of SB8, by causing or inducing the demise of what SB8 defines as an "unborn child" with a detectable heartbeat.

## RELIEF SOUGHT

20. Plaintiff pleads for the minimum amount of statutory damages in the amount of $10,000 for one specific violation of SB8 by the Defendant named herein, and no more.

21. Plaintiff is not represented by an attorney of the court pursuant to Rules 7 and 8, and does not plead for an award of attorney's fees authorized by SB8.

22. Plaintiff requests that costs be taxed against the Defendant.

## REQUEST FOR ADMISSIONS 1 THRU 9

23. Pursuant to rule 198 of the Texas Rules of Civil Procedure, Defendant ALAN BRAID, M.D. (herein "you") is requested to admit or deny the following:

> RFA No. 1: That, on September 1, 2021, you were a licensed physician in the State of Texas.
>
> RESPONSE: ADMIT _____   DENY _____
>
> RFA No. 2: That, on September 1, 2021, you were aware of the September 1, 2021 effectiveness date of the SB8, the Texas

5

Copy from re:SearchTX

63

Heartbeat Act.

RESPONSE:  ADMIT _____    DENY _____

RFA No. 3: That  on or about September 6, 2021 you performed or induced an abortion on a patient after you detected cardiac activity in the fetus/embroy/unborn child in that patient's womb.

RESPONSE:  ADMIT _____    DENY _____

RFA No. 4: That on or about September 7, 2021 you performed or induced an abortion on a live fetus/embryo.

RESPONSE:  ADMIT _____    DENY _____

RFA No. 5: That, while performing an abortion during the time period beginning on September 2, 2021 and ending September 10, 2021, you were aware that your actions fell within the prohibition imposed by SB8, the Texas Heartbeat Act.

RESPONSE:  ADMIT _____    DENY _____

RFA No. 6: That you have openly and publicly admitted that you violated SB8 in Texas after this law went into effect.

RESPONSE:  ADMIT _____    DENY _____

RFA No. 7: That you publicized the fact that you performed an abortion after the SB8 effectiveness date in order to increase the likelihood of being sued for violating SB8.

RESPONSE:  ADMIT _____    DENY _____

RFA No. 8: That you publicized the fact that you performed an abortion despite SB8 being in effect in order to attract supportive or favorable comment from the public on medical review and comment fora on the internet.

6

Copy from re:SearchTX

RESPONSE:  ADMIT _____     DENY _____

<u>RFA No. 9</u>: That you publicized the fact that you performed an abortion despite SB8 being in effect in order to attract additional abortion clients to your practice or clinic.

RESPONSE:  ADMIT _____     DENY _____

## PRAYER FOR RELIEF

WHEREFORE, PREMISES AND ADMISSIONS CONSIDERED, the undersigned Plaintiff prays that the Court enter judgment on liability against Defendant and award Plaintiff statutory damages in the flat amount of $10,000 against the Defendant in consideration of Plaintiff's trouble in bringing this test case and/or award such damages solely as intended by the Texas Legislature without regard to any Plaintiff-specific considerations, such as his willingness to bring this test case in the public interest to clarify the law as it governs abortions in the State of Texas.

September 20, 2021

Respectfully submitted,

TEXAS HEARTBEAT PROJECT

An advocacy vehicle
[and assumed name for purposes of Rule 28]
of the undersigned complainant.

*Wolfgang P. Hirczy de Miño*

_____

Wolfgang P. Hirczy de Mino, Ph.D.

7

Copy from re:SearchTX

P.O. BOX 521
BELLAIRE, TX 77402-0521
Email: wphdmphd@gmail.com

8

Copy from re:SearchTX

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 66611101
Status as of 7/25/2022 12:01 PM CST
Associated Case Party: Felipe NGomez

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Felipe N.Gomez | | fgomez9592@gmail.com | 7/24/2022 9:42:28 PM | SENT |

