IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALAN BRAID, MD | PLAINTIFF/ COUNTERCLAIM DEFENDANT |
| v.     Case No. 1:21-cv-05283 | |
| OSCAR STILLEY; | INTERPLEADER DEFENDANT COUNTERCLAIM PLAINTIFF |
| FELIPE N. GOMEZ;<br>WOLFGANG P. HIRCZY DE MIÑO, PH.D.,<br>AKA "TEXAS HEARTBEAT PROJECT | INTERPLEADER DEFENDANTS |

**INTERPLEADER DEFENDANT OSCAR STILLEY'S BRIEF REGARDING *DOBBS* AND JUSTICIABILITY**

Comes now Interpleader Defendant and Counterclaim Plaintiff Oscar Stilley, (Stilley) and for his brief with respect to *Dobbs* and justiciability, and states:

This Court in docket 153 included the following directive:

… Each party is granted leave to file by August 26, 2022, a brief of up to 12 pages discussing: (1) the impact of *Dobbs* on the pending motion 75 for summary judgment; and (2) what justiciable issues remain in this case.

The US Supreme Court in *Dobbs v. Jackson Women's Health Organization*, 597 U.S. ___; 2022 WL 2276808; 2022 U.S. LEXIS 3057 (2022) overruled *Roe v. Wade, 410 U.S. 113 (1973)*.

Overruling *Roe v. Wade* does nothing to call into question the foundational principles of the US Constitution. SB8 by plain language attacked a panoply of constitutional protections, from the *ex post facto* clause to fundamental due process. Stilley perceives Plaintiff Braid's core concerns to be grounded on fundamental constitutional rights. See e.g. Dr. Braid's brief in support of motion for summary

1

judgment, Dkt. 75-1. A very helpful table of contents is found at pages 2-3. Dr. Braid raises preemption, vagueness concerns, equal protection, the right of peaceful petition, and the right to freedom of speech.

By Stilley's reading, pages 11-16 of Docket 75-1 are primarily focused on *Roe v. Wade* and progeny. The rest of Plaintiff Braid's expertly drafted brief in support of summary judgment focuses primarily on core constitutional issues that have not been called into question by *Dobbs*. Other pleadings filed by Dr. Braid show a similar pattern.

Consider for a moment how this litigation arose. The Texas state legislature bestowed certain quasi-criminal enforcement powers upon nearly any "person." Stilley promptly tried out those powers by suing Dr. Braid, altogether without rancor or hard feelings. After all, SB8 has no ideological purity test. There is no need to allege injury or even claim to be aggrieved by the defendant's actions.

Dr. Braid in due course sued Stilley, Felipe Gomez, and Wolfgang P. Hirczy de Miño, Ph.D., in the instant proceeding. Once again there is no indicia of rancor or hard feelings. Dr. Braid simply did what people in this country routinely do as a matter of right, as part of the heritage of western civilization. He invoked legal process for the salutary purpose of 1) asking this Court to say what the law is, and 2) protecting his legal rights, to the extent proper under the stated legal bases for the Court's jurisdiction in this proceeding.

Stilley counterclaimed. Dr. Braid answered the counterclaim, whereupon the issues therein were joined. Apparently both of us want answers to certain legal questions.

Stilley doesn't disagree with Dr. Braid quite as extensively or vociferously as some would prefer. Stilley has consistently endeavored to assist Dr. de Miño, primarily in an effort to remediate this shortcoming. Stilley has enthusiastically invited the addition of learned and licensed counsel to the defense table, thus far without success.

The architects of SB8 are apparently happy to leave SB8 as a political orphan. Nobody of political or social standing wants to step up the plate to defend it. Stilley denies that this is any fault of his own.

Stilley is not aware of an answer to Dr. Braid's complaint, save and except for his own. Stilley concedes that the three currently named defendants might overlook some significant defense. Further, a diligent and dedicated attorney for Dr. de Miño could provide better assurances that all arguably meritorious defenses are thoroughly and effectively briefed.

Stilley concedes that Dr. Braid, and this august tribunal, have been more than patient with the defendants. Nothing herein should be construed as a direct or indirect request for more time.

If justice is done, Stilley wins. Stilley has his own concerns about the direction of due process, peaceful petition, etc., in this country. Stilley has just recently petitioned the US Supreme Court for a [writ of certiorari to the 10th Circuit](), related to his petition under 28 USC 2255. He raises core constitutional issues. He seeks to protect the fundamental constitutional right to be heard in a reasonable time and a reasonable manner.

Stilley cannot see a logical way to request due process, peaceful petition, etc., for himself, while opposing the same consideration to Dr. Braid. Such inconsistencies naturally and probably destroy trust and confidence.

Inconsistencies on the part of legislatures injure trust in those institutions – witness the recent abortion referendum in Kansas.

Selfish inconsistencies in the positions of litigating parties injure the credibility of the litigant. Stilley has no credibility to spare.

**Conclusion**

All claims of Dr. Braid, and any other party, related to issues <u>*other than*</u> the core doctrine of *Roe v. Wade*, are viable and remain for decision. Issues related to the effective date of *Dobbs*, or any *ex post facto* application of *Dobbs*, claimed by the language of SB8, might also remain for decision.

Respectfully submitted.

By: /s/ Oscar Stilley                                        August 26, 2022
Oscar Stilley
10600 N Highway 59
Cedarville, AR 72932-9246
479.384.2303 cell phone
479.401.2615 fax
oscarstilley@gmail.com

**CERTIFICATE OF SERVICE**

Oscar Stilley by his signature above certifies that on the date stated above he filed and served this pleading via CM/ECF, and that all parties entitled to service will be served electronically. Stilley also will serve Wolfgang P. Hirczy de Miño, Ph.D., with a filemarked copy via email at wphdmphd@gmail.com, promptly upon receiving the filemarked version of the document.