# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ALAN BRAID, M.D., <br><br> Interpleader Plaintiff, <br><br> v. <br><br> OSCAR STILLEY; FELIPE N. GOMEZ; WOLFGANG P. HIRCZY DE MINO, PH.D., AKA TEXAS HEARTBEAT PROJECT, <br><br> Interpleader Defendants. | Case No: 1:21-cv-05283 <br><br> Hon. Jorge L. Alonso |

## SUPPLEMENTAL BRIEF IN SUPPORT OF INTERPLEADER PLAINTIFF ALAN BRAID, M.D.'S MOTION FOR SUMMARY JUDGMENT

This supplemental brief responds to the Court's August 3 Order (ECF 153) requesting the parties' views on (1) *Dobbs'* impact on Dr. Braid's pending summary judgment motion; and (2) remaining justiciable issues:

(1) The Court should grant Dr. Braid's summary judgment motion on the numerous claims asserted apart from substantive due process and enter judgment against Interpleader Defendants now. *Dobbs* did not affect S.B. 8's unconstitutionality under the void-for-vagueness and equal protection doctrines or under the First Amendment.

(2) Nothing in *Dobbs* changed this case's justiciability; to the contrary, recent, additional lawsuits filed by a defendant and other abortion opponents have heightened Dr. Braid's need to resolve his interpleader claim.

In the two months since *Dobbs v. Jackson Women's Health*, 142 S. Ct. 2228 (2022), Americans' right to control their reproductive lives has drastically eroded. Texas is no exception. The potential liability and endless litigation promised by Texas Senate Bill 8 ("S.B. 8"), on which this suit is based, worked as intended: just the *threat* of multiple S.B. 8 claims stopped most abortions in Texas last September, forcing thousands of individuals and families to seek medical care outside Texas or to carry unwanted pregnancies to term. While the *Dobbs* decision triggered an even more odious abortion ban in Texas—one that imposes civil and criminal liability (including 5 to 99 years' imprisonment) for anyone performing an abortion at any time during a pregnancy[1]—it did not render S.B. 8 moot. In fact, S.B. 8 itself contains language specifying that it does not affect the other laws that regulate or prohibit abortion. Tex. Health & Safety Code ("THSC") § 171.207(b)(3). S.B. 8 will therefore remain an enforceable harassment tool and permit anyone—including the three Interpleader Defendants—to continue to

---

[1] In anticipation of the Supreme Court overturning *Roe v. Wade,* 410 U.S. 113 (1973), Texas passed House Bill 1280, a "trigger law" banning abortion. *See* Health & Safety Code Chapter 170A (Performance of Abortion), https://capitol.texas.gov/BillLookup/History.aspx?LegSess=87R&Bill=HB1280. Designed to go into effect 30 days after the *Dobbs* judgement was issued (August 25, 2022), H.B. 1280 "prohibits knowingly performing, inducing, or attempting an abortion at any time after fertilization."

1

violate the due process, equal protection, and First Amendment rights of Dr. Braid and others like him, who will potentially be subjected to not just criminal liability but also an untold number of lawsuits by citizen bounty hunters. S.B. 8's unconstitutional enforcement scheme poses a continued threat to the rule of law in Texas and in other states that have enacted (or are considering) similar laws that empower citizen vigilantes to interfere with any number of personal and civil liberties currently protected by the state.[2]

Regardless of S.B. 8's prospective application, it was in effect at the time Dr. Braid provided the abortion in violation of S.B. 8 in September 2021. And the Interpleader Defendants asserted claims against Dr. Braid under S.B. 8. Those competing claims still need to be adjudicated. Apart from substantive due process, nothing in *Dobbs* affects Dr. Braid's remaining claims concerning S.B. 8's unconstitutionality.

As Dr. Braid outlined in his Memorandum of Law in Support of his Motion for Summary Judgment (ECF 75-1) (hereafter "MSJ Brief"), S.B. 8 violated his patients' substantive due process from the moment it took effect on September 1, 2021, by unconstitutionally banning them from obtaining pre-viability abortions after the detection of a fetal "heartbeat." The right to an abortion was a fundamental constitutional right at the time that Dr. Braid performed the September 2021 procedure in question and had been for over 50 years.[3] Moreover, before

---

[2] *See* Kimberly Kindy and Alice Crites, *The Texas abortion ban created a 'vigilante' loophole. Both parties are rushing to take advantage.* WASHINGTON POST (February 22, 2022 at 6:00 a.m. EST), https://www.washingtonpost.com/politics/2022/02/22/texas-abortion-law-vigilante-loophole-supreme-court/; *see also, e.g.*, S.B. 1503 (Okla. 2022) (creating a citizen bounty-hunter scheme that effectively bans abortions after six weeks), http://webserver1.lsb.state.ok.us/cf_pdf/2021-22%20ENGR/SB/SB1503%20ENGR.PDF; S.B. 1309 (Idaho 2022) (allowing family members of a person who has an abortion to sue the medical provider for a bounty of no less than $20,000), https://legislature.idaho.gov/wp-content/uploads/sessioninfo/2022/legislation/S1309.pdf.

[3] *See, e.g., June Med. Servs. LLC v. Russo*, 140 S. Ct. 2103, 2135 ((2020) (Roberts, C.J., concurring) (the

*Dobbs*, federal "courts [had] 'universally' invalidated laws that ban abortions beginning at a gestational age prior to viability." *Planned Parenthood S. Atl. v. Wilson*, 520 F. Supp. 3d 823, 826 (D.S.C. 2021) (listing cases and granting temporary restraining order of South Carolina six-week ban).[4]

While *Dobbs* eradicated the fundamental, substantive due process right to an abortion, it did not render S.B. 8's enforcement scheme constitutional or vitiate constitutional protections against laws like S.B. 8. Dr. Braid today remains subject to a statute that unfairly tips the scales in favor of citizen vigilantes, severely limits the ability of defendants like himself to mount a defense, and allows one person to collect a $10,000 bounty while at least two others actively pursue it. The chaos of the filings and complete disregard of the rule of law by the Interpleader Defendants in this action underscores the absurdity of the vigilante justice that S.B. 8 promotes.

For these reasons and others, we respectfully ask the Court to grant Dr. Braid's summary judgment motion, issue a declaratory judgment that S.B. 8 was unconstitutional and unenforceable prior to the *Dobbs* decision and continues to be so today, and find that Dr. Braid is entitled to keep the $10,000 "bounty" that he has deposited as interpleader stake in this action.

---

Fourteenth Amendment protects an individual's "right to terminate [] pregnancy before viability"); *Planned Parenthood of Se. Pa. v. Casey*, 505 U.S. 833, 879 (1992) ("[A] State may not prohibit any woman from making the ultimate decision to terminate her pregnancy before viability."); *Roe*, 410 U.S. at 153.

[4] *See also Reprod. Health Servs. of Planned Parenthood of St. Louis Region, Inc. v. Parson*, 1 F.4th 552, 560, 564 (8th Cir. 2021), *reh'g en banc granted*, *vacated* (July 13, 2021), *cert. denied sub nom. Schmitt*, No. 21-3, 2021 WL 4509073 (U.S. Oct. 4, 2021) (affirming preliminary injunction of Missouri eight-week ban); *Little Rock Fam. Plan. Servs. v. Rutledge*, 984 F.3d 682, 688, 690 (8th Cir. 2021) (affirming preliminary injunction of Arkansas 18-week ban), *cert. granted*, 142. S. Ct. 2894 (2022) (vacating and remanding for further consideration in light of *Dobbs*); *Robinson v. Marshall*, 415 F. Supp. 3d 1053, 1059 (M.D. Ala. 2019) (granting preliminary injunction of Alabama ban at all gestational ages).

I. **Interpleader Continues to be an Appropriate Method of Resolving the Issues in this Action**

Dr. Braid has now been sued at least six times for an abortion that he performed in September 2021 when such practice was still protected by well-established Supreme Court precedent. These lawsuits were filed in four different state and federal courts and three different counties in Texas, and more S.B. 8 lawsuits against more potential defendants are threatened. *See In Re Shannon D. Thomason*, No. 55561 (Tex. Dist. Ct., Howard Cnty, filed July 7, 2022).[5] The Interpleader Defendants in this case each seek an award of the same single $10,000 statutory penalty against Dr. Braid that under S.B. 8 only one is entitled to. *See* MSJ Brief at 10–11.

Dr. Braid brought this suit in the nature of interpleader to avoid the burden and confusion of defending himself in multiple venues, obviate the risk of conflicting judgments, and to assert his constitutional defenses to liability under S.B. 8. These concerns remain intact. The *Dobbs* decision affected one potential defense to S.B. 8 lawsuits targeting post-*Dobbs* abortion procedures, but it did not render this case moot.[6] S.B. 8 continues to violate Dr. Braid's due process, equal protection and First Amendment rights—as well as the rights of other abortion care providers and those who assist someone in obtaining safe abortion care. Dr. Braid continues

---

[5] In addition to the state actions filed prior to this lawsuit, interpleader defendant Felipe Gomez has also filed an additional action against Dr. Braid in Bexar County, Texas, listing the same abortion at issue here. *See Gomez v. Braid, et al.*, No. 2022CI08302 (Bexar Cnty, Tex. 2022). Further demonstrating how a citizen enforcement action under S.B. 8 can easily generate a storm of harassing and vexatious litigation, Mr. Gomez has also filed a complaint against Dr. Braid and his attorneys in the United States District Court for the Western District of Texas, instituted grievance proceedings against Dr. Braid's counsel before the Texas Bar, and has subpoenaed Dr. Braid to appear for deposition in a defamation action that Mr. Gomez filed against interpleader co-defendant de Miño.

[6] Dr. Braid's conduct in September 2021 was constitutionally protected by nearly 50 years of unbroken precedent until the June 2022 *Dobbs* decision. Dr. Braid preserves, and is not waiving any argument that his conduct was not only legal, but constitutionally protected, in September 2021 despite S.B. 8's attempt to undo longstanding tenets of due process, fair notice, res judicata and anti-retroactivity.

to seek summary judgment on his request for interpleader relief, including a declaratory judgment on his constitutional defenses to Interpleader Defendants' competing claims.

There is no "genuine dispute as to any material fact" regarding Dr. Braid's defenses: Interpleader Defendants seek to penalize Dr. Braid under a statute that remains unconstitutional today. Dr. Braid is "entitled to judgment as a matter of law" on all claims. Fed. R. Civ. P. 56(a).

## II.  S.B. 8 Remains Unconstitutional and Unenforceable

Under *Dobbs*, state laws banning abortion in most circumstances after June 2022 no longer violate the U.S. Constitution. But S.B. 8's enforcement scheme—which empowers citizen vigilantes with no real standing to bring civil suits against doctors and others who aid in providing abortion care and tips the scales against the defendants in these suits—still violates the due-process, equal-protection, and First Amendment rights of Dr. Braid and others who assist people in obtaining necessary abortion care. As evidenced by the underlying suits in this interpleader action, this scheme invites frivolous and harassing lawsuits from strangers. It also has the demonstrated effect of chilling access to reproductive health care more broadly, not just access to abortions, as doctors and hospitals fearing liability may refuse to treat miscarriages or someone whose life is endangered by continuing their pregnancy to term.[7]

---

[7] "Restrictive state [abortion] laws will severely limit a patient's access to comprehensive reproductive health care, interfere in the patient-physician relationship, and override what is ultimately a clinician's responsibility to provide the best medical care for every patient." Press Release, Association of American Medical Colleges, *AAMC Statement on Supreme Court Decision in Dobbs v. Jackson Women's Health Organization* (Jun. 24, 2022), https://www.aamc.org/news-insights/press-releases/aamc-statement-supreme-court-decision-dobbs-v-jackson-women-s-health-organization. *See also* Charlotte Huff, *In Texas, Abortion Laws Inhibit Care for Miscarriages*, NPR (May 10, 2022), https://www.npr.org/sections/health-shots/2022/05/10/1097734167/in-texas-abortion-lawsinhibit-care-for-miscarriages; Robert Langreth and Ike Swetlitz, *Abortion Bans Will Impact Doctors' Treatment of Cancer, Miscarriage*, BLOOMBERG (June 24, 2022), https://www.bloomberg.com/news/articles/2022-06-24/ overturning-roe-can-impact-therapy-for-cancer-miscarriage.

Texas's trigger law, which bans virtually all abortions in the state with a very narrow exception for life-threatening emergencies, went into effect yesterday, on August 25, 2022. However, this does not mean that S.B. 8 has been replaced. In fact, S.B. 8 contains specific language that will allow it to continue to operate even though Texas has a stricter ban that will be enforced by the state attorney general and district and county attorneys. THSC § 171.207(b)(3). This means that in addition to being criminally liable if they perform an abortion, medical professionals like Dr. Braid are still subject to lawsuits by bounty hunters seeking mandatory "statutory damages" payments as in this case. Dr. Braid has highlighted the other ways that S.B. 8 violates the Constitution in a post-*Dobbs* world, including its abuse of procedural due process rights, the freedoms of the First Amendment, and equal protection.

    A.    **S.B. 8's statutory damages provision violates Dr. Braid's Fourteenth Amendment rights under the void-for-vagueness doctrine.**

S.B. 8's enforcement scheme creates arbitrary penalties and leaves practitioners such as Dr. Braid in the dark about what actions are prohibited. Accordingly, under the Fourteenth Amendment's guarantee of due process, S.B. 8 should be declared void for vagueness. *City of Chicago v. Morales*, 527 U.S. 41, 56 (1999) (plurality) (explaining that a law may be void for vagueness if it either "fail[s] to provide the kind of notice that will enable ordinary people to understand what conduct it prohibits," or it "authorize[s] and even encourage[s] arbitrary and discriminatory enforcement"). This standard applies to civil statutes such as S.B. 8 that impose "quasi-criminal" penalties that are "prohibitory and stigmatizing." *Vill. of Hoffman Ests. v. Flipside, Hoffman Ests.*, 455 U.S. 489, 499 (1982); *see also Women's Med. Ctr. of Nw. Houston v. Bell*, 248 F.3d 411, 422 (5th Cir. 2001) (abortion regulations with "potentially significant civil and administrative penalties" were quasi-criminal and void for vagueness).

As outlined in Dr. Braid's MSJ Brief, S.B. 8's statutory penalty provision fails to inform abortion providers of the amount of liability they may face and does not provide ***any*** "legally fixed standards" to govern the amount of liability. *Beckles v. United States*, 137 S. Ct. 886, 894 (2017). Instead, S.B. 8 purports to make Dr. Braid liable for seemingly limitless penalties (with a minimum of $10,000) to individuals to whom he has no connection, has never owed a duty, and has never caused any harm—all unknown until he is required to pay the statutorily required penalty to any given S.B. 8 plaintiff. *Cf. Grayned v. City of Rockford*, 408 U.S. 104, 113–114 (1972) (statute's harm requirement, "demonstrated causality," and provision that acts be "'willfully' done" inform the due-process inquiry and provide "fair warning as to what is prohibited"). Such a provision unconstitutionally invites arbitrary and discriminatory enforcement in determining the amount of the penalty. *See Johnson v. United States*, 576 U.S. 591, 597 (2015) (statute's indeterminacy held to "invite[] arbitrary enforcement by judges" when determining a defendant's sentence); *Giaccio v. Pennsylvania*, 382 U.S. 399, 403 (1966) (statute void for vagueness where it did not "place any conditions of any kind upon the jury's power to impose costs"); *Cross v. United States,* 892 F.3d 288, 306 (7th Cir. 2018) (statute void for vagueness because it impeded a person's efforts to "regulate his conduct so as to avoid particular penalties").

The statute likewise is void for vagueness because it is silent as to what facts and circumstances might warrant a penalty above the minimum or the magnitude a provider could reasonably expect to face. The financial consequences are thus left solely to the whims of the presiding judge. *See Kolender v. Lawson*, 461 U.S. 352, 358 (1983) ("[T]he more important aspect of vagueness doctrine is not actual notice, but the other principal element of the doctrine—the requirement that a legislature establish minimal guidelines to govern law

7

enforcement." (internal quotations omitted)). Because S.B. 8 does not "place any conditions" for setting the penalties Dr. Braid may owe for the provision of the September 6 abortion, Dr. Braid is entitled to summary judgment on his request for interpleader relief declaring that none of Interpleader Defendants is entitled to relief against him under S.B. 8.[8]

## B. Section 4 of S.B. 8 Violates Dr. Braid's First Amendment rights.

Section 4 of S.B. 8 creates a standalone, one-way fee-shifting provision that is designed to deter and penalize anyone who challenges any Texas abortion restriction in state or federal court by seeking declaratory or injunctive relief preventing its enforcement. *See* Tex. Civ. Prac. & Rem. Code § 30.022. This fee-shifting provision is aimed at deterring individuals like Dr. Braid and his attorneys from achieving lawful objectives through the court system. As discussed in Dr. Braid's MSJ Brief, this scheme to deter abortion providers by imposing on them unusual and unique burdens violates Dr. Braid's First Amendment rights to free speech and to petition the courts.

### 1. Section 4 of S.B. 8 violates Dr. Braid's right to petition the courts.

The First Amendment guarantees the right to petition the courts for redress of grievances. *Borough of Duryea v. Guarnieri*, 564 U.S. 379, 395 (2011) ("Petitions to the government assume an added dimension when they seek to advance political, social, or other ideas of interest to the community as a whole."). Under Section 4 of S.B. 8, if someone challenges any Texas abortion

---

[8] As discussed in the MSJ Brief, S.B. 8 additionally violates the void-for-vagueness doctrine because it creates impossible and unknowable risks for Dr. Braid and other providers in Texas. "Aids and abets" is undefined in the statute and has no uniform definition under Texas law. This means that Dr. Braid could be subject to lawsuits for counseling pregnant persons to seek care out of state, or for prescribing misoprostol, a common abortion drug, to treat a patient who has miscarried. Due process does not permit such uncertainty, particularly where, as here, it will "lead citizens to steer far wider of the unlawful zone" to avoid S.B. 8's draconian penalties. *See, e.g., Grayned*, 408 U.S. at 109 (citations and internal quotations omitted).

restriction and does not prevail on every one of their claims, their opponent is deemed the "prevailing" party entitled to payment of their attorney's fees. Tex. Civ. Prac. & Rem. Code § 30.022. Thus, by asking this court to declare S.B. 8 unconstitutional, Dr. Braid could be forced to pay S.B. 8 claimants' attorneys' fees even if he obtains full relief against an unconstitutional restriction, simply if one claim is dismissed or pleaded in the alternative. Such constraint of non-frivolous legal theories and claims available to civil-rights litigants is unconstitutional. *Legal Servs. Corp. v. Velazquez*, 531 U.S. 533, 548 (2001).

### 2. Section 4 of S.B. 8 violates Dr. Braid's right to freedom of speech.

Section 4 also violates the First Amendment's Free Speech Clause and is subject to strict scrutiny because it is as viewpoint- and "content-based as it gets." *Barr v. Am. Ass'n of Pol. Consultants, Inc*, 140 S. Ct. 2335, 2346 (2020); *see also Reed v. Town of Gilbert, Ariz.*, 576 U.S. 155, 164 (2015) (government regulations of content-based speech are subject to strict scrutiny); *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 828–29 (1995). Ultimately, S.B. 8 seeks to suppress views that the Texas Legislature deems unpopular and to prevent scrutiny of the state's attempt to eviscerate abortion rights. Such a goal cannot meet the rigors of strict scrutiny review: the State has no legitimate, much less compelling, interest in punishing advocates with whom it disagrees. *U. S. Dep't of Agric. v. Moreno*, 413 U.S. 528, 534 (1973).

By threatening Dr. Braid and his attorneys with massive liability for fees and costs, § 30.022 necessarily chills the exercise of his rights to free speech and to petition protected by the First Amendment, and he is entitled to declaratory relief that this provision is unconstitutional.

### C. S.B. 8's enforcement provisions violate Dr. Braid's constitutional guarantee of equal protection.

The Equal Protection Clause of the Fourteenth Amendment directs "that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). As discussed in the MSJ Brief, S.B. 8 departs dramatically from generally applicable rules of civil procedure to maximize the burden on Dr. Braid and other abortion providers and supporters, subjecting them to lawsuits in which the deck is stacked heavily against them and depriving them of the ability to mount a fair defense. No other class of civil litigants in Texas—or anywhere else—is subject to such a hostile legal framework full of unique rules designed to harass litigants and doom defenses.

*First,* S.B.8 is the only statute in Texas that Dr. Braid is aware of that allows complete strangers to obtain seemingly unlimited damages without having been harmed, or without having any connection to the alleged violation. Indeed, Texas courts examining statutes that imposed a civil penalty or statutory damages designed to penalize conduct have held that those penalties were actually punitive damages, which cannot be awarded to a private claimant unless the claimant recovers other damages (which requires a showing of harm). *Wal-Mart Stores, Inc. v. Forte*, 497 S.W.3d 460, 464–67 (Tex. 2016); *KBG Invs., LLC v. Greenspoint Prop. Owners' Ass'n*, 478 S.W.3d 111, 116–23 (Tex. App. 2015).

*Second*, under S.B. 8, any Texan who sues can do so in their home county and can unilaterally veto a transfer of venue to a more appropriate and convenient forum. THSC § 171.210(a)(4), (b). This is contrary to venue rules in Texas for most other actions, where venue lies where the claim took place or where defendant resides, and where Texas courts have the ability to transfer venue for "convenience" of parties or in the "interest of justice". Tex. Civ. Prac. & Rem. Code § 15.002(a)–(b). Because "any person" can sue, this allows abortion

10

providers to be sued multiple times for the same abortion by people in counties across the state, which has happened here.

**_Third_**, S.B. 8 also purports to require courts to retry identical cases against abortion providers—so long as a different stranger files suit each time—until the abortion provider loses. *See id*. § 171.208(e)(5) (precluding defense of "non-mutual issue preclusion or non-mutual claim preclusion"). And people sued under S.B. 8 cannot rely "on any state or federal court decision that is not binding on the court in which the action has been brought." *Id*. § 171.208(e)(4); *see also id.* § 171.212(e) (a "judicial injunction or declaration of unconstitutionality . . . is nothing more than an edict" that can be vacated by a court that "has a different understanding of the requirements of the . . . United States Constitution"). Thus, even if Dr. Braid were successful in state court against one of the claimants here, S.B. 8 purports to diminish the impact of such a victory—allowing the other claimants and an unlimited number of other people to also pursue claims over the exact same conduct. These provisions create the real risk that Dr. Braid will have to defend multiple, vexatious lawsuits about the same abortion—even if he has overcome the Texas Legislature's scheme and prevailed in other suits about the same conduct. No other types of litigants are subject to such provisions.

**_Finally_**, S.B. 8 awards costs and fees to prevailing claimants, but it prohibits abortion providers and supporters from recouping the same if they successfully counter these abusive vigilante claims. *Id*. § 171.208(b), (i). This sharply departs from the generally applicable Texas rule allowing a prevailing defendant in a frivolous lawsuit, or a lawsuit brought to harass, to recover fees and costs incurred in opposing the litigation. *See* Tex. Civ. Prac. & Rem. Code §§ 10.001–.002.

Because the statute treats S.B. 8 defendants differently than any other defendants in civil litigation, it violates the Equal Protection Clause. *City of Cleburne*, 473 U.S. at 439 ("all persons similarly situated should be treated alike"). Because S.B. 8 violates fundamental constitutional rights including the right to petition and free speech, *see supra* at 8–9, it is subject to strict scrutiny. *Smith ex rel. Smith v. Severn*, 129 F.3d 419, 429 (7th Cir. 1997) (a challenged classification is subject to strict scrutiny if it burdens a fundamental right, meaning "one that is explicitly or implicitly protected by the Constitution" (quoting *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 33–34 (1973))); *see also Zablocki v. Redhail*, 434 U.S. 374, 388 (1978) (applying strict scrutiny where "a statutory classification significantly interfere[d] with the exercise of a fundamental right"). Under strict scrutiny, the state must have a compelling interest and demonstrate that the statutory classification "fit[s] the compelling goal so closely that there is little or no possibility that the motive for the classification was illegitimate." *Grutter v. Bollinger*, 539 U.S. 306, 333 (2003) (internal quotation marks omitted). Even under rational-basis review, a law such as S.B. 8 that is plainly "drawn for the purpose of disadvantaging" a disfavored class is unconstitutional. *Romer v. Evans*, 517 U.S. 620, 633 (1996). Thus, Dr. Braid is entitled to a declaratory judgment that S.B. 8 violates equal protection and therefore cannot be enforced against him.

### III. CONCLUSION

There remain multiple reasons why S.B. 8 is unconstitutional, and interpleader is still the proper means to resolve this case. For the reasons stated herein and Dr. Braid's MSJ Brief, the Court should grant Dr. Braid's motion for summary judgment.

Dated: August 26, 2022									Respectfully submitted,

												ALAN BRAID, M.D.

										By:	/s/ Suyash Agrawal
												One of His Attorneys

Suyash Agrawal
Alethea Anne Swift
MASSEY & GAIL LLP
50 E. Washington Street, Suite 400
Chicago, Illinois 60602
(312) 283-1590
sagrawal@masseygail.com
aswift@masseygail.com

Neal S. Manne
Mary Kathryn Sammons
Abigail C. Noebels*
Katherine Peaslee*
Richard W. Hess*
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
(713) 653-7827
nmanne@susmangodfrey.com
ksammons@susmangodfrey.com
anoebels@susmangodfrey.com
kpeaslee@susmangodfrey.com
rhess@susmangodfrey.com

Marc Hearron*
CENTER FOR REPRODUCTIVE RIGHTS
1634 Eye St., NW, Suite 600
Washington, DC 20006
(202) 524-5539
mhearron@reprorights.org

Molly Duane*
CENTER FOR REPRODUCTIVE RIGHTS
199 Water Street, 22nd Floor
New York, NY 10038
(917) 637-3631
mduane@reprorights.org

13

Shannon Rose Selden*
Meredith E. Stewart*
Ebony Ray*
DEBEVOISE & PLIMPTON LLP
919 Third Ave.
New York, NY 10022
(212) 909-6000
srselden@debevoise.com
mestewart@debevoise.com
eray@debevoise.com

*Counsel for Interpleader Plaintiff Alan Braid, M.D.*

*Appearing pro hac vice

# CERTIFICATE OF SERVICE

    I certify that on August 26, 2022, I served by e-mail a true and correct copy of this document by email on the following:

    Felipe N. Gomez - fgomez9592@gmail.com

    Wolfgang P. Hirczy De Mino, Ph.D. - wphdmphd@gmail.com

    Oscar Stilley - oscarstilley@gmail.com

These are the email addresses from which I have received correspondence from each of these parties.

                                                                         /s/ *Suyash Agrawal*
                                                                         Suyash Agrawal