UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ALAN BRAID,                              )
                                         )
         Plaintiff,                      )    Case No. 21-cv-5283
                                         )
v.                                       )    Hon. Jorge L. Alonso
                                         )
OSCAR STILLEY,                           )
FELIPE NERY GOMEZ, and                   )
WOLFGANG P. HIRCZY DE MINO,              )
                                         )
         Defendants.                     )

## MEMORANDUM OPINION AND ORDER

After performing an abortion and being sued by three separate individuals, plaintiff Alan

Braid, M.D. ("Dr. Braid"), filed this interpleader action in which he named as defendants the

three individuals who had filed suit.  Before the Court are Dr. Braid's motion for summary

judgment and two threshold motions filed by two of the three claimants.

## I.    BACKGROUND

The following facts are undisputed unless otherwise noted.[1]

---

[1]      Local Rule 56.1 outlines the requirements for the introduction of facts parties would like
considered in connection with a motion for summary judgment.  The Court enforces Local Rule
56.1 strictly.  *See FTC v. Bay Area Business Council, Inc.*, 423 F.3d 627, 633 (7th Cir. 2005)
("Because of the important function local rules like Rule 56.1 serve in organizing the evidence
and identifying disputed facts, we have consistently upheld the district court's discretion to
require strict compliance with those rules.").  At the summary judgment stage, a party cannot
rely on allegations; he must put forth evidence.  Fed.R.Civ.P. 56(c)(1)(A); *see also Grant v.
Trustees of Indiana Univ.*, 870 F.3d 562, 568 (7th Cir. 2017) ("As the 'put up or shut up'
moment in a lawsuit,' summary judgment requires a non-moving party to respond to the moving
party's properly-supported motion by identifying specific, admissible evidence showing that
there is a genuine dispute of material fact for trial.").
         Where one party supports a fact with admissible evidence (i.e., not complaint allegations)
and the other party fails to controvert the fact with citation to admissible evidence (i.e., not
complaint allegations), the Court deems the fact admitted.  *See Curtis v. Costco Wholesale*

Plaintiff Dr. Braid is a board-certified obstetrician and gynecologist who is licensed to practice medicine in Texas. He has practiced since 1978, and his practice includes providing abortions. On September 6, 2021, Dr. Braid violated Texas Health & Safety Code § 171.204 by performing an abortion after he detected cardiac activity in the womb. Two weeks later, Dr. Braid published in the *Washington Post* an editorial in which he explained why he had performed the abortion.

Soon, three "complete strangers" filed suit against Dr. Braid under Texas Health & Safety Code § 171.208. Specifically, on September 20, 2021, defendant Oscar Stilley ("Stilley"), of Arkansas, filed in Texas state district court of Bexar County a suit seeking damages under § 171.208. That same day, defendant Wolfgang P. Hirczy de Mino, of Texas, filed in Texas district court of Smith County a suit seeking damages under § 171.208. Finally, on September 23, 2021, defendant Felipe N. Gomez ("Gomez"), of Illinois, filed in Texas district court of Bexar County, a suit seeking relief under § 171.208. Among the relief available under § 171.208 is "statutory damages in an amount of not less than $10,000 for each abortion," Texas Health & Safety Code § 171.208(b)(2), but "a court may not award" that relief "if the defendant demonstrates that the defendant previously paid the full amount of statutory damages," Texas Health & Safety Code § 171.208(c).

In response, Dr. Braid filed this interpleader suit under 28 U.S.C. § 1335 and deposited $10,000.00 into the court's registry. He now moves for summary judgment, arguing that none of the three claimants is entitled to the money.

---

*Corp.*, 807 F.3d 215, 218-19 (7th Cir. 2015); *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817-18 (7th Cir. 2004). This does not, however, absolve the party putting forth the fact of the duty to support the fact with admissible evidence. *See Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880 (7th Cir. 2012).

## II.     STANDARD ON A MOTION FOR SUMMARY JUDGMENT

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). When considering a motion for summary judgment, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *Hutchison v. Fitzgerald Equip. Co., Inc.*, 910 F.3d 1016, 1021 (7th Cir. 2018). Summary judgment is appropriate when the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof at trial." *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "A genuine issue of material fact arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 692 (7th Cir. 2005).

## III.    DISCUSSION

Every federal court has an obligation to assure itself that it has jurisdiction over the cases before it. *Scott Air Force Base Prop., LLC v. County of St. Clair Ill.*, 548 F.3d 516, 520 (7th Cir. 2008). "The party invoking federal jurisdiction bears the burden of establishing" jurisdiction "with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

This case is not the usual interpleader action. "A basic jurisdictional requirement of statutory interpleader is that there be adverse claimants to a particular fund." *Indianapolis Colts v. Mayor and City Council of Baltimore*, 741 F.2d 954, 956 (7th Cir. 1984). The Seventh Circuit has described the usual interpleader case:

> Interpleader is proper in cases such as a surety confronted by claims of subcontractors and materialmen which exceed the surety's contractual liability, conflicting claims of entitlement to the proceeds of a life insurance policy, or

automobile insurers surrendering the maximum sum of their liability to the court
for disposition to plaintiffs in an accident case.

*Indianapolis Colts*, 741 F.2d at 957. This case is different, and a reasonable person might

question whether this case falls within this Court's interpleader jurisdiction.

First, an interpleader case requires that claimants be fighting over a particular asset,

whether it be property or an identifiable fund. *See Indianapolis Colts*, 741 F.2d at 956 ("A basic

jurisdictional requirement of statutory interpleader is that there be adverse claimants to a

*particular* fund.") (emphasis added); *see also State Farm Fire & Cas. Co. v. Tashire*, 386 U.S.

523, 530 (1967) (purpose of statutory interpleader is "to remedy the problems posed by multiple

claimants to a *single* fund") (emphasis added); *Rhoades v. Casey*, 196 F.3d 592, 600 n. 8 (5th

Cir. 1999) ("A prerequisite to filing an interpleader action is that there must be a single,

identifiable fund."). In other words, "[f]ederal interpleader jurisdiction depends on identifiable

property or a limited fund or pecuniary obligation, and it is *not proper* to predicate jurisdiction

on the *mere potential to recover damages* for pecuniary injury." *Murphy v. Travelers Ins. Co.*,

534 F.2d 1155, 1159 n. 2 (5th Cir. 1976) (emphasis added). Thus, a "chose in action asserted

against the general assets of a party rather than specific, identifiable 'property' is not a proper

subject for interpleader relief." *Murphy*, 534 F.2d at 1159.

Dr. Braid has deposited $10,000 into the court's registry and has, thus, theoretically met

the requirement of establishing a particular fund. A reasonable person could, of course, question

whether this suffices. Each claimant has a mere private right of action (and thus a "mere

potential to recover") against Dr. Braid's personal assets, not a claim to a particular fund of

$10,000, despite the fact that Dr. Braid essentially created such a fund by depositing it.

Next, one might question whether Dr. Braid has a reasonable fear of double liability.

"Interpleader is a suit in equity." *Indianapolis Colts*, 741 F.2d at 957. "Because the sole basis

4

for equitable relief to the stakeholder is the danger of exposure to double liability or the vexation of conflicting claims, the stakeholder must have a real and reasonable fear of double liability or vexatious, conflicting claims to justify interpleader." *Indianapolis Colts*, 741 F.2d at 957.

Where a statute protects from the risk of double recovery, interpleader jurisdiction does not lie. For example, in *State Farm Life Ins. Co. v. Jonas*, the Seventh Circuit explained:

> A genuine risk of multiple liability—being ordered to pay Troy plus the children, or Troy plus Jennifer's estate—could provide a justiciable controversy, but Texas law eliminates that risk. Section 1103.103 of the Tex. Ins. Code protects insurers that pay the named beneficiary when no one else makes a competing claim. At oral argument, State Farm's lawyer told us that it was not 'comfortable' relying on § 1103.103, but it is not the role of a federal court to provide comfort to litigants. Federal courts resolve concrete disputes between real adversaries, and this suit lacks such a controversy. Section 1103.103 means that State Farm has never faced a realistic prospect of multiple liability.

*State Farm Life Ins. Co. v. Jonas*, 775 F.3d 867, 870 (7th Cir. 2014).

In this case, the applicable statute seems, at first blush, to protect Dr. Braid from double liability. The Texas statute grants "statutory damages in an amount of not less than $10,000 for each abortion[.]" Tex. Health & Safety Code Ann. § 171.208(b)(2). That section goes on to state that "a court may not award relief under this section in response to a violation of Subsection (a)(1) or (2) if the defendant demonstrates that the defendant *previously paid* the full amount of statutory damages under Subsection (b)(2) in a previous action for that particular abortion performed[.]" Tex. Health & Safety Code Ann. § 171.208(c) (emphasis added). If the proper interpretation of that statute is that defendant is protected from multiple liability, then this Court has no interpleader jurisdiction. *State Farm Life*, 775 F.3d at 870. This Court, though, reads that statute as leaving room for double recovery. For if one claimant obtains a judgment against Dr. Braid but Dr. Braid does not pay the judgment, then another (and another) claimant could obtain a judgment. Only the payment of the statutory damages (as opposed to a mere judgment

5

therefor) bars a subsequent court from awarding damages. So, this Court is not convinced the statute protects Dr. Braid from the risk of multiple liability.

The next oddity of this case is that none of the claimants has standing to sue in federal court. It is undisputed that none of the claimants was injured by Dr. Braid's actions in performing the abortion. Each can point to a statutory violation on which to base his claim, but that does not suffice for standing in federal court. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016) ("Article III standing requires a concrete injury even in the context of a statutory violation. For that reason, [plaintiff] could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III."). None of the three claimants has suffered a concrete and particularized injury.

Courts occasionally dismiss interpleader claimants for lack of standing. *See Lincoln Benefit Life Co. v. Constance*, Case No. 13 C 4104, 2014 WL 2699757 at *1 (N.D. Ill. June 13, 2014) (dismissing interpleader claimant for lack of standing where her claim was "too speculative to confer standing"); *Aetna Life Ins. Co. v. Frank*, Case No. 19-cv-6259, __ F. Supp.3d __, __, 2022 WL 845651 at *3-4 (S.D. N.Y. March 22, 2022); *Murphy v. United States Dep't of Treasury*, Case No. 2:10-cv-1945, 2012 WL 1155714 at *2 (D. Nev. April 6, 2012); *cf. In re: Coho Energy Inc.*, 395 F.3d 198, 203 (5th Cir. 2004) ("Even a claimant to a fund must show a realistic likelihood of injury in order to have standing."). It is not, however, an issue that often arises. That is probably because, in the typical interpleader case, the claimants are fighting over the proceeds of an insurance policy. Typically, the claimants suffered the same injury— denial of the policy proceeds. Typically, at least one has standing. There is, of course, a difference between suffering an injury sufficient to confer standing and actually stating a cognizable claim or prevailing on the merits. *See Bell v. Hood*, 327 U.S. 678, 682 (1946)

("[j]urisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover."). That is why the dismissal of a claimant on the merits does not affect jurisdiction to resolve the interpleader suit. *The Union Central Life Ins. Co. v. Hamilton Steel Products, Inc.*, 448 F.2d 501, 504 (7th Cir. 1971) ("Of course, the claims of some interpleaded parties will ultimately be determined to be without merit. That, however, is the very purpose of the proceeding and it would make little sense in terms of protecting the stakeholder or of doing justice expeditiously to dismiss one possible claimant because another possible claimant asserts the claim of the first is without merit."). A reasonable person, then, might think the thing to do would be to dismiss each of the three claimants for lack of standing, at which point nothing would remain to do in this case but to close it. A federal court, having dismissed claims for lack of standing, does not go on to adjudicate defenses; that would be an advisory opinion.

Nonetheless, it seems that three non-justiciable claims can add up to one justiciable interpleader case. *State Farm Life*, 775 F.3d at 870 ("A genuine risk of multiple liability . . . could provide a justiciable controversy); *Indianapolis Colts*, 741 F.2d at 957 ("Because the sole basis for equitable relief to the stakeholder is the danger of exposure to double liability *or the vexation of conflicting claims*, the stakeholder must have a real and reasonable fear of double liability or vexatious, conflicting claims to justify interpleader."); *see also Texas v. Florida*, 306 U.S. 398, 406-7 ("[T]he sole ground for equitable relief is the danger of injury because of the risk of multiple suits when the liability is single[.] . . . When, by appropriate procedure, a court possessing equity powers is in such circumstances asked to prevent the loss which might otherwise result from the independent prosecution of rival but mutually exclusive claims, a justiciable issue is presented for adjudication which, because it is a recognized subject of equity

7

procedure which we have inherited from England, is a 'case' or 'controversy,' within the meaning of the Constitutional provision[.]"). Here, Dr. Braid has a reasonable fear of vexatious conflicting claims. Jurisdiction is secure.

Before considering Dr. Braid's motion for summary judgment, the Court must address two threshold motions filed by claimants. First, defendant Wolfgang P. Hirczy de Mino ("Hirczy de Mino"), who describes himself as "a resident of Harris County, Texas" [Docket 146 at 2], argues that the Court lacks personal jurisdiction over him. The Court disagrees. Section 2361 of Title 28 allows nationwide service of process for interpleader claims. 28 U.S.C. § 2361 ("In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court may issue its process for all claimants[.]"); *see also Indianapolis Colts v. Mayor and City Council of Baltimore*, 733 F.2d 484, 487 (7th Cir. 1984) ("the federal interpleader statute … provides for nationwide service of process."). Generally, statutes that allow for nationwide service of process are "proper, as long as the defendants have adequate contacts with the United States as a whole." *Board of Trustees, Sheet Metal Workers' Nat. Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1035 (7th Cir. 2000). By admitting he is a resident of one of the United States, Hirczy de Mino has admitted the necessary minimum contacts with the United States. The Court may exercise personal jurisdiction over him.

Next, Gomez filed a motion arguing the Court should abstain from deciding this case. Gomez cited the wrong abstention doctrine, but the point is a good one. Because an interpleader suit lies in equity, a district court has discretion not to exercise jurisdiction over a statutory interpleader case. *Koehring Co. v. Hyde Const. Co.*, 424 F.2d 1200, 1202 (7th Cir. 1970) ("Has a federal district court the discretion to dismiss an action in statutory interpleader on grounds of equity and comity, when the interests of the stakeholder and all claimants will be adequately

8

protected in a pending state court proceeding?  The short answer is yes."); *see also US Fire Ins. Co. v. Asbestospray, Inc.*, 182 F.3d 201, 211 (3rd Cir. 1999) ("federal courts should defer to parallel proceedings that pre-date the interpleader") (Alito, J).

This Court agrees with courts which have concluded that the *Brillhart/Wilton* abstention doctrine applies when a court considers whether to exercise its discretion to dismiss an interpleader case.  *See NYLife Distributors, Inc. v. The Adherence Group, Inc.*, 72 F.3d 371, 382 (3rd Cir. 1995) ("We thus hold that the discretionary standard enunciated in *Brillhart* governs a district court's decision to dismiss an action under the interpleader statute during the pendency of parallel state court proceedings."); *Principal Life Ins. Co. v. Crane*, Case No. 16 C 182, 2016 WL 1270516 at *2 (N.D. Ill. March 31, 2016) (exercising discretion under *Wilton/Brillhart* to abstain from interpleader action); *Hartford Life Ins. Co. v. Solomon*, 910 F. Supp.2d 1075, 1084-85 (N.D. Ill. 2012) (exercising discretion to dismiss interpleader action under *Wilton/Brillhart* abstention standard).

In *Brillhart*, the Supreme Court noted that a district court exercising jurisdiction under the Declaratory Judgment Act is "under no compulsion to exercise that jurisdiction."  *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942).  The Supreme Court explained that, in deciding whether to exercise jurisdiction, a district court:

> should ascertain whether the questions in the controversy between the parties to the federal suit, and which are not foreclosed by the applicable substantive law, *can better be settled in the proceeding pending in state court*.  This may entail inquiry into the scope of the pending state court proceeding and the nature of defenses open there.

*Brillhart*, 316 U.S. at 495 (emphasis added).  The Seventh Circuit has explained:

> A concern for comity underlies this doctrine.  As the Court put it in *Wilton*, 'where another suit involving the same state law issues is pending in state court, a district court might be indulging in *gratuitous interference* if it permitted the federal declaratory action to proceed.'

*Arnold v. KJD Real Estate, LLC*, 752 F.3d 700, 707 (7th Cir.2014) (emphasis added) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 283 (1995)).

In this case, not only are the claims *best* settled in state court, but the competing claims of the claimants can *only* be settled in state court. That is because, in this action, the Court cannot choose one of the three claimants to prevail. Pursuant to the plain language of the Texas statute, this Court has no means of selecting one winner among the claimants. This Court's option would be either to grant judgment to all three claimants or to grant judgment to none. In other words, either the Court finds for Dr. Braid or it finds for all three of the claimants. That is not the purpose of interpleader. The purpose of interpleader is to choose among the three. Typically, the insurance policy or the relevant beneficiary designations provide the necessary guidance for a court to choose among the claimants. Here, the Texas statute does not provide a basis to choose one among the three claimants.

The Texas statute grants "statutory damages in an amount of not less than $10,000 for each abortion," Tex. Health & Safety Code Ann. § 171.208(b)(2), but "a court may not award relief under this section . . . if the defendant demonstrates that the defendant previously paid the full amount of statutory damages under Subsection (b)(2) in a previous action for that particular abortion performed," Tex. Health & Safety Code Ann. § 171.208(c). Dr. Braid moved for summary judgment but did not put forth any facts (let alone undisputed ones) that demonstrate he has "previously paid the full amount of statutory damages" to any claimant.

Thus, the statute provides no basis from which this Court could select among the three interpleader claimants. The only way for one and only one of the claimants to be entitled to the statutory minimum fine of $10,000 would be for that claimant both to obtain a judgment and to collect upon it. It is, in essence, a race not only to judgment but also to collection. Only when

one claimant collects on a judgment would a court be barred from awarding the other two the $10,000. This Court would be left with the choice of granting none an award or granting all three an award of $10,000. Texas state courts are the only place for the issues to be resolved. The three claimants here filed three separate suits in Texas state courts. Once one claimant obtains a judgment and collects, the other claimants will be barred. That is the only means of selecting one winner among the three claimants. Of course, Dr. Braid may prevail on his defenses in each suit.

Dr. Braid's defenses can be considered by the Texas courts. The applicable Texas statute specifically states:

> Nothing in this section shall in any way limit or preclude a defendant from asserting the defendant's personal constitutional rights as a defense to liability under Section 171.208[.]

Tex. Health & Safety Code Ann. § 171.209(f). Here, Dr. Braid asserts as defenses (to the claimants' non-justiciable claims) his own constitutional rights under the Equal Protection Clause, the Due Process Clause and the First Amendment.[2] Courts in Texas are presumptively competent to adjudicate federal defenses. *See Tafflin v. Levitt*, 493 U.S. 455, 458 (1990) ("state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws of the United States."); *Choo v. Exxon Corp.*, 486 U.S. 140, 150 (1988) ("Texas state courts … are presumed competent to resolve federal issues."); *see also District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 n. 16 (1983) (noting "the desirability of giving the state court the first opportunity to consider a state statute or rule in light of federal

---

[2] Prior to the Supreme Court's decision in *Dobbs v. Jackson Women's Health*, 142 S.Ct. 2228 (2022), Dr. Braid asserted an additional defense. Now, Dr. Braid limits his defenses to his own constitutional rights under the First Amendment, Equal Protection Clause and Due Process Clause. [Docket 162 at 4].

constitutional arguments.  A state court may give the statute a saving construction in response to

those arguments.").  Ultimately, those decision are subject to review by the Supreme Court.

      For all of these reasons, the Court exercises its discretion to dismiss this interpleader

case.

## IV.    CONCLUSION

      The Court denies Hirczy de Mino's motion [146] to dismiss.  The Court grants in part

and denies in part defendant Gomez's motion [109] to abstain.  The Court exercises its discretion

to decline to exercise jurisdiction over this interpleader case, which is dismissed without

prejudice.  The $10,000.00 deposited by plaintiff is hereby released to plaintiff or his counsel.

The clerk is directed to release the deposit to plaintiff or his counsel.  The injunction [117] issued

June 8, 2022, is hereby vacated.  The Court denies as moot plaintiff's motion [75] for summary

judgment.  All other pending motions are denied as moot.  Civil case terminated.

**SO ORDERED.**               **ENTERED: September 16, 2022**

                                     **HON. JORGE ALONSO**
                                     **United States District Judge**