Copy from re:SearchTX

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 66611101
Status as of 7/25/2022 12:01 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Rachel ReneeHanna | | rhanna@susmangodfrey.com | 7/24/2022 9:42:28 PM | SENT |
| Giovanna Eby | | geby@susmangodfrey.com | 7/24/2022 9:42:28 PM | SENT |
| Wolfgang P.Hirczy de Mino | | whdmphd@gmail.com | 7/24/2022 9:42:28 PM | SENT |
| r Hess | | rhess@susmangodfrey.com | 7/24/2022 9:42:28 PM | SENT |

Copy from re:SearchTX

### Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 66611101
Status as of 7/25/2022 12:01 PM CST
Associated Case Party: Alan Braid

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Alan Braid | | abriad@hotmail.com | 7/24/2022 9:42:28 PM | ERROR |

Copy from re:SearchTX

FILED
8/1/2022 12:00 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Rogelio Espinosa
Bexar County - 45th District Court

Case No. 2021CI19940

| | | |
|---|---|---|
| OSCAR STILLEY | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| WPHDM, PhD., | § | |
| *Plaintiff-Intervenor* | § | OF BEXAR COUNTY, TX |
| v. | § | |
| ALAN BRAID, MD, | § | |
| *Defendant*. | § | 438th JUDICIAL DISTRICT |

Case No. 2022CI08302

| | | |
|---|---|---|
| **FELIPE N. GOMEZ** | **§** | **IN THE DISTRICT COURT** |
| ***Plaintiff,*** | **§** | |
| **v.** | **§** | **OF BEXAR COUNTY, TX** |
| **ALAN BRAID, MD,** | **§** | |
| ***Defendant*.** | **§** | **45th JUDICIAL DISTRICT** |

Derivative of: Case No. 2021CI19920

| | | |
|---|---|---|
| FELIPE N. GOMEZ | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| v. | § | OF BEXAR COUNTY, TX |
| ALAN BRAID, MD, | § | |
| *Defendant*. | § | 224th JUDICIAL DISTRICT |

------------------------------------------------------------------------------------

# Follow-Up to Notice of Related Cases
## and Response to Gomez Motion to Strike It

To the Hon. Admin. Judge of the Bexar County Civil District Courts, and the judges sitting in the above-captioned cases:

1

Please be advised that Wolfgang P. Hirczy de Mino ("WPHDM") is party in Stilley v. Braid, Cause No. 2021CI19940, by virtue of having filed a plea in intervention in that case (and having paid the applicable filing fee), but not in Gomez v. Braid, MD, Cause No. 2022CI08302 (Gomez II).

Mr. Gomez's objection to WPHDM's Notice of Related Cases ("the Notice"), which WPHDM filed in both affected cases and his related bid for $1,000 in sanctions for allegedly improper conduct on the part of WPHDM is scurrilous, to say the least.

First, the Notice is merely informational and had the salutary purpose of assisting the multi-district court system of Bexar County to manage pending litigation more efficiently and avoid the perception of forum or judge shopping.

Second, the Notice does not constitute a Motion to Consolidate. WPHDM is well aware that he has the right to file such a motion, but it would have to be done in the case in which he is a party (intervenor), not the Gomez II case, and such motion would then require a hearing. The administrative judge of the civil division presumably already has the authority to transfer related cases *sua sponte*, without any formal motion by any party, and individual judges may also coordinate related cases and exchange benches even without a formal transfer from one court to another.

Third, with respect to the merits of a possible consolidation, WPHDM has -- *upon further consideration of the governing law* -- concluded that it may actually contravene legislative intent as to S.B.8 for the following reason: The statute in question appears to contemplate that multiple and consecutive lawsuits based on the same violation would occur, and provides that payment of the full judgment amount in a prior case may be invoked as a bar to recovery by a different claimant (i.e., plaintiff) in a parallel or subsequent suit predicated upon the same violation. See Health

2

& Safety Code Sec. 171.208(c), which provides as follows:

> Notwithstanding Subsection (b), a court may not award relief under this section in response to a violation of Subsection (a)(1) or (2) if the defendant demonstrates that the defendant previously paid the full amount of statutory damages under Subsection (b)(2) ***in a previous action*** for that particular abortion performed or induced in violation of this subchapter, or for the particular conduct that aided or abetted an abortion performed or induced in violation of this subchapter.

> Tex. Health & Safety Code Sec. 171.208(c)(emphasis added)

> https://statutes.capitol.texas.gov/Docs/HS/htm/HS.171.htm#171.208

This provision to avoid double recovery on a single violation could not work if two parallel cases were consolidated and the competing claims were adjudicated at the same time. Nor would S.B.8 provide any rule of decision as to allocation among multiple prevailing plaintiffs.

Mr. Gomez apparently believes that what matters is who filed first. That cannot be true with respect to the defense of payment in the S.B.8 context, however, because a judgment would not be paid at the time suit is filed;  nor could the date of judgment be predicted based on the case-initiation date. The timing of the first judgment would control and provide a defense in a parallel or subsequent suit based on the same violation, but only if the judgment is promptly paid, not just entered. The readily-apparent legislative intent is to encourage prompt payment by the defendant by making the benefit of the statutory shield against additional liability contingent upon such payment.

In any event, Mr. Gomez nonsuited his first suit against against Alan Braid, MD, Cause No. 2021CI19920, in December 2021, so if the filing sequence were to control, his second suit against Dr. Braid, Cause No. 2022CI08302 (see case style above) would be second in line after Oscar

3

Stilley's unless Stilley's suit, filed in September 2021, were not to be given precedence because he never served the Defendant while Gomez did.

### Response in Opposition to Motion to Strike by Gomez

Lest the absence of a written response to Mr. Gomez's Motion to Strike the Notice of Related Cases, and his associated request for sanctions, be interpreted as lack of opposition, WPHDM files this statement in both cases, even though he is a party in only in one: Stilley v. Alan Braid, MD.

WPHDM would of course oppose Gomez's Motion and his baseless request for sanctions predicated on nothing more than innocuous information-provision even if WPHDM were a party in Gomez v. Braid II, docketed as 2022CI08302. That is currently not the case, however, and WPHDM rejects any suggestion to the contrary, including any suggestion that WPHDM purported to intervene in Gomez II by filing his Notice of Related Cases, and did not do it properly.

Date: July 31, 2022

Respectfully submitted,

*/s/ Wolfgang P. Hirczy de Miño*

_____
Wolfgang P. Hirczy de Mino, Ph.D. ("WPHDM")
P.O. BOX 521
Bellaire, Texas 77402-0521
Email: wphdmphd@gmail.com

Intervenor in Cause No. 2021-CI-19940
Defendant-Appellant in Cause No. 2021-CI-19920

## CERTIFICATE OF SERVICE

I hereby certify that I am serving all parties who have live pleadings before the court in this matter (in both cases that remain pending) through the Texas eFile system upon filing this instrument with the clerk on Sunday, July 31, 2202, effective Monday, August 1, 2022.

/s/ Wolfgang P. Hirczy de Miño

_____

Wolfgang P. Hirczy de Mino, Ph.D.

## APPENDIX: REFERENCED GOMEZ MOTION



[Embedded Image of Case Style and Caption of Felipe Gomez's Motion to Strike etc. in Case No. 2022CI08302, currently pending in the 45th District Court.]

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 66827678
Status as of 8/1/2022 3:25 PM CST
Associated Case Party: Felipe NGomez

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Felipe N.Gomez | | fgomez9592@gmail.com | 7/31/2022 11:42:51 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 66827678
Status as of 8/1/2022 3:25 PM CST
Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Rachel ReneeHanna | | rhanna@susmangodfrey.com | 7/31/2022 11:42:51 AM | SENT |
| Giovanna Eby | | geby@susmangodfrey.com | 7/31/2022 11:42:51 AM | SENT |
| Wolfgang P.Hirczy de Mino | | whdmphd@gmail.com | 7/31/2022 11:42:51 AM | SENT |
| r Hess | | rhess@susmangodfrey.com | 7/31/2022 11:42:51 AM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 66827678
Status as of 8/1/2022 3:25 PM CST
Associated Case Party: Alan Braid

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Alan Braid | | abriad@hotmail.com | 7/31/2022 11:42:51 AM | ERROR